UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
HOWARD NORTON,

               Plaintiff,

  -against-

TOWN OF ISLIP, et al.,

               Defendant.
----------------------------------------------------------------X

MEMORANDUM & ORDER

04 CV 3079 (NGG) (WDW)

GARAUFIS, United States District Judge.

By Order dated October 28, 2005 ("10/28/05 Order"), Magistrate Judge William D. Wall denied plaintiff Howard Norton's ("Plaintiff" or "Norton") motion to disqualify counsel for defendant Town of Islip ("Town" or "Town of Islip") and the defendants sued in their individual capacities ("Individuals") (together "Defendants") from further representation in this action. (See 10/28/05 Order.) Plaintiff objects to this Order pursuant to Federal Rule of Civil Procedure ("Rule") 72(a), and asks this court to set aside and vacate Judge Wall's decision as clearly erroneous and contrary to law. I deny Plaintiff's objections and affirm Judge Wall's decision for the reasons set forth herein.

**I.    FACTUAL BACKGROUND**

This Memorandum and Order assumes familiarity with Judge Wall's opinion and the underlying case. This is the second matter arising from certain dealings between Plaintiff and the Town of Islip and various Town employees. In an earlier, related case, I issued a judgment for Plaintiff that the Town had denied his rights to procedural due process when it issued a revised Certificate of Occupancy ("CO") for his dwelling. Norton v. Town of Islip, 239 F. Supp. 2d 264

1

(E.D.N.Y. 2003) (hereinafter "Norton I"). After that ruling was issued, the Town declined Plaintiff's request to withdraw a criminal action against him based on his violation of that CO on the grounds that the Town was appealing the decision in Norton I.[1] A State Supreme court justice ultimately granted Norton's motion to dismiss the criminal complaint. Plaintiff's current action, against the Town and the individual defendants, both individually and in their various capacities as Town officials, alleges malicious prosecution and malicious abuse of process for maintaining the criminal action after the decision in Norton I.

In Norton I, the Town and various individuals in their official capacities were represented by the firm of Rosenberg, Calica & Birney, LLP ("RCB"). In this case, RCB has appeared as counsel for the Individuals while Assistant Town Attorney Erin Sidaras has appeared for the Town. The Town and the Individuals filed a single answer to the complaint and are pursuing a joint defense in the action. Plaintiff now moves to disqualify both RCB and the Town Attorney's Office, including Sidaras, from representing any defendant in this action. (Mem. L. Support Mot. Disqualify Def. Counsel ("Pl. Mem.") at 1.) Plaintiff argues that conflicts of interest ethically preclude these attorneys from representing the Defendants in this case. (Id. at 8-25.) I referred the nondispositive motion to Judge Wall for a decision. (Order dated Apr. 19, 2005.)

Judge Wall denied Plaintiff's motion, finding that RCB does not have current conflicts of interest and that any potential conflicts are so remote they do not warrant disqualification. (10/28/05 Order at 4.) Judge Wall further found that the Individuals have knowingly waived the

---

[1] That appeal was unsuccessful, and the Town's petition for certiorari to the United States Supreme Court was denied. See Norton v. Town of Islip, 2003 WL 22318570 (2d Cir. Oct. 9, 2003), cert. denied, 124 S. Ct. 2838 (2004).

potential conflicts that exist. (Id. at 4-5.) Finally, Judge Wall ruled that the Town Attorney's Office does not have to be disqualified simply because Town Attorney Messina is one of the individual defendants, and that there is no evidence that the litigation could not be fairly conducted if Sidaras continued to represent the Town. (Id. at 5-6.)

Plaintiff now moves for vacatur of Judge Wall's 10/29/05 Order as clearly erroneous and contrary to law pursuant to Rule 72(a).

## II. DISCUSSION

"Magistrate judges are given broad discretion to resolve nondispositive matters that come before them." Fireman's Fund Ins. Co. v. Cunningham Lindsey Claims Mgmt, Inc., 03 CV 0531, 2005 U.S. Dist. LEXIS 32116, at *3 (E.D.N.Y. June 28, 2005). However, if a party objects to an order by a magistrate judge in a non-dispositive pretrial matter pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, "[t]he district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a).

