FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★ JUL 23 2007 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
HOWARD NORTON,

Plaintiff,

-against-

TOWN OF ISLIP, et al.,

Defendants.
--------------------------------------------------------------X

MEMORANDUM & ORDER

04 CV 3079 (NGG) (WDW)

GARAUFIS, United States District Judge.

By order dated October 28, 2005 ("10/28/05 Order"), Magistrate Judge William D. Wall denied Plaintiff Howard Norton's ("Plaintiff" or "Norton") motion to disqualify counsel for defendant Town of Islip ("Town" or "Town of Islip") and the defendants sued in their individual capacities ("Individuals") (together "Defendants") from further representation in this action. (See 10/28/05 Order.) Plaintiff objects to this Order pursuant to Federal Rule of Civil Procedure ("Rule") 72(a), and asks this court to set aside and vacate Judge Wall's decision as clearly erroneous and contrary to law.

By order dated August 23, 2006 ("10/26/06 M&O"), I denied Plaintiff's objections and affirmed Judge Wall's decision. Currently before the court is Plaintiff's motion for reconsideration. For the reasons that follow, Plaintiff's motion for reconsideration is DENIED in its entirety.

## I. BACKGROUND

This Memorandum and Order assumes familiarity with Judge Wall's opinion, my 10/26/06 M&O, and the underlying case. This is the second matter arising from certain dealings

between Plaintiff and the Town of Islip and various Town employees. In an earlier, related case, I granted Plaintiff's motion for summary judgment, finding that the Town had denied his rights to procedural due process when it issued a revised Certificate of Occupancy ("CO") for his dwelling. Norton v. Town of Islip, 239 F. Supp. 2d 264 (E.D.N.Y. 2003) (hereinafter "Norton I"). After that ruling was issued, the Town declined Plaintiff's request to withdraw a criminal action against him based on his violation of that CO on the grounds that the Town was appealing the decision in Norton I.[1] A State Supreme Court justice ultimately granted Norton's motion to dismiss the criminal complaint. Plaintiff's current action, against the Town and the individual defendants, both individually and in their various capacities as Town officials, alleges malicious prosecution and malicious abuse of process for maintaining the criminal action after the decision in Norton I.

In Norton I, the Town and various individuals in their official capacities were represented by the firm of Rosenberg, Calica & Birney, LLP ("RCB"). In this case, RCB has appeared as counsel for the Individuals while Assistant Town Attorney Erin Sidaras ("Sidaras") has appeared for the Town. The Town and the Individuals filed a single answer to the complaint and are pursuing a joint defense in the action. Plaintiff moved to disqualify both RCB and the Town Attorney's Office, including Sidaras, from representing any defendant in this action. (Mem. L. Support Mot. Disqualify Def. Counsel ("Pl. Disqualification Motion") at 1.) Plaintiff argued that conflicts of interest ethically preclude these attorneys from representing the Defendants in this

[1] That appeal was unsuccessful, and the Town's petition for certiorari to the United States Supreme Court was denied. See Norton v. Town of Islip, 77 Fed. Appx. 56 (2d Cir. Oct. 9, 2003), cert. denied, 124 S. Ct. 2838 (2004).

case. (Id. at 8-25.) I referred the nondispositive motion to Judge Wall for a decision. (Order dated Apr. 19, 2005.)

Judge Wall denied Plaintiff's motion, finding that RCB does not have current conflicts of interest and that any potential conflicts are so remote they do not warrant disqualification. (10/28/05 Order at 4.) Judge Wall further found that the Individuals have knowingly waived the potential conflicts that exist. (Id. at 4-5.) Finally, Judge Wall ruled that the Town Attorney's Office does not have to be disqualified simply because Town Attorney Messina is one of the individual defendants, and that there is no evidence that the litigation could not be fairly conducted if Sidaras continued to represent the Town. (Id. at 5-6.)

On November 14, 2005, Plaintiff objected to Judge Wall's 10/29/05 Order as clearly erroneous and contrary to law pursuant to Rule 72(a), and I overruled the objection on August 23, 2006 ("8/23/06 M&O"). (Docket Entry #74.) Plaintiff now moves for reconsideration. (Docket Entry #76.)

