D/F

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ OCT 0 9 2009 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

HOWARD NORTON,

ORDER

04-CV-3079 (NGG)

Plaintiff,

-against-

TOWN OF ISLIP, et al.,

Defendants.
-----------------------------------------------------------X

NICHOLAS G. GARAUFIS, United States District Judge.

In a Memorandum & Order dated March 27, 2009 (Docket Entry #104), the court ruled on Defendants' motions for summary judgment. On April 9, 2009, Defendants filed a notice of appeal. (Docket Entry #106.) The next day, Plaintiff filed a Motion for Reconsideration and Reargument (Docket Entry #107), which is currently before the court. Despite the filing of the notice of appeal, the court retains jurisdiction to rule on this pending Motion. See Gaudagni v. New York City Transit Authority, No. 08-CV-3163 (CPS), 2009 WL 750224, at *2, n.3 (E.D.N.Y. Mar. 19, 2009).

Pursuant to Local Rule 6.3, a motion for reconsideration will generally be denied unless the moving part can establish: "(1) that the court overlooked controlling decisions or data; (2) that there has been a change in decisions or data; (2) that there has been a change in controlling law; (3) that new evidence has become available; or (4) that reconsideration is necessary to correct a clear error or prevent manifest injustice." Hughes v. McWilliams, No. 04-CV-7030 (KMW), 2009 WL 2971757, at *1 (S.D.N.Y. Sept. 16, 2009) (citing Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)). Courts narrowly construe and strictly apply the Rule in

order to avoid "repetitive arguments on issues that have already been considered fully by the court." Caleb & Co. v. E.I. Du Pont De Nemours & Co., 624 F. Supp. 747, 748 (S.D.N.Y. 1985).

Having reviewed Plaintiff's Motion and supporting papers, the court finds that the demanding standard for reconsideration has not been met. Although Plaintiff claims that the court overlooked several material factual matters, each one was fully considered by the court in deciding Defendants' motions for summary judgment. Moreover, Plaintiff has not established clear error or manifest injustice.

Plaintiff's Motion is DENIED.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
October 7, 2009

NICHOLAS G. GARAUFIS
United States District Judge