FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 0 2 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
HOWARD NORTON,

    Plaintiff/Counter-Defendant,

 -against-

TOWN OF ISLIP, COUNTY OF SUFFOLK, VINCENT J. MESSINA, JR., *individually and in his official capacity as Town Attorney for the Town of Islip*, RICHARD HOFFMAN, *individually and in his official capacity as Deputy Town Attorney for the Town of Islip*, RICHARD C. SHERMAN, *individually and in his official capacity as a Town of Islip Assistant Town Attorney*, JOANNE HUML, *individually and in her official capacity as a Town of Islip Assistant Town Attorney and Director of the Division of Law Enforcement of the Town of Islip Office of the Town Attorney*, J. TIMOTHY SHEA, JR., *individually and in his official capacity as a Town of Islip Assistant Town Attorney and Director of the Division of Law Enforcement of the Town Of Islip Office of the Town Attorney*, RONALD P. STABILE, JR., *individually and in his official capacity as Investigator for the Town of Islip Office of the Town Attorney*, and CARL MALTESE, *individually and in his official capacity as Division Director of the Division of Building of the Town of Islip Department of Planning and Development, and as Town of Islip Director of Building and Housing*,

    Defendants/Counter-Plaintiffs.

------------------------------------------------------------------X

**MEMORANDUM & ORDER**

04-CV-3079 (NGG) (WDW)

NICHOLAS G. GARAUFIS, United States District Judge.

 Plaintiff Howard Norton ("Norton") brings this Complaint against the Town of Islip, New York ("Islip"), the County of Suffolk, New York ("Suffolk County"), and various former Islip officials (collectively, "Defendants") regarding Islip's "non-conforming use" property laws and Suffolk County's criminal prosecution of Norton for violating those laws. (Am. Compl. (Docket Entry # 5) ¶ 2.) Islip and Defendants Vincent J. Messina, Jr. ("Messina"), Richard

1

Hoffman ("Hoffman"), Richard C. Sherman ("Sherman"), Joanne Huml ("Huml"), J. Timothy Shea, Jr. ("Shea"), Ronald P. Stabile, Jr. ("Stabile"), and Carl Maltese ("Maltese") (collectively, the "Individual Defendants"; with Islip, the "Islip Defendants") now move for summary judgment. (Islip Defs.' Mot. (Docket Entry # 128).) Suffolk County also now moves for summary judgment. (Suffolk's Mot. (Docket Entry # 131).) For the reasons set forth below, the Islip Defendants' motion is granted in part and denied in part, while Suffolk County's motion is denied.

## I. LEGAL STANDARD

On a motion for summary judgment, the court may consider "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Id. 56(a). A fact is material if its existence or non-existence "might affect the outcome of the suit under the governing law," and an issue of fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the [non-moving] party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In determining whether a genuine issue of material fact exists, "the court must draw all reasonable inferences in favor of the nonmoving party." Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 149 (2000).

## II. BACKGROUND

The facts giving rise to this case are described in Norton v. Town of Islip, 378 F. App'x 85, 86-88 (2d Cir. 2010), and the court incorporates them here.

On August 31, 2004, Norton filed his Amended Complaint against Defendants, asserting six causes of action: one claim each for malicious prosecution under 42 U.S.C. § 1983 and New York common law; one claim each for abuse of process under 42 U.S.C. § 1983 and New York common law; a claim for attorneys' fees under 42 U.S.C. § 1988; and a claim for a declaratory judgment that Defendants violated his federal and state constitutional rights. (Am. Compl. ¶¶ 126-174.) On April 3, 2008, Defendants filed motions for summary judgment arguing, inter alia, that they were immune from suit under a variety of theories. (Docket Entry ## 95, 96, 101-5.)

On March 27, 2009, the court granted in part and denied in part the Islip Defendants' motion and denied Suffolk County's motion. (Mem. & Order (Docket Entry # 104).) First, the court concluded that all of Norton's abuse of process claims were time-barred and barred by res judicata based on Norton v. Town of Islip, 239 F. Supp. 2d 264 (E.D.N.Y. 2003). (Id. at 18, 19.) Second, the court concluded that Sherman, Shea, Messina, and Hoffman were entitled to absolute immunity, while Huml was entitled to qualified immunity, from Norton's § 1983 malicious prosecution claims. (Id. at 25, 29, 30, 33.) Third, the court dismissed Norton's state and federal malicious prosecution claims against Maltese entirely. (Id. at 34.) Fourth, the court concluded that Stabile was not entitled to immunity from Norton's state or federal malicious prosecution claims. (Id. at 36.) Fifth, the court denied both Suffolk County's and Islip's motions for summary judgment on Norton's § 1983 claims under Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91 (1978). (Id. at 48, 49.) And sixth, the court denied Defendants' motions for summary judgment regarding Norton's declaratory judgment claim. (Id. at 50.)

