FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.
★ MAY 0 9 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
HOWARD NORTON,

        Plaintiff/Counter-Defendant,

-against-

TOWN OF ISLIP, COUNTY OF SUFFOLK,
VINCENT J. MESSINA, JR., *individually and in his official capacity as Town Attorney for the Town of Islip*, RICHARD HOFFMAN, *individually and in his official capacity as Deputy Town Attorney for the Town of Islip*, RICHARD C. SHERMAN, *individually and in his official capacity as a Town of Islip Assistant Town Attorney*, JOANNE HUML, *individually and in her official capacity as a Town of Islip Assistant Town Attorney and Director of the Division of Law Enforcement of the Town of Islip Office of the Town Attorney*, J. TIMOTHY SHEA, JR., *individually and in his official capacity as a Town of Islip Assistant Town Attorney and Director of the Division of Law Enforcement of the Town Of Islip Office of the Town Attorney*, RONALD P. STABILE, JR., *individually and in his official capacity as Investigator for the Town of Islip Office of the Town Attorney*, CARL MALTESE, *individually and in his official capacity as Division Director of the Division of Building of the Town of Islip Department of Planning and Development, and as Town of Islip Director of Building and Housing*,

        Defendants/Counter-Plaintiffs.

**MEMORANDUM & ORDER**

04-CV-3079 (NGG) (WDW)

------------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

    On September 15, 2011, Defendants Town of Islip, Vincent J. Messina, Jr., Richard Hoffman, Richard C. Sherman, Joanne Huml, J. Timothy Shea, Jr., Ronald P. Stabile, Jr., and Carl Maltese ("Islip Defendants" or "Defendants") filed a motion for reconsideration of this court's September 1, 2011 Memorandum and Order. (Defs.' Mot. (Docket Entry # 144).) The Islip Defendants raise three grounds for reconsideration: (1) that "critical dicta" against the Islip

1

Defendants should be corrected; (2) that the court should prohibit Plaintiff's declaratory judgment claims from proceeding against the individually named Defendants; and (3) that the court "misapprehended" the Islip Defendants' arguments concerning probable cause. (Reconsideration Mem. (Docket Entry # 145).)

## I. MOTION FOR RECONSIDERATION STANDARD

Pursuant to Local Rule 6.3, a motion for reconsideration will generally be denied unless the moving party can establish: "(1) that the court overlooked controlling decisions or data [or] that there has been a change in decisions or data; (2) that there has been a change in controlling law; (3) that new evidence has become available; or (4) that reconsideration is necessary to correct a clear error or prevent manifest injustice." Hughes v. McWilliams, No. 04-CV-7030 (KMW), 2009 WL 2971757, at *1 (S.D.N.Y. Sept. 16, 2009) (citing Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)). Courts narrowly construe and strictly apply this rule in order to avoid "repetitive arguments on issues that have already been considered fully by the court." Caleb & Co. v. E.I. Du Pont De Nemours & Co., 624 F. Supp. 747, 748 (S.D.N.Y. 1985).

## II. CRITICAL DICTA

Defendants argue that the court's summary judgment order "misapprehended the Town's reasonable and good faith (indeed meritorious) citation to Arteaga v. State of New York, 72 N.Y.2d 212, 216-17, 532 N.Y.S.2d 57 (1988)." (Reconsideration Mem. at 2-3.) Defendants ask that this "critical *dicta* . . . be corrected. . . ." (Id. at 4.) Since Defendants are not seeking to "alter the conclusion by the court," its motion must be denied. Shrader, 70 F.3d at 257. See also RJE Corp. v. Northville Industries Corp., No. 02-CV-1440 (FB), 2002 WL 1750763 (E.D.N.Y. 2002) (holding that a motion for reconsideration must be denied when a party merely seeks to

alter a previous order's dicta).[1]

## III. DECLARATORY JUDGMENT

Having reviewed the Defendants' motion and the responsive submissions, the court finds that the demanding standard for reconsideration has not been met. Defendants' arguments largely rehash arguments previously made in its motion for summary judgment. The court fully considered and rejected these arguments in its denial of that motion.

Defendants argue that a declaratory judgment against the Individual Town Defendants is not warranted since they are no longer employed by the Town. (Reconsideration Mem. at 4. See also Reply Mem. (Docket Entry # 148) at 4.) This argument was made in Defendants' Summary Judgment Memorandum. (See Mem. (Docket Entry # 130) at 5 "None of the Individual Town Defendants are even still employed with the Town. Accordingly, any requested declaration against these individuals . . . would be improper and of no use." See also Mem. (Docket Entry # 129 at 27 "[I]t is manifest that plaintiff's declaratory judgment claims against the Individual Town Defendants, all of who are former Town employees or officials, must be dismissed.".) The only cases cited in Defendants' motion on this point (two district court cases outside of this Circuit) were the same cases cited in their motion for summary judgment. The court addressed the argument in its September 1, 2011 Memorandum and Order, and ordered discovery on the issue, noting that the Magistrate Judge would "cabin discovery appropriately." (Mem. and Order (Docket Entry # 143) at 11.) Since Defendants have failed to meet the standard outlined in Hughes and Shrader, the motion for reconsideration is denied.

---

[1] Defendants also assert that the Town of Islip is immune from plaintiff's state law claims. Any remaining state law claim against the Town of Islip for malicious prosecution is dismissed. "Whether absolute or qualified," governmental immunity applies "when official action involves the exercise of discretion or expert judgment in policy matters, and is not exclusively ministerial . . . ." Haddock v. City of New York, 75 N.Y.2d 478, 483 (1990).

3

## IV. PROBABLE CAUSE

As in Section III, the court finds that the demanding standard for reconsideration has not been met. Defendants seem to argue that the Monell claim against Islip must fail because the Circuit held that probable caused existed to prosecute Plaintiff. (See Reconsideration Mem. at 5.) The Circuit, however, found *arguable* probable cause in ruling on the issue of qualified immunity for the individual town defendants; there was no finding of actual probable cause for either the individual defendants or the Town defendant. The Circuit Court explicitly stated that "it would have been a mistake for the individual defendants to rely on those notations as a basis for probable cause." Norton v. Town of Islip, 378 Fed. App'x. 85, 89 (2d Cir. 2010). The Circuit went on to merely find that at the time, this reliance was a "reasonable mistake" which entitled the individual defendants to qualified immunity on the federal-law claim. Id. Furthermore, as this court mentioned in its Order denying summary judgment, "there is no logical inconsistency with the court concluding the Individual Defendants acted 'reasonably' and that [the municipality's] policies and procedures regarding its criminal prosecution of zoning violations are constitutionally violative." (Mem. and Order at 8.)

Defendants' citation to the Circuit's Order is unconvincing. The Circuit was clear that it was making no finding related to the Monell claim against the town; instead the Circuit remanded the cause to this court. Norton, 378 Fed. App'x, at 90 ("Accordingly, rather than risk a decision on an issue that is poorly briefed and that may exceed our jurisdiction, we remand the cause to the District Court. . . ."). This court specifically addressed Defendants' argument that qualified immunity for the individual defendants requires a finding of immunity for the Town. (See Mem. and Order at 9-10.) The court held that "Islip is not entitled to immunity from Norton's Monell claim" even where the individual defendants were entitled to immunity. (Id. at

4

10.) Defendants have failed to identify new or additional controlling decision or data that impact the court's analysis, and they have not identified any clear error or manifest injustice in the court's reasoning.

## V. CONCLUSION

For the foregoing reasons, the Islip Defendants' motion for reconsideration of the court's order denying summary judgment is DENIED. The stay of discovery is lifted and the parties are directed to contact Magistrate Judge William D. Wall to set a schedule for discovery proceedings.

SO ORDERED.

Dated: Brooklyn, New York
May 7, 2012

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge

5