UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
HOWARD NORTON,

                              Plaintiff,                   **ORDER**
                                                                      CV 04-3079 (PKC) (SIL)
     -against-

TOWN OF ISLIP, et al.,

                              Defendants.
-----------------------------------------------------------------X
**LOCKE, Magistrate Judge:**

       This case is one in a series of civil rights actions commenced by Plaintiff Howard Norton ("Norton") against the Town of Islip (the "Town") and various Town officials (collectively "Defendants") for alleged violations assessed by the Town Building Department against a property owned by Norton within the Town. Currently before the Court is Plaintiff's motion to compel Defendants to produce certain allegedly privileged documents. *See* Docket Entry ("DE") [210]. Plaintiff argues that to the extent the documents are privileged, any such privilege has been waived. Defendants oppose the motion. *See* DE [211]. Oral argument was heard on May 18, 2015, and the parties were granted permission to submit additional materials. Defendants submitted declarations from Town Building Director Kenneth Weeks ("Weeks Decl."), DE [219], and Defendant Ronald P. Stabile, Jr. ("Stabile Decl."), DE [219-1], and Plaintiff submitted a letter in reply. DE [218]. For the reasons set forth below, Plaintiff's motion is granted.

I. Attorney-Client and Work Product Privileges

       The documents, which have been provided for *in camera* review, are all one-page Memoranda (collectively the "Memos") from the Office of the Town Attorney, and the author for each is Assistant Town Attorney Hertha Trotto. Specifically, they are: (1) a Memorandum with handwritten notes to Assistant Town Attorney C. John DeSalvo dated March 27, 1990; (2) a

Memorandum to Rim Giedraitis, Commissioner, Building & Engineering dated June 13, 1990 (the "6/13/90 Memo"); and (3) a Memorandum with handwritten notes to Assistant Town Attorney (and former Defendant) Richard Hoffman dated August 21, 1990. These Memos were copied to individuals within the Town's Building, Zoning, and Housing Divisions, and the 6/13/90 Memo was also sent to Fire Prevention.

The Memos were the subject of a previous privilege ruling from Magistrate Judge Boyle in an earlier matter, *Norton v. Town of Islip,* CV 98-6745 ("*Norton I*"). In that case, Judge Boyle sustained the Town's invocation of attorney-client and/or work product privilege. *Norton I,* Order of 8/22/2000. Plaintiff moved for reargument and reconsideration, arguing that the work product privilege could be defeated upon a demonstration of the discovering party's substantial need for the documents. Judge Boyle rejected that argument, finding that Norton failed "to set forth facts that satisfy the statutory requirements for the release of work product material." *Norton I,* Order of 10/3/2000.[1] Plaintiff has offered no compelling reason to revisit that determination and this Court declines to do so.

Nevertheless, and for the sake of a complete record, the Court conducted its own review of the Memos and concludes that they are protected by both the attorney-client privilege and attorney work product doctrine. "The attorney-client privilege protects communications (1) between a client and his or her attorney (2) that are intended to be, and in fact were, kept confidential (3) for the purpose of obtaining or providing legal assistance." *Brennan Ctr. for Justice at New York Univ. Sch. of Law v. U.S. Dep't of Justice*, 697 F.3d 184, 207 (2d Cir. 2012) (citing *United States v.*

---

[1] Defendants note that Judge Garaufis affirmed Judge Boyle's rulings by Order dated June 6, 2001, but have not been able to locate a copy of that order to include with their opposition papers. The text of the Docket Entry indicates that an order of the magistrate was affirmed, *see Norton I,* DE [67], and Plaintiff has not challenged Defendants' assertion that this Order affirmed Judge Boyle's rulings on the Memos currently at issue here.

*Mejia*, 655 F.3d 126, 132 (2d Cir.2011)). The Memos, which are either addressed to or copied to Department Heads, discuss legal strategies and fall within the attorney-client privilege.

The work product doctrine provides that generally, parties are not entitled to obtain discovery of "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative." FED. R. CIV. P. 26(b)(3)(A). "The party invoking the work product privilege must also demonstrate that the document was prepared 'principally or exclusively to assist in anticipated or ongoing litigation.'" *McNamee v. Clemens*, No. 09 CV 1647, 2014 WL 6606661, at *3 (E.D.N.Y. Nov. 19, 2014), (quoting *Martin v. Valley Nat'l Bank of Arizona,* 140 F.R.D. 291, 304 (S.D.N.Y.1991)). The Memos clearly meet these criteria as they deal with ongoing litigation regarding Plaintiff's property.

Thus, the remaining issue is whether Defendants have since waived the privileges.

II. Waiver

Plaintiff makes two related waiver arguments: (1) that attorney-client privilege was waived because the Memos were accessible to more individuals than those who needed to know their contents; and (2) that the Memos were publicly available in any event. Specifically, the discoverability of the Memos is currently at issue because they appeared in a folder provided to Plaintiff's counsel for document inspection on August 30, 2013 at the Town Building Department's Records Division. According to Plaintiff's counsel, the folder was retrieved "from a file folder in an unlocked filing cabinet." Pl's Ltr. at 2, DE [210]. Additionally, Plaintiff notes that a copy of the 6/13/90 Memo also was kept in the files of the Town Tax Assessor's Office. As a result, the Memos have been accessible to a variety of Town employees and have been distributed to Town departments that did not need to know the privileged contents of these documents. Norton

3

further claims that members of the public have also had access to the Memos in the same manner as his counsel. Accordingly, Plaintiff argues, the Memos are discoverable. The Court agrees.

"It is well-settled that '[v]oluntary disclosure of privileged communications to a third party results in waiver of the attorney-client privilege.'" *Curto v. Med. World Commc'ns, Inc.*, 783 F. Supp. 2d 373, 378 (E.D.N.Y. 2011) (quoting *Local 851 of the Int'l Bhd. of Teamsters v. Kuehne & Nagel Air Freight, Inc.,* 36 F. Supp. 2d 127, 129 (E.D.N.Y. 1998)); *see also In re von Bulow*, 828 F.2d 94, 103 (2d Cir.1987) ("[m]atters actually disclosed in public lose their privileged status because they obviously are no longer confidential. The cat is let out of the bag, so to speak."); *Nat'l Day Laborer Org. Network v. U.S. Immigration & Customs Enf't Agency*, 811 F. Supp. 2d 713, 744 (S.D.N.Y. 2011) ("the attorney[-]client privilege can be waived if the document is published, or disclosed to private individuals" (internal quotation and citation omitted)), *amended on reconsideration* (S.D.N.Y. Aug. 8, 2011). "Under federal and New York State law, a party waives attorney-client privilege where 'he voluntarily undertakes actions that will predictably lead to the disclosure of the document.'" *Falise v. Am. Tobacco Co.*, 193 F.R.D. 73, 79 (E.D.N.Y. 2000) (quoting *Bowne of New York City, Inc. v. AmBase Corp.,* 150 F.R.D. 465, 479 (S.D.N.Y.1993)). As to work product, the test for whether waiver has occurred "is whether the disclosure at issue has 'substantially increased the opportunities for potential adversaries to obtain the information.'" *In re Vitamin C Antitrust Litig.*, No. MD 06-1738, 2011 WL 197583, at *2 (E.D.N.Y. Jan. 20, 2011) (quoting *In re Visa Check/MasterMoney Antitrust Litig.*, 190 F.R.D. 309, 314 (E.D.N.Y.2000) (internal quotation and citation omitted)).

Just as the party asserting privilege has the burden of establishing it, that party "also bears the burden of demonstrating that it has not been waived." *HSH Nordbank AG New York Branch v. Swerdlow*, 259 F.R.D. 64, 70 (S.D.N.Y. 2009); *see also Curto*, 783 F. Supp. 2d at 380 ("[t]he

party asserting the protection afforded by the work product doctrine has the burden of showing both that the protection exists and that it has not been waived" (internal quotation and citation omitted)). Accordingly, Defendants have the burden of proving that they have not waived the privileges attached to the Memos.

    A. Need to Know

Plaintiff primarily argues that Defendants waived attorney-client privilege by making the Memos accessible to employees within the Town who did not need access to the privileged information contained within the documents. Disclosure of attorney advice from one employee to another within the same corporation does not necessarily defeat the privilege, however. *See, e.g., Strougo v. BEA Assocs.,* 199 F.R.D. 515, 519-20 (S.D.N.Y. 2001) ("although dissemination of privileged information to third parties generally waives attorney-client privilege, the distribution within a corporation of legal advice received from its counsel does not, by itself, vitiate the privilege"). Whether the privilege is waived depends on whether the recipient had a "need to know the content of the [privileged] communication in order to perform her job effectively or to make informed decisions concerning, or affected by, the subject matter of the [privileged] communication." *Scholtisek v. Eldre Corp.,* 441 F. Supp. 2d 459, 464 (W.D.N.Y. 2006). The recipient's "need to know" is analyzed from two perspectives: "(1) the role in the corporation of the employee or agent who receives the communication; and (2) the nature of the communication, that is, whether it necessarily incorporates legal advice." *Verschoth v. Time Warner, Inc.,* No. 00CIV1339, 2001 WL 286763, at *2 (S.D.N.Y. Mar. 22, 2001). The *Verschoth* court offered the following example:

> [i]f an automobile manufacturer is attempting to remedy a design defect that has created legal liability, then the vice president for design is surely among those to whom confidential legal communications can be made. So, too, is the engineer who will actually redesign the defective part: he or she will

5

> necessarily have a dialogue with counsel so that the lawyers can understand the practical constraints and the engineer can comprehend the legal ones. By contrast, the autoworker on the assembly line has no need to be advised of the legal basis for a cha[n]ge in production even though it affects the worker's routine and thus is within his or her general area of responsibility. The worker, of course, must be told what new production procedure to implement, but has no need to know the legal background.

*Id.*

One of the underlying issues here pertains to changes made to the certificate of occupancy ("C/O") for the property. Norton argues that the privilege was waived because the Memos were made accessible to Town employees who did not need to know the privileged contents regarding those changes, *i.e.,* the autoworker in the *Verschoth* example. Defendants argue without elaboration that "Building Department or other property-related officials" have a need to know and thus may view privileged communications between the Town Attorney's Office and the Building Department without waiving the privilege, *i.e,* the engineer in the *Verschoth* example. *See* Defs' Ltr. at 3, DE [211].

Applying the standards above, Defendants have failed to carry their burden of establishing that the privileges have not been waived. All of the Memos were contained in the Building Department file and were apparently accessible by all Town employees within that department. *See* Weeks Decl. ¶ 5 (if non-Building Division Town personnel wish to review a document, unspecified "Building Division staff retrieve the document and provide a copy"). Defendants have presented *no* reason, however, why *all* or even most Building Department personnel have a need to know confidential legal communications in order to perform their jobs. As Defendants have failed to carry their burden, the Court finds that they have waived attorney-client privilege as to the Memos.

Moreover, Defendants have not addressed Plaintiff's observation that at least one of the Memos, the 6/13/1990 Memo, has appeared in the Tax Assessor's files despite this department not having been copied on the memo. At oral argument, defense counsel suggested that the Tax Assessor's office had an interest in "looking at the rights of the property." Tr. of 5/18/15, DE [217], at 28. It is unclear what, if any, interest the Tax Assessor would have in the decisions leading to how the C/O was issued, and no explanation has been offered. Not unlike the assembly line worker in *Verschoth,* the Tax Assessor does not need to know how the C/O was created in order to properly assess the property's tax liability. Thus, the presence of the 6/13/1990 Memo in the Tax Assessor's files further supports a finding of waiver.[2]

B. Public Access

Norton further argues that any privilege was waived because the Memos were maintained in publicly accessible files. In response, the Town has provides the Weeks Declaration, which sets forth the procedures by which a member of the public may gain access to the Building Department's microfiched files, and states that privileged documents are not microfiched. Weeks Decl. ¶¶ 3,6. This declaration, however, raises more questions than it answers.

As Plaintiff notes, Weeks provides no temporal parameters in his declaration and thus there is no indication how long the procedures he addresses have been in place. While the procedures relate to the department's <u>current</u> use of microfiche for its files, Weeks fails to state when the paper files were converted to microfiche, which is critical given that this case was commenced in 2004 and covers a time period before that. Further, his statement that members of the public are

---

[2]The parties dispute whether Defendant Stabile viewed the Memos and the level of access Stabile had to the Building Department files. In light of the Court's findings regarding the general accessibility of the Memos by Town employees, the Court need not determine the issue of whether Stabile specifically had either access to the Memos or a need to know the privileged contents contained therein.

permitted to view files maintained on microfiche leads to the inference that members of the public were permitted access to the paper files in days past.  The Memos were found in the paper files and Defendants have provided no evidence to counter the plain suggestion that the Memos resided in the paper files for some indeterminate time period for anyone in the public to see, if they asked for the file.  Further and conspicuously absent from Defendants' submissions is any argument, let alone supporting evidence such as log books, that the paper files at issue were never checked out by a member of the public.   Absent this type of evidence, Defendants have failed to meet their burden of establishing a lack of public access and the Court concludes that they have waived both work product and attorney-client privileges.  *See, e.g., Nat'l Day Laborer Org. Network,* 811 F. Supp. 2d at 744 (party asserting attorney-client privilege must represent that confidentiality has been maintained as to each document and if it is unable to do so, "that document must be released").

There is no evidence that Defendants took any affirmative steps to maintain the confidentiality of the Memos.  In fact, the only evidence is that the Memos were commingled with other documents in a publicly accessible file, were made accessible to Town employees who did not need to know the privileged contents to perform their jobs, and were distributed to at least one other department within the Town without explanation.  As Defendants have failed to carry their burden, the Court finds that they have waived any privilege as to the Memos.  Plaintiff's motion to compel is therefore granted, and the Memos shall be produced on or before September 25, 2015.

Dated: Central Islip, New York  **SO ORDERED:**
      September 18, 2015


  s/ Steven I. Locke
STEVEN I. LOCKE
United States Magistrate Judge