The Second Circuit generally takes a "restrained approach" to the disqualification of attorneys in civil cases, except "upon a finding that the presence of a particular counsel will taint the trial by affecting his or her presentation of a case." Bottaro v. Hatton Assocs., 680 F.2d 895, 896 (2d Cir. 1982) (internal citations omitted). Motions for disqualification require a delicate balancing of interests. The need to preserve the integrity of court proceedings must be balanced against judicial economy and a party's right to retain counsel of its own choosing. Hempstead Video Inc. v. Village of Valley Stream, 94 CV 3659, 2004 WL 62560, at *3 (E.D.N.Y. Jan. 23, 2004) (citing Gov't of India v. Cook Indus., Inc., 569 F.2d 737, 739 (2d Cir. 1978)). This

3

approach leaves any number of less serious allegations of ethical impropriety to the "federal and state comprehensive disciplinary machinery." Board of Educ. v. Nyquist, 590 F.2d 1241, 1246 (2d Cir. 1979).

The risk of trial taint is generally found in cases where an attorney represents adversaries either concurrently or successively. Hempstead Video, 2004 WL 62560, at *4. A motion for disqualification requires "the party seeking disqualification to satisfy a high standard of proof in order to succeed. Mere speculation will not suffice." Id.

In his objection, Norton contends that seven of Judge Wall's findings in his 10/28/05 Order are clearly erroneous and contrary to law.

A. Existence of actual conflicts

Plaintiff contends that Judge Wall found no actual or potential conflicts of interest to exist in the case. (See Pl. Mem. at 4-9.) While Judge Wall did find there are currently no actual conflicts,[2] he also ruled that all *potential* conflicts had been knowingly waived. (10/28/05 Order at 4.) Plaintiff's argument that potential conflicts exist is, therefore, not inconsistent with the Judge's opinion and does not need to be addressed here. (See Pl. Mem. at 7-8.)

Plaintiff moves to overturn the 10/28/05 Order on the grounds that there currently are actual conflicts and Judge Wall's findings to the contrary are clearly erroneous or contrary to law. Specifically, Plaintiff alleges that the Defendants' joint Answer asserts a conflicting defense between the Individuals and the Town of Islip[3] and that RCB's longstanding relationship with the

---

[2] "In this case, the court finds that no conflict currently exists." (10/28/05 Order at 4.)

[3] The joint Answer states in part:

Defendants affirmatively state that defendants Hoffmann, Sherman, Huml, Shea,

4

Town of Islip is in conflict with their ability to represent the Individuals.  (Id. at 4-5.)

Plaintiff argues that Judge Wall's decision is contrary to Canons 4, 5, and 9, presumably referring to the American Bar Association Code of Professional Responsibility.  Canon 4 states that "a lawyer should preserve the confidences and secrets of a client," and Canon 5 states that "a lawyer should exercise independent professional judgment on behalf of a client."  Model Code of Prof'l Responsibility Canon 4-5 (1980).  Canon 9 says "a lawyer should avoid even the appearance of professional impropriety."  Id. at Canon 9.  These canons, according to the Code, "are statements of axiomatic norms, expressing in general terms the standards of professional conduct expected of lawyers in their relationships with the public, with the legal system, and with the legal profession."  Id.

Judge Wall does not rule contrary to these canons.  Rather, Judge Wall (within his role as fact finder) found that the facts of the case do not suggest any actual conflict or appearance of impropriety at the current time.  Therefore, his ruling is not inconsistent with these canons.

Judge Wall's findings, furthermore, are not clearly erroneous.  For example, there is no evidence that the lawyers the Plaintiff seeks to disqualify are *not* preserving the confidence and secrets of a client.  The Plaintiff argues that, given the language of the Answer, it is impossible that the lawyers were exercising "independent professional judgment on behalf of a client."  Nonetheless, the Canon does not prescribe what techniques or approaches it considers independent professional judgment.  While the Plaintiff may disagree with the ruling on this

---

and Stabile, when they held such positions, were subject to the supervision and authority of higher ranking officials. (Answer ¶ 6.)
...
Defendant TOWN OF ISLIP is not liable for any acts or omissions that were/are not undertaken pursuant to Town policy.  (Answer ¶ 110.)

5

issue, the evidence of conflict is not strong enough to suggest that Judge Wall's decision is clearly erroneous. Furthermore, the law of this circuit generally does not permit the disqualification of any attorney for the appearance of impropriety alone. Nyquist, 590 F.2d at 1247 ("when there is no claim that the trial will be tainted, appearance of impropriety is simply too slender a reed on which to rest a disqualification order except in the rarest cases.")

Norton also cites to Dunton v. Suffolk County, 729 F.2d 903 (2d Cir. 1984), to establish that the 10/28/05 Order is clearly erroneous or contrary to established law.[4] In Dunton, the Second Circuit found that the representation by a county attorney of a police officer and the county created a conflict of interest and deprived the officer of a fair trial in a § 1983 action. Dunton, 709 F.2d at 907-08. In Judge Wall's order, he examines and distinguishes Dunton at length. (See 10/28/05 Order at 3-4.) In particular, Judge Wall emphasizes that the Second Circuit rested its findings in Dunton on an actual conflict that "surfaced when the County Attorney stated that [police officer] was not acting under color of state law." Dunton, 709 F.2d at 907. The court also noted that the police officer was uninformed about the possibility of conflicts and of a "good faith" legal defense. Id. at 907-08. Furthermore, Judge Wall's

---

[4] I note that Plaintiff also cites to cases in the S.D.N.Y. as "extensive precedent." (See Pl. Mot. at 6.) Persuasive authority, such as these Southern District cases, is not helpful in determining whether Judge Wall's order was clearly erroneous or contrary to law in the Eastern District of New York, where he is compelled only to follow binding law. Plaintiff, e.g., cites to Katz v. Morgenthau, 709 F. Supp. 1219 (S.D.N.Y. 1989), for the proposition that "if differing theories of liability are applicable to each defendant, a conflict of interest arises." Katz does not cite Second Circuit precedent for that particular proposition, despite Plaintiff's contention in his motion papers. Rather, Katz directs readers to "see also" a Second Circuit § 1983 appeal where the defendant city recognized a conflict of interest and offered co-defendant police officers three attorneys to choose from. In that case, Suffolk County Patrolment's Benevolent Assn., Inc. v. County of Suffolk, 751 F.2d 550, 551 (2d Cir. 1985), the Second Circuit only reached the question of whether the police officers should have been allowed an attorney of their choice.

6

interpretation of Dunton is compatible with Second Circuit precedent directing district courts to disqualify attorneys only when absolutely necessary.

The evidence presented by Plaintiff as to the existence of a conflict in this case is insufficient to suggest that Judge Wall's decision is clearly erroneous or contrary to law.

B.  Waivers

Norton next argues that Judge Wall is incorrect in "finding that the Individual's Declarations constitute valid waivers of any conflict arising from their representations by RCB, and accepting the absence of a valid Town waiver." (Pl. Mot. at 10.) I have already affirmed Judge Wall's finding that there is no actual conflict in this case. Where, as here, there is no actual conflict, civil parties generally may make an informed waiver of any potential conflicts. See, e.g., Dunton, 729 F.2d at 908.

Plaintiff argues that Judge Wall's finding is clearly erroneous because the Individual's waivers are "facially inadequate." (Pl. Mot. at 10.) Specifically, Plaintiff cites to the fact that the declarations state the Individuals do not "perceive" any conflict, the lack of description of potential conflicts in the waivers, and the fact that declarants show ignorance of their right to another lawyer paid by the city. (Id. at 10-11.) The 10/28/05 Order relies on the declarations of the Individuals, and on the representations of defense counsel to the court, to find that the Individual defendants made an informed and knowing waiver. (10/28/05 Order at 4.) This is not a clearly erroneous finding. In addition, I note that the declarations state that Individual defendants have had an opportunity to review Plaintiff's motion. (Def. Resp. at 22.) Therefore it is likely the Individuals are fully aware of Plaintiff's arguments.

Furthermore, Judge Wall's finding is not inconsistent with the law of this circuit.

Plaintiff cites to numerous Southern District and Western District cases, but only cites to one Second Circuit case: Dunton. (See Pl. Mot. at 10-13.) Dunton, however, does not reach the question of what constitutes a waiver, and therefore does not inform this analysis.

Norton also contends that Judge Wall's order is incorrect as the Town of Islip has not waived any potential conflicts. (Id. at 13-14.) Town attorney, Erin Sidaras, has represented to the court that the Town has waived any potential conflict caused by the successive representation of the town in Norton I and the individual defendants in Norton II. (Id. at 13.) Plaintiff cites to Oneida of Thames Band v. State of New York, 757 F.2d 19, 22 (2d Cir. 1985), in support of his position. There, the Second Circuit found that although the court did "not doubt [counsel's] statement concerning his explanation to his clients and their reaction, the other parties to the litigation are entitled to the assurance of an on-the-record consent sufficient to preclude any subsequent challenge to a judgment by either of [counsel's] clients because of his joint representation."

Oneida, however, is distinguishable from the facts at hand. The defendants in Oneida sought to disqualify counsel for intervenor, the Houdenosaunee, a confederation of Indian nations, from representing plaintiff Oneida of the Thames Band. Oneida, 757 F.2d at 21. Furthermore, plaintiff and intervenors in that action had articulated the possibility of conflicting theories. Id. at 21-22. Here, there are two different attorneys representing the Town of Islip and the Individual defendants in a joint defense. Although the Individuals' counsel, RCB, had previously worked for the Town of Islip, the Town is not currently represented by RCB. Furthermore, the plaintiffs in Oneida had articulated a concrete potential conflict of interest, where in this case, the defendants represent that, even after discovery, they are aware of no

8

possibility of conflicting interests.

As there is no case directly on point, it is of course possible that a different outcome could have been reached on this question. For example, Judge Wall or any other judge *could* have required the Town of Islip to somehow affirm in court that it waived the potential conflicts that could arise as a result of its prior attorney representing its current co-defendants. Nonetheless, Judge Wall's decision is not clearly erroneous or contrary to law. Oneida is sufficiently distinguishable and the Rule 72(a) standard of review is highly deferential.[5]

### C. Factual Findings by Judge Wall

In addition to challenging Judge Wall's rulings as to the law of disqualification, Norton also objects to many of Judge Wall's factual findings. (See Pl. Mot. at 14-25.) None of these factual findings exhibit clear error and most of them are not decisive of the questions at hand. The highly discretionary standard under Rule 72(a) is particularly applicable in this analysis, as Judge Wall presided over the hearing on this matter and was able to make credibility determinations where facts were at issue. Although Plaintiff clearly does not agree with Judge Wall's findings, the judge was the fact finder in this matter and his findings are the law of this case unless clearly erroneous or contrary to law.

1. *"Town has acknowledged that all the individual defendants were acting within their roles as town officials at all relevant times."* (10/28/05 Order at 4.)

Plaintiff appears concerned that Judge Wall's finding in this area will allow an "otherwise

---

[5] Plaintiff also cites to United States v. Zackman, 6 F.3d 911, 919 (2d Cir. 1993), a criminal appeal where the court notes the importance of attorneys consulting with clients before making decisions. This case does not suggest that the court's acceptance of Sidaras' representation is clear error.

9

improper multiple representation" to proceed. (See Pl. Mot. at 14.) However there is no multiple representation in this case, rather there is a successive representation with no inevitable conflict. Moreover, Judge Wall's finding, when taken in context, merely goes to show that, unlike the plaintiffs in Oneida, the defendants in this case have avowed, even after discovery, that they do not foresee the occurrence of a conflict among defendants. (See 10/28/05 Order at 4.) Judge Wall used this assurance as part of his analysis as to whether a *current* conflict exists, not as to whether the conflict has been waived. (See id.) As Plaintiff's objection is to the significance of Judge Wall's finding to a ruling on waiver, there is no reason to further explore this issue.

       2. *Messina "is not attempting to represent the town," and therefore should not be disqualified*. (See id. at 5.)

Plaintiff conflates two arguments in his "Point IV." (See Pl. Mot. at 16.) First, Judge Wall found that "Mr. Messina is not attempting to represent the Town." Messina has not filed a notice of appearance in this case, nor is there any evidence presented that he has worked on this case, authored briefs, or appeared in court as an attorney. Therefore, there is no merit to the suggestion that Judge Wall is clearly erroneous in finding that Messina is not representing a party in this lawsuit.

Plaintiff next objects to Judge Wall's finding that the entire Town Attorney's office need not be disqualified. While the Plaintiff clearly disagrees with the distinction that Judge Wall made between a law firm and what is, essentially, an attorney general's office at the town level, he offers no case law suggesting that a town's attorney's office must be considered a law firm for disqualification purposes. Finally, since Judge Wall's order in this matter, Messina no longer works as the Town Attorney of Islip. (Town of Islip Ltr. dated Jan. 5, 2006.) For all of these

reasons, Judge Wall's order is affirmed.

    3. *Plaintiff lacks standing.*

Plaintiff contends that Judge Wall's finding, that "plaintiff has no personal stake in the alleged conflict" (10/28/05 Order at 5), prevented the court from considering two cases on point from the Northern District of New York. (Pl. Mot. at 20-21.) Overlooking that Plaintiff misconstrued Judge Wall's words to be about standing, it was not clearly erroneous for the court to decline to consider two cases that are not binding on this court. Therefore, Judge Wall's finding regarding the Plaintiff's personal stake is irrelevant to the question I face; viz. whether the 10/28/05 Order is clearly erroneous or contrary to law.

    4. *Defense Counsel's Lack of Authorization to Represent the Town and Individuals*

Norton contends that the court did not give full consideration to the question of defense counsel's authorization to represent the defendants. (See Pl. Mot. at 21.) Judge Wall wrote, "the court has reviewed plaintiff's additional arguments in support of his claim, including the claim that Ms. Sidaras cannot be an Assistant Town Attorney because she does not reside within the Town of Islip, and finds them to be without merit." (10/28/05 Order at 6-7.) Plaintiff raises the issue of Sidaras' residency in the town of Islip and then contends that the town has not followed its own procedures in appointing RCB to represent the individual Defendants. I see no reason to review the conflicting accounts of Islip law. (Cf. Pl. Mot. 21-23 with Def. Resp. 23-24.) Whether or not Sidaras is permitted to be employed by the Town of Islip by Islip Town Code, the Plaintiff has not offered Second Circuit precedent, nor is this court aware of any, suggesting that she *cannot* be recognized as an attorney in federal litigation where she is, in fact, employed by

11

the Town of Islip and, most importantly, has entered a notice of appearance for the town. Likewise, there is no indication that the Second Circuit would overturn this case on the basis that the Town of Islip did not follow its own procedures for appointing RCB. See, e.g., Nyquist, 590 F.2d at 1246; Bottaro, 680 F.2d at 698.

As these issues do not rise to the level of clearly erroneous under Second Circuit law, there is no reason to look further into the question of whether the 10/28/05 Order is also correct in analyzing Islip Town Code.

### 5. *Disqualification Motion was Made for Improper Tactical Purposes*

Plaintiff takes umbrage at Judge Wall's finding that "plaintiff's primary motivation lies in the tactic of removing a firm with experience in the underlying facts of this case and replacing that firm with attorneys that would have to essentially start from scratch." (10/28/05 Order at 23-24.) I find only one place where Judge Wall uses this finding in his analysis. In a footnote, Judge Wall notes that his finding about Plaintiff's motivation leads him to find that Plaintiff has no stake in the disqualification issue. (10/28/05 Order at 5 fn.2.) As a result, the 10/28/05 Order distinguishes two Northern District New York cases on the grounds that, unlike the movants in those cases, the Plaintiff herein does not have a particular stake in the outcome. (See supra, at II(C)(3).) I have determined that the failure to consider two non-binding cases is irrelevant to the question before me, i.e. whether Judge Wall's order is clearly erroneous. Even if Judge Wall's factual finding in reference to Plaintiff's motivation is incorrect, there still would be no grounds to overturn the order because his analysis would still not be clearly erroneous or contrary to law. As there are no grounds upon which a further study of Plaintiff's motivation would change this ruling, I decline to consider whether Plaintiff's motives are proper or improper.

## III. CONCLUSION

For the reasons set forth above, Judge Wall's 10/28/05 Order is AFFIRMED and Plaintiff's motion to set aside and vacate that order is DENIED.

SO ORDERED.

Dated: August 23, 2006  \_\_/s/_____
      Brooklyn, N.Y.  Nicholas G. Garaufis
                                              United States District Judge