## II. DISCUSSION

Petitioner brings this motion under Rule 60(b)(1), allowing relief from a final judgment where the judgment was the result of "mistake, inadvertence, surprise or excusable neglect," and Rule 60(b)(6), which permits reconsideration for "any other reason justifying relief from the operation of the judgment." See Rule 60(b)(1), (6). A motion under Rule 60(b) "cannot serve as an attempt to relitigate the merits" of a prior decision. Fleming v. New York Univ., 865 F.2d 478, 484 (2d Cir. 1989). Motions for reconsideration of a final judgment are "generally not favored," and are "properly granted only upon a showing of exceptional circumstances." Pichardo v. Ashcroft, 374 F.3d 46, 55 (2d Cir. 2004) (quoting United States v. International Bhd.

of Teamsters, 247 F.3d 370, 391 (2d Cir. 2001)). The burden of proof is on the party seeking relief from the judgment. Id.

Furthermore, under Local Civil Rule 6.3, a party may move for reconsideration of a motion by "setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked." However, "[t]he standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked--matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). "The applicable standard is strict in order to dissuade repetitive arguments on issues that have already been considered fully by the court." Lykes Pasco v. Ahava Dairy Prods. Corp., No. 97-CV-0652, 1998 WL 427570, at *3 (E.D.N.Y. Jan. 26, 1998) (Glasser, J.) (internal quotations omitted).

In his motion for reconsideration ("Pl. Brief"), Norton contends that five of my previous findings in my 8/23/06 Order overlook relevant authority and misapprehend the factual record. I address each argument in turn.

### A. Town of Islip's Waiver of Confidences/Consent to Conflicts of Interest

Plaintiff first argues that the court's "8/23 Order overlooks doctrines and misapprehends facts regarding the Town of Islip's failure to consent to Defense Counsel's actual and potential conflicts of interest or to waive confidences disclosed during the Town's prior or current representation by RCB." (Pl. Brief at 3.) Specifically, Plaintiff states that I failed to consider that the Town Board, the authorized principal of the Town, did not consider or consent to any conflicts of interest and did not waive any confidences shared with RCB during RCB's prior or

current representation of the town. (Id.)

Plaintiff argues that I overlooked the "hornbook proposition[] that only a principal may consent to an attorney's actual or potential conflicts of interest or waive confidences and that, to be effective, the principal's waiver must be on the record before the court." (Id. at 4 (citing Oneida of Thames Band v. State of N.Y., 757 F.2d 19 (2d Cir. 1985)), Dunton v. Suffolk County, 729 F.2d 903, 908 (2d Cir. 1984), and Int'l Electr. Corp. v. Flanzer, 527 F.2d 1288, 1296 (2d Cir. 1975)).) Defendants are correct, however, that these three cases cited by Plaintiff do not concern municipalities. (Defendants' Joint Memorandum of Law in Opposition to Plaintiff's Motion for Reconsideration of Order Affirming Magistrate Judge Wall's Denial of plaintiff's Motion to Disqualify Defendants' Counsel ("Defs. Reply to Pl. Brief") at 4 n.2.) Furthermore, as the Second Circuit wrote in Oneida, "the other parties to the litigation are entitled to the assurance of an on-the-record consent sufficient to preclude any subsequent challenge to a judgment . . . because of [a] joint representation. 757 F.2d at 22. In this case, there have been sufficient on-the-record assurances by the Assistant Town Attorney, who is specifically tasked to speak on the Town's behalf. With regard to the Town Board's actual waiver, Plaintiff has not cited to any authority that would lead me to conclude that the Town Board must waive a potential conflict of interest that Plaintiff himself has not identified.[2] Moreover, the Town Board annually authorizes the appointment of outside counsel (Sidaras Declaration, Ex. B. at 33), and Plaintiff has simply not shown that the Town Board must individually issue a resolution waiving potential conflicts of interest in each of its innumerable cases. I find Plaintiff's arguments on this point to be

---

[2] Judge Wall found that "no conflict [of interest] currently exists" and that all potential conflicts had been knowingly waived. (10/28/05 Order at 4.)

repetitive and further find that Plaintiff has failed to point to controlling decisions or facts that the court previously overlooked.

## B. Disqualification of Assistant Town Attorney

Plaintiff also argues that Assistant Town Attorney Erin Sidaras cannot appear as the attorney for the Town in this lawsuit because conflicts of interest are imputed to her based on her employment at the Town Attorney's Office. Plaintiff argues that my previous M&O "overlooks doctrines and misapprehends facts relating to the Town of Islip Town Attorney's representation of the Town herein." (Pl. Brief at 6.) Specifically, Plaintiff states that "the Town Attorney of the Town of Islip represents the Town in this action, even though he does so through his agent, Ms. Sidaras. . . . Equally clear is the proposition that the Town Attorney's Office is, under ethical principles, the equivalent of a law firm, such that it must be disqualified by imputation of conflicts of interest." (Id.)

First, Plaintiff argues that "an attorney who is a party and a likely witness in an action may not represent any other party in that action, because of the conflict created by the attorney's personal interest as a party." (Pl. Brief at 6 (citing Bottaro v. Hatton Associates, 680 F.2d 895, 897-98 (2d Cir. 1980).) Bottaro, however, does not apply to this situation at all. In the first place, there is no evidence in the record that Sidaras participated in Norton I. Second, I reject Plaintiff's contention that Sidaras is under the direct control of Defendant Hoffman or Defendant Messina in this particular action and that a conflict arises therefrom. First, Defendant Messina is no longer Town Attorney, and there can be no argument that Sidaras is under Messina's control. Knowing that, Plaintiff resorts to arguing that Defendant Hoffman, as Deputy Town Attorney, "represents the Town on the same bases as the Town Attorney, as 'the deputy head of the

department who shall act generally for and in the place of the Town Attorney.'" (Pl. Brief at 7 (citing Islip Town Code §§ 50-2(B).) However, Plaintiff has put forth no facts whatsoever that Defendant Hoffman, as the purported *de facto* Town Attorney, has played any role in this instant lawsuit as the attorney for the Town. Furthermore, as Defendants point out, it is possible, under the Islip Town Code, for Assistant Town Attorneys to appear and not be subject to the direct control of the Town Attorney. See Islip Town Code § 50-4(D) ("[T]he Town Attorney may delegate any of his powers to or direct any of his duties to be performed to any Assistant Town Attorney."). Town Code § 50-3 provides in pertinent part:

> C. The Town Attorney shall have powers as shall be necessary for the proper administration of the Department, consistent with applicable provisions of law, and at his sole discretion and judgment he may amend or modify the allocation of responsibilities of his Department.

Defendant Messina is no longer the Town Attorney, and Plaintiff has failed to establish that Sidaras was under the specific control of either Defendants Hoffman or Messina in such a way that would call for her disqualification.

Second, Plaintiff argues that "there is no basis upon which to distinguish Town Attorneys' offices from other municipal attorneys' offices, which have routinely been treated as law firms for ethical purposes." (Pl. Brief at 7.) These arguments have been specifically raised by Plaintiff prior to my 8/23/06 M&O and specifically rejected. As I wrote:

> While the Plaintiff clearly disagrees with the distinction that Judge Wall made between a law firm and what is, essentially, an attorney general's office at the town level, he offers no case law suggesting that a town's attorney's office must be considered a law firm for disqualification purposes. Finally, since Judge Wall's order in this matter, Messina no longer works as the Town Attorney of Islip.

Id. at 10 (citations omitted). In furtherance of his reconsideration motion, Plaintiff cites a

number of cases, only one of which is a Court of Appeals case: Dunton v. Suffolk County, 729 F.2d 903, 908 (2d Cir. 1984), a case in which the Court upheld the disqualification of the Suffolk County Attorney's Office from handling a case. Dunton is inapposite, however, since it concerned the disqualification of the county attorney's office from representing an individual who had a conflict of interest with the municipality itself. It was simply a different situation from the case at bar. Not only is reliance on Dunton misplaced, but Judge Wall and I both previously specifically distinguished it from the instant case. (8/26/06 M&O at 6; 10/28/06 M&O at 3-4.)

Accordingly, Plaintiff fails to cite to any controlling authority or fact that would be the basis for overruling my previous 8/23/06 M&O or Judge Wall's previous ruling.

I similarly find Plaintiff's residency arguments about Assistant Town Attorney Erin Sidaras to be unavailing. He has cited no controlling authority that stands for the proposition that an Assistant Town Attorney, including one who lives outside of the town that she serves, cannot appear on behalf of that town in defense of a federal action. The only case that Plaintiff has cited, Meredith v. The Ionian Trader, 279 F.2d 471 (2d Cir. 1960), stands for the proposition that an insurance company cannot sue on behalf of and in the name of its insured without authority to do so from the insured. As I wrote in my 8/23/06 M&O:

> Whether or not Sidaras is permitted to be employed by the Town of Islip by Islip Town Code, the Plaintiff has not offered Second Circuit precedent, nor is this court aware of any, suggesting that she *cannot* be recognized as an attorney in federal litigation where she is, in fact, employed by the Town of Islip and, most importantly, has entered a notice of appearance for the town. Likewise, there is no indication that the Second Circuit would overturn this case on the basis that the Town of Islip did not follow its own procedures for appointing RCB. See, e.g., Nyquist, 590 F.2d at 1246; Bottaro, 680 F.2d at 698.

(8/23/06 M&O at 11-12.) Indeed, on this issue as well, Plaintiff has failed to bring to the court's attention any controlling authority or data that I overlooked in my 8/23/06 M&O.

**C. RCB's Conflict of Interest**

Plaintiff further argues that my 8/23/06 M&O overlooked "the controlling doctrine articulated in Dunton, which finds a conflict of interest, warranting disqualification, in the simple *availability* of conflicting defenses within a multiple representation." (Pl. Brief at 8.) Plaintiff states that RCB created conflicts of interest by advancing certain defenses on behalf of the Town that to the detriment of the Individuals. (Id.) Specifically, Plaintiff maintains that the "conflicts of interest arising from the Joint Answer's sixth paragraph and Fifth Affirmative Defense (a) allow the Town to develop and advance arguments during and after discovery that may protect the Town at the expense of RCB's Individual clients and (b) allow RCB to develop and advance arguments that may, during and after discovery, insulate the supervised employees at the expense of their supervisors." (Id.) Despite Plaintiff's reliance on Dunton, the Second Circuit has been clear that "in Dunton . . . this Court declined to create a per se rule requiring disqualification whenever a municipality and its employees are jointly represented in a Section 1983 case. Rather a case-by-case determination is required." Patterson v. Balsamico, 440 F.2d 104, 114 (2d Cir. 2006) (citations omitted). That case-specific determination was done in the instant case. As I wrote in my 8/23/06 M&O:

> Plaintiff contends that Judge Wall found no actual or potential conflicts of interest to exist in the case. While Judge Wall did find that there are currently no actual conflicts, he also ruled that all *potential* conflicts had been knowingly waived. Plaintiff's argument that potential conflicts exist is, therefore, not inconsistent with the Judge's opinion and does not need to be addressed here.

(8/26/06 M&O at 4.) Plaintiff has already litigated the assertions regarding potential conflicts of interest, which have now been twice rejected. I see no basis to overturn my previous ruling on this subject.

### D. Individual Defendants' Consent to Conflicts of Interest

Plaintiff further argues that the court's 8/23/06 M&O "overlooks controlling doctrine specifying what constitutes a knowing and intelligent waiver of conflicts." (Pl. Brief at 10.) As he argues, "[t]he Second Circuit and courts within the Circuit have consistently required evidence on the record that a party understands, and can describe, the conflicts in an attorney's representation to which the party is consenting." (Id.) However, Plaintiff is wrong to claim that Dunton requires the court to follow certain procedures in obtaining waivers for conflicts. In Dunton, the Court of Appeals found that the district court erred in allowing a police officer to waive a conflict of interest by signing a letter that did not sufficiently spell out that conflict. Specifically, the letter did not make reference to the "most serious conflict" arising from the county attorney's office's argument that the officer was acting outside the scope of his employment, a position that was adverse to the officer's interest. 729 F.2d at 909. But Dunton did not address specific procedures by which a court must obtain such waivers. Rather, the Court simply found that there was no evidence that the police officer knowingly waived objections to multiple representation when he signed the letter. Plaintiff has not identified any specific risk that any potential conflict of interest presents. As a result, in no way do Plaintiff's arguments suggest the reason for the Dunton Court's determination that the waivers there were invalid – the clients had not been advised about a specific argument concerning an actual conflict – is present

here in this case.[3]

I similarly find Plaintiff's reliance on Oneida of Thames Band v. State of New York, 757 F.2d 19, 22 (2d Cir. 1985), to be unavailing. That case involved concurrent representation of two parties who had a conflicting claim to five million acres of land in upstate New York. The Court of Appeals found that the district court should have required on-the-record consent "in open court from those authorized to speak on behalf of [each client] that each client understands the potentially adverse nature of the claims and nonetheless prefers to be jointly represented by" the attorney. Id. at 22. However, the Court of Appeals did not confront the issue of whether declarations or affidavits from the clients, as is the case here, are insufficient.

Furthermore, as I previously noted in my 8/23/06 M&O and as Plaintiff recognizes, "the 10/28/05 Order relies on the declarations of the Individuals, and on the representations of defense counsel to the court, to find that the Individual defendants made an informed and knowing waiver. This is not a clearly erroneous finding. In addition, I note that the declarations state that Individual defendants have had an opportunity to review Plaintiff's motion. Therefore it is likely the Individuals are fully aware of Plaintiff's arguments." (8/23/06 M&O (citations omitted)); see also Kountitz v. Slaaten, 901 F. Supp 650, 659 (S.D.N.Y. 1995) (permitting an affidavit signed by each individual defendant attesting to knowledge of the conflict inherent in joint representation); Weintraub v. Board of Educ., 00-CV-4384, 2001 WL 984933 *2 (E.D.N.Y. July 17, 2001) (Dunton did not require disqualification of Corporation Counsel from representing

[3] Plaintiff, at one point, does argue that there is a potential conflict of interest because of "conflicting theories created in the Joint Answer at the Fifth Affirmative Defense and the sixth paragraph." (Pl. Brief at 11.) That affirmative defenses or other theories put forth by Defendants in their Joint Answer might work to the detriment of the Individual Defendants, such as the case might be with the fifth affirmative defense, in no way suggests an actual or even potential conflict as the Town and Individuals have separate attorneys.

both municipal and individual defendants if the attorney's client is fully aware of the nature of the conflict and understands the potential threat to the protection of his interests).

Plaintiff's arguments do not present any new controlling facts or authority to upset my previous ruling on this point, and I decline to do so.

**E. RCB's Violation of Disciplinary Rules**

Finally, Plaintiff argues that RCB must be disqualified from representing the Individuals because three RCB attorneys – Robert Calica, Edward Ross, and Judah Serfaty – "are current and past public officers as attorneys for the Town of Islip, most notably for their representation of the Town in Norton I." (Pl. Mem. at 14-15 (footnote omitted).) Plaintiff argues that such representation is a violation of ABA Model Code's Disciplinary Rule ("DR") 9-101(B), a rule he asserts is enforced by the Second Circuit. He finally states that these three attorneys were not screened off from the representation of the Individuals in this case. In Norton I, RCB represented the Town and its officials. Here, RCB represents just the officials. Plaintiff has cited no controlling authority whatsoever for the proposition that a private law firm, such as RCB, is a public employee by virtue of its representation of a municipality or that, as a result, DR 9-101(B) would apply in any meaningful way in this case. This is not a basis upon which to disqualify RCB.

## III. CONCLUSION

For the reasons set forth above, Plaintiff's motion for reconsideration is DENIED in its entirety.

SO ORDERED.

Dated: July 20, 2007
Brooklyn, N.Y.

/signed/

NICHOLAS G. GARAUFIS
United States District Judge