The Islip Defendants then filed an interlocutory appeal to the United States Court of Appeals for the Second Circuit. (Docket Entry # 106.) On May 25, 2010, the Second Circuit

3

reversed this court's decision in part, concluding that all of the Individual Defendants were entitled to qualified immunity from Norton's § 1983 claims. Norton, 378 F. App'x at 89. The Second Circuit remanded for a determination as to whether the Individual Defendants were entitled to immunity from Norton's state-law claims, and expressed no view on Norton's Monell claims against Suffolk County and Islip. Id. at 89-90.

After the Second Circuit's decision, Norton's state and federal abuse of process claims are barred, all of the Individual Defendants are entitled to at least qualified immunity from Norton's federal malicious prosecution claim, and the state and federal malicious prosecution claims against Maltese remain dismissed. The only claims in play, therefore, are Norton's state-law malicious prosecution claims against the Individual Defendants (except Maltese), Norton's Monell claims against Suffolk County and Islip, and Norton's declaratory judgment claims against all Defendants. Defendants now move for summary judgment. (Islip Defs.' Mot.; Suffolk's Mot.)

## III. DISCUSSION

### A. Individual Defendants' State-Law Immunity from Malicious Prosecution Claims

#### 1. Prosecutorial and Investigative Immunity

While federal law governs whether a government official is entitled to immunity from federal claims, state law governs whether the same official is entitled to immunity from state-law claims. See Jones v. Parmley, 465 F.3d 46, 63-64 (2d Cir. 2006). In New York, state officials are entitled to absolute immunity "when the action involves the conscious exercise of discretion of a judicial or quasi-judicial nature." Arteaga v. State of New York, 72 N.Y.2d 212, 216 (1988). Determining whether a defendant is a judicial or quasi-judicial officer "requires an

4

analysis of the functions and duties of the particular governmental official or employee whose conduct is in issue." Id.

> The question depends not so much on the importance of the actor's position or its title as on the scope of the delegated discretion and whether the position entails making decisions of a judicial nature—i.e., decisions requiring the application of governing rules to particular facts, an exercise of reasoned judgment which could typically produce different acceptable results.

Id. (internal punctuation omitted).

New York has long construed the exercise of prosecution powers to be a judicial or quasi-judicial function. See, e.g., Schumer v. Holtzman, 60 N.Y.2d 46, 51 (1983); McGinley v. Hynes, 51 N.Y.2d 116, 124-26 (1980); B. T. Prods., Inc. v. Barr, 44 N.Y.2d 226, 235 (1978); Dondi v. Jones, 40 N.Y.2d 8, 13 (1976). The exercise of officials' investigative powers, however, is more properly characterized as an executive function. See Arteaga, 72 N.Y.2d at 225-26 (investigating parole violations an executive function); McGinley, 51 N.Y.2d at 126 (issuing subpoenas an executive function); B. T. Prods., Inc. v. Barr, 44 N.Y.2d at 235 (concluding that executive task force's extra-statutory application for a search warrant was executive, not judicial). Therefore, where the challenged activity is prosecutorial in nature, the officials exercising those powers are absolutely immune from state-law claims concerning that activity. Arteaga, 72 N.Y.2d at 216. Where the challenged activity is investigative in nature, the officials may nonetheless be qualifiedly immune from the plaintiff's state-law claims. Id.

Qualified immunity "shield[s] government [officials] except when there is bad faith or the action taken is without a reasonable basis" in law. Id. The purpose of qualified immunity in this context is to "protect state officials in choosing between difficult alternatives, provided that there is an objectively reasonable basis for their decision, whichever way they make it." Southerland v. City of New York, Nos. 07-4449-cv (L), 07-4450-cv (CON), 2011 WL 2279186, at *20 (2d Cir. June 10, 2011) (internal punctuation omitted). A plaintiff can prove that a

5

government official is not entitled to qualified immunity by showing that the official did not have a "reasonable basis" to believe he acted within his statutory authority, see Pietra v. State of New York, 71 N.Y.2d 792, 796 (1988), or if the official acted within his statutory authority but without a "reasonable basis" in fact to do so, see Alexander v. Eldred, 63 N.Y.2d 460, 466-67 (1984).

In its prior opinion, the court discussed at length the relationships between Norton's allegations and the prosecutorial or investigative function of the challenged state actions. (Mem. & Order at 25-33.) The Second Circuit did not disturb these conclusions, and the court finds no need to revisit them here. The court therefore relies on those conclusions in making its determinations regarding whether the allegations against the Individual Defendants implicate prosecutorial or investigative functions.

Consequently, Messina and Hoffman are entitled to absolute immunity under state law because Norton's allegations against them implicate prosecutorial rather than investigative functions. (See id. at 32-33.) Further, Norton's allegations against Huml, Sherman, and Stabile implicate investigative functions. (Id. at 25-26, 27-29); Norton, 378 F. App'x at 88. Because their investigative work had a "reasonable basis," (Mem. & Order at 25-26, 27-29) they are entitled to qualified immunity from Norton's state-law malicious prosecution claims.

2. Testifying Witness Immunity

Norton's malicious prosecution claim against Shea centers on a declaration sworn to by Shea to support the Suffolk County District Attorney's prosecution of Norton. (Am. Compl. ¶¶ 92-95.) At the time of the declaration, Shea was no longer employed by the Suffolk County District Attorney's office. (Id.) Because Shea was no longer a state official at the time of the challenged conduct, it is unclear whether he is entitled to either absolute or qualified *governmental* immunity from Norton's state-law malicious prosecution claim. Nonetheless,

6

New York law grants absolute immunity to witnesses who testify or submit sworn declarations in criminal proceedings "'irrespective of the motive' with which the statements are made." Sexter & Warmflash, P.C. v. Margrabe, 828 N.Y.S.2d 315, 323 (N.Y. App. Div., 1st Dep't 2007) (quoting Wiener v. Weintraub, 22 N.Y.2d 330, 331 (1968)) (alterations omitted). The immunity does not extend, however, to statements not "pertinent" to the litigation. Id. at 323-24 (quoting People ex rel. Bensky v. Warden of City Prison, 258 N.Y. 55, 59 (1932)). But pertinence need only be that level of relatedness sufficient for "the barest rationality, divorced from any palpable or pragmatic degree of probability." Id. at 324 (internal punctuation omitted). For the reasons already discussed in the court's prior opinion, Shea's declaration was indeed pertinent to Norton's prosecution. (See Mem. & Order at 29-30.) As such, and regardless as to whether Shea's declaration was true or false, or even whether Shea submitted the declaration with actual malice towards Norton, Shea is entitled to absolute immunity from Norton's state-law malicious prosecution claim.

### B. Monell Claims Against Suffolk County and Islip

#### 1. Claim Against Suffolk County

The court has also previously addressed the sufficiency of Norton's Monell claims at length. (Mem. & Order at 43-49.) Regarding Norton's Monell claim against Suffolk County, the court concluded that it was a "close question" that "indicates that an issue of fact may persist as to whether the challenged actions of the Town Attorney Defendants fell under the delegated or supervisory authority of the Suffolk DA's office." (Id. at 46, 47.) On its prior motion to dismiss, the court concluded that Suffolk County "failed to refute [Norton's] core allegations with either law or facts." (Id. at 48.)

Suffolk County now moves to dismiss Norton's Monell claim against it on the theory that its former employees did not engage in any underlying constitutional violation and, in any event,

7

acted in an objectively reasonable manner. (Suffolk Mem. (Docket Entry # 131-2) at 2-3.) Suffolk County further argues that it had no obligation to train its employees to avoid "[f]abricating evidence . . . encouraging others to make false statements, and continuing a prosecution with the knowledge that it is based upon manufactured or false evidence," (id. at 4) and that Norton's Complaint fails to link any alleged constitutional violation to Suffolk County's activities (id. at 4-5). These arguments are remarkably similar to those raised by Suffolk County in its previous motion for summary judgment (see Docket Entry # 102 at 6), which the court has already rejected (Mem. & Order at 47).

In any event, Suffolk County's current arguments demonstrate that it has only a tenuous grasp of the concept of Monell liability. First, the issue of "reasonableness" decided by the court goes toward whether the Individual Defendants are entitled to qualified immunity, not whether Suffolk County has committed a constitutional violation. See Amore v. Novarro, 624 F.3d 522, 535-536 (2d Cir. 2010) (stating that an employee's "objective reasonableness" for qualified immunity purposes does not preclude a Monell claim against the employer-municipality). There is no logical inconsistency with the court concluding the Individual Defendants acted "reasonably" and that Suffolk County's policies and procedures regarding its criminal prosecution of zoning violations are constitutionally violative.

Second, Suffolk cites Walker v. City of New York, 974 F.2d 293, 300 (2d Cir. 1992), for the proposition that it had to no duty to train its employees to avoid the alleged constitutional violations because the impermissibility of those activities would have been "obvious." (Suffolk Mem. at 4.) But Walker—indeed, the same page of Walker cited by Suffolk County—also sets forth the rule that "a history of [unconstitutional] conduct [by municipal employees] . . . may display deliberate indifference" of constitutional violations, and therefore constitute a "pattern or

8

practice" of constitutional violations subject to Monell liability. Walker, 974 F.2d at 300. This is precisely Norton's Monell allegation against Suffolk County: that its system of "'delegating to town attorney's offices the prosecution of petty offenses' and then systematically 'abdicating all responsibility' for the supervision and oversight of [Islip's] zoning prosecutions" constituted deliberate indifference to widespread unconstitutional practices. (See Mem. & Order at 44.) Like its previous motion for summary judgment, Suffolk County has again "failed to refute [Norton's Monell] allegations with either law or facts." (Id. at 48.)

Suffolk County also posits that Norton has failed to establish a link between the challenged policy and a violation of a constitutional right. (Suffolk Mem. at 4-5.) But this is a question of the sufficiency of Norton's Monell claim as pleaded in his Amended Complaint, which the court has already implicitly addressed in its previous opinion. (See Mem. & Order at 47-48.) Suffolk County has alleged no new facts—actually, no facts at all—to demonstrate that Norton's Monell claim is insufficient or should be resolved on summary judgment. Suffolk County's motion for summary judgment is, therefore, denied in all respects.

### 2. Claim Against Islip

Regarding Norton's Monell claim against Islip, Islip takes up the same arguments advanced by Suffolk County in its defense against Norton's Monell claims: that because the Individual Defendants have committed no underlying constitutional violation, it, too, cannot be held liable, and that because it had no duty to train the Individual Defendants to avoid "obvious" unconstitutional activities, its similarly cannot be responsible. (Islip's Mem. (Docket Entry # 130) at 1-2.) For the same reasons the court rejected Suffolk County's arguments on these points, the court rejects Islip's arguments here.

Puzzlingly, Islip also argues that it is immune from Norton's claims because the court has found its employees immune, citing Arteaga v. State of New York as controlling authority on

9

this point. (Id. at 2.) But Arteaga only addressed whether the *State* had *sovereign immunity* from certain tort allegations in *state* court, save for specific, statutory waivers to the contrary. See Arteaga, 72 N.Y.2d at 216. Arteaga does not address, at all, whether Towns, such as Islip, possess sovereign immunity; whether the prudential immunity of its former employees can be imputed to it; or whether such immunity, if Islip even possesses it in the first instance, applies in *federal* court. In any event, it is beyond dispute that "[u]nlike a state, a municipality is a person within the meaning of Section 1983 and, unlike individual defendants, a municipality may not assert qualified immunity based on its good faith belief that its actions or policies are constitutional." Vives v. City of New York, 524 F.3d 346, 350 (2d Cir. 2008) (citing Owen v. City of Independence, 445 U.S. 622, 650 (1980)). Islip's counsel's argument on this point demonstrates a disturbing lack of legal comprehension surrounding immunity and Monell liability. Islip is not entitled to immunity from Norton's Monell claim and Islip's motion on this point is denied.

### C. Declaratory Judgment Claim

Norton also seeks a declaratory judgment that Defendants violated his constitutional rights. (Am. Compl. ¶¶ 172-74.) As the court previously stated, it "is not convinced that each of Plaintiff's requests for declaratory relief 'show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment' within the confines of the Declaratory Judgment Act and Article III of the Constitution." (Mem. & Order at 50) (quoting Md. Cas. Co. v. Pac. Coal & Oil Co., 312 U.S. 270, 273 (1941)). The Islip Defendants' current arguments that Norton lacks standing to bring these claims (Islip's Mem. at 4-5; Docket Entry # 129 at 24-25), however, is "is too cursory to meet Defendants' burden for summary judgment," just as it was in their previous motion for summary judgment. (See Mem. & Order at 50.)

10

Nonetheless, the court notes that the because the Individual Defendants are either immune from suit, or have the claims against them dismissed entirely, Norton cannot seek retrospective relief, i.e., money damages, now from the Individual Defendants. Further, because none of the Individual Defendants are currently employed by Islip, it appears impossible that the Individual Defendants themselves would perform the same allegedly unconstitutional activities against Norton again. The court leaves open the request for a declaratory judgment and will consider it after the close of discovery. The court trusts that Magistrate Judge William D. Wall will cabin discovery appropriately.

## IV. CONCLUSION

Consistent with this opinion, the Islip Defendants' motion for summary judgment is GRANTED IN PART and DENIED IN PART. Suffolk County's motion for summary judgment is DENIED. The case should now proceed to discovery and the parties are directed to contact Magistrate Judge William D. Wall to set a schedule for discovery proceedings.

SO ORDERED.

                                                                              s/Nicholas G. Garaufis

Dated: Brooklyn, New York                                NICHOLAS G. GARAUFIS
       September ___, 2011                                 United States District Judge