UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
HOWARD NORTON,

                Plaintiff,

       -against-

TOWN OF ISLIP, et al,

              Defendants.
----------------------------------------------------------------X

Docket No.: 04 CV 3079
(PKC) (SIL)


**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION**
**REGARDING THE SUFFICIENTCY OF TOWN DEFENDANTS' PRIVILEGE LOG**


LEEDS BROWN LAW, P.C.
*Attorneys for Plaintiff*
One Old Country Road, Suite 347
Carle Place, N.Y. 11514
(516) 873-9550

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ......................................................................................... ii

PRELIMINARY STATEMENT .....................................................................................1

ARGUMENT

    I.    LEGAL REQUIREMENTS OF A PRIVILEGE LOG..................................................1

    II.    RECENT DISCOVERY HAS BROUGHT TO LIGHT THE EXTENT OF THE
        DEFICIENCIES IN TOWN DEFENDANTS' PRIVILEGE LOG .............................2

    III.    AS TO THE TIME PERIOD COVERED, THE PRIVILEGE LOG IS
        DEFICIENT ....................................................................................................4

    IV.    DEFENDANTS' PRIVILEGE LOG DOES NOT COVER THE ENTIRE TIME
        PERIOD ......................................................................................................12

    V.    THE NEED FOR A PROPER PRIVILEGE WAS AND IS HEIGHTENED  BY
        COUNSEL'S REPRESENTATIONS REGARDING TOWN PRACTICES OF
        SHARING DOCUMENTS WITH STAFF THAT DID NOT NEED PRIVILEGED
        INFORMATION ............................................................................................13

    VI.    THE PARTIES' STIPULATION DOES NOT PRECLUDE PLAINTIFF FROM
        REQUESTING A PROPER LOG..........................................................................15

    VII.    NORTON I DECISIONS DO NOT PRECLUDE PLAINTIFF FROM
        CHALLENGING THE LOG FOR DEFICIENCIES.................................................18

    VIII.    REQUESTED REMEDIES...............................................................................19

CONCLUSION...........................................................................................................20

## TABLE OF AUTHORITIES

Page

CASE LAW

A.I.A. Holdings, S.A. v. Lehman Bros.,
2000 U.S. Dist. LEXIS 15141 (S.D.N.Y. Oct. 12, 2000) ..............................................19

ABB Kent-Taylor, Inc. v. Stallings & Co.,
172 F.R.D. 53 (W.D.N.Y. 1996) .....................................................................5, 10

Allendale Mut. Ins. Co. v. Bull Data Sys., Inc.,
145 F.R.D. 84 (N.D. Ill. 1992) .........................................................................1

Aurora Loan Servs. v. Posner,
499 F. Supp. 2d 475 (S.D.N.Y. 2007)....................................................................20

Auto. Club of N.Y., Inc. v. Port Auth. of N.Y. & N.J.,
2014 U.S. Dist. LEXIS 77040(S.D.N.Y. June 4, 2014).........................................1, 2

Beechwood Restorative Care Ctr. v. Leeds,
436 F.3d 147, 153 (2d Cir. 2006).........................................................................19

Bell v. Pfizer. Inc.,
2006 U.S. Dist. LEXIS 62611 (S.D.N.Y. Aug 31, 2006) ..................................5, 7, 20

Bowne, Inc. v. AmBase Corp.,
150 F.R.D. 465, 474 (S.D.N.Y. 1993) ..........................................................10, 12

Favors v. Cuomo,
285 F.R.D. 187 (E.D.N.Y. 2012) .........................................................................1

Foster v. City of New York,
2016 U.S. Dist. LEXIS 14594 (S.D.N.Y. Feb. 5, 2016) ...........................................12

Gelb v. Royal Globe Ins. Co.,
798 F.2d 38 (2d Cir. 1986)...................................................................................19

Go v. Rockefeller Univ.,
280 F.R.D. 165 (S.D.N.Y. 2012) .......................................................................5, 7

Hinterberger v. Catholic Health Sys.,
284 F.R.D. 94 (W.D.N.Y. 2012)....................................................................16, 17

Horace Mann Ins. Co. v. Nationwide Mut. Ins. Co.,
240 F.R.D. 44 (D. Conn. 2007)..................................................................................1

In re Horowitz,
482 F.2d 72 (2d Cir. 1973) ......................................................................................5

In re John Doe Corp.,
675 F.2d 482 (2d Cir. 1982).....................................................................................5

In re Rivastigmine Patent Litig.,
237 F.R.D. 69 (S.D.N.Y. 2006) ............................................................................8, 19

In re Symbol Techs., Inc.,
2015 U.S. Dist. LEXIS 131478 (E.D.N.Y. Sept. 29, 2015)........................................2

Koumoulis v. Indep. Fin. Mktg. Group,
295 F.R.D. 28 (E.D.N.Y. 2013) ...............................................................................8

McNamee v. Clemens,
2014 U.S. Dist. LEXIS 46338 (E.D.N.Y. Apr. 2, 2014) ........................................2, 19

NML Capital, Ltd. v. Banco Central de la Republica Argentina,
652 F.3d 172 (2d Cir. 2011).....................................................................................19

Norton v. Town of Islip,
239 F. Supp. 2d 264, 273 (E.D.N.Y. 2003) ...............................................................13

Powerweb Energy, Inc. v. Hubbell Lighting, Inc.,
2013 U.S. Dist. LEXIS 148083 (D. Conn. Oct. 15, 2013) ..........................................1

Robbins & Myers, Inc. v. J.M. Huber Corp.,
274 F.R.D. 63 (W.D.N.Y. 2011) ..............................................................................7

Rockefeller Univ.,
280 F.R.D. 175 (S.D.N.Y. 2012) ............................................................................5, 7

SEC v. Yorkville Advisors, LLC,
300 F.R.D. 152 (S.D.N.Y. 2014) ...........................................................................1, 2

Trudeau v. New York State Consumer Prot. Bd.,
237 F.R.D. 325 (N.D.N.Y 2006) ..............................................................................8

United States Postal Service v. Phelps Dodge Refining Corp.,
852 F. Supp. 156 (E.D.N.Y. 1994) ...........................................................................5

United States v. Cheung Kin Ping,
555 F.2d 1069 (2d Cir. 1977)............................................................................19

United States v. Construction Prods. Research,
73 F.3d 464 (2d Cir. 1996) ........................................................................1, 8, 10

Vaccariello v. XM Satellite Radio, Inc.,
2010 U.S. Dist. LEXIS 83519 (S.D.N.Y. August 16, 2010) ...................................11, 12

Willemijn Houdstermaatschaapij BV v. Apollo Computer Inc.,
707 F. Supp. 1429 (D. Del. 1989).......................................................................1


## STATUTES

FRCP 26 (a) .................................................................................................18

FRCP 26 (b) (5) ............................................................................................16

FRCP 26(e) .................................................................................................18s

FRCP 26.2.................................................................................................2, 9

FRCP 26.2(a) ............................................................................................1, 4, 7

FRCP 26.2(a)(2)(A) ......................................................................................2, 5


## SECONDARY AUTHORITIES

In Manual for Complex Litigation, Fourth, § 21.14 (2009).........................................17

## PRELIMINARY STATEMENT

Plaintiff, Howard Norton ("Plaintiff"), submits this memorandum of law in support of his motion for this Court to determine whether the Town of Islip and/or Individual Town Defendants ("Town Defendants" and/or "Defendants") have failed to provide a sufficient privilege log. Plaintiff contends that by virtue of their failure to provide a proper privilege log, Defendants have waived privilege. In the alternative, the Court should compel the Town Defendants to promptly provide a proper and complete privilege log.

## ARGUMENT

## I.      LEGAL REQUIREMENTS OF A PRIVILEGE LOG

The purpose of a privilege log is to provide litigants with sufficient information to establish whether the withholding party can demonstrate each element of a claimed attorney-client privilege. Auto. Club of N.Y., Inc. v. Port Auth. of N.Y. & N.J., 2014 U.S. Dist. LEXIS 77040, *17 (S.D.N.Y. June 4, 2014); Favors v. Cuomo, 285 F.R.D. 187, 222 (E.D.N.Y. 2012). Similarly, "a party asserting work product protection must identify the withheld documents with sufficient particularity that the opposing counsel can intelligently argue that the privilege ought not to apply." SEC v. Yorkville Advisors, LLC, 300 F.R.D. 152, 158, (S.D.N.Y. 2014) (citing Willemijn Houdstermaatschaapij BV v. Apollo Computer Inc., 707 F. Supp. 1429, 1439 (D. Del. 1989)). A privilege log should provide a specific explanation of why the document is privileged. United States v. Construction Prods. Research, 73 F.3d 464, 474 (2d Cir. 1996) (citing Allendale Mut. Ins. Co. v. Bull Data Sys., Inc., 145 F.R.D. 84, 88 (N.D. Ill. 1992).

"An essential step in meeting the burden of establishing the existence of a privilege or an immunity from discovery is the production of an adequately detailed privilege log sufficient to enable the demanding party to contest the claim." Powerweb Energy, Inc. v. Hubbell Lighting, Inc., 2013 U.S. Dist. LEXIS 148083, *4 (D. Conn. Oct. 15, 2013) (citing Horace Mann Ins. Co. v.

Nationwide Mut. Ins. Co., 240 F.R.D. 44, 47 (D. Conn. 2007)). The Town Defendants have the burden of establishing through their privilege log that the elements of the privilege exist. Auto. Club of N.Y., Inc., 2014 U.S. Dist. LEXIS 77040 at *17.

To effectuate the purposes of and to clarify what is required in a privilege log, the Eastern District has adopted Local Civil Rule ("Local Rule") 26.2. The Local Rule requires a privilege log to set forth "specific facts that, if credited, would suffice to establish each element of the privilege or immunity that is claimed." McNamee v. Clemens, 2014 U.S. Dist. LEXIS 46338, *13 (E.D.N.Y. Apr. 2, 2014); SEC, 300 F.R.D. at 158 (same). The Local Rule commands a party withholding documents on the basis of a claimed privilege to provide a privilege log identifying the: (i) type of document (e.g. letter or memorandum), (ii) general subject matter of the document, (iii) date of the document, (iv) author of the document, (v) the addressees of the document, (vi) any other recipients, and, (vii) where not apparent, the relationship of the author, addressees, and recipients to each other. Local Rule 26.2(a)(2)(A); In re Symbol Techs., Inc., 2015 U.S. Dist. LEXIS 131478, *25-26 (E.D.N.Y. Sept. 29, 2015).

## II.   RECENT DISCOVERY HAS BROUGHT TO LIGHT THE EXTENT OF THE DEFICIENCIES IN TOWN DEFENDANTS' PRIVILEGE LOG

On March 8, 2016, after extended motion practice,[1] the Town provided Plaintiff with three documents which were identified on the privilege log as follows:

| 1219 | 3/27/90 | Hertha Trotta, Assistant Town Attorney | C. John DeSalvo, Assistant Town Attorney | Memorandum with handwritten notes | Notice of Appeal | Attorney Client/Attorney Work Product |
|---|---|---|---|---|---|---|

[1] Judge Chen upheld this Court's findings at a Rule 72(a) oral argument and compelled the disclosure of three documents (1) a memorandum with handwritten notes to Assistant Town Attorney C. John DeSalvo ("Document 1219"); (2) a memorandum to Rim Giedraitis, Commissioner, Building & Engineering, ("Document 1213"); and (3) a memorandum with handwritten notes to Assistant Town Attorney Richard Hoffman, ("Document 1217"), finding waiver of attorney client and work product privileges. (ECF Min. Entry, March 3, 2016).

| 1213 | 6/13/90 | Hertha Trotta, Assistant Town Attorney | Rim Giedraitis Commissioner Building & Engineering | Memorandum | Norton Litigation; Law enforcement | Attorney Client/Attorney Work Product |
| 1217 | 8/21/90 | Hertha Trotta, Assistant Town Attorney | Richard Hoffman, Assistant Town Attorney | Memorandum with handwritten notes | Norton Litigation | Attorney Client/Attorney Work Product |

(Privilege Log, Exhibit "Ex" 1). Upon reviewing these documents, we observed:

- Document 1219 was cc'd to Tyler J. Lory (Building Director), Al Gissi (Principal Zoning Inspector); Florence Lynch (Principal Housing Inspector), Rim Giedraitis (Commissioner Building & Engineering) and Joan Ely (Records Division) (Ex. 2);

- Document 1213 was cc'd to John Desalvo (Sr. ATA), Joan Ely (Records Division), Al Gissi (Building Department) and Florence Lynch (Housing). This Document was also shared with Thomas Greene (Fire Prevention). (Ex. 3).

- Document 1217 Memo was cc'd to Al Gissi (Principal Zoning Inspector); Florence Lynch (Housing), Rim Giedraitis (Commissioner Building & Engineering) and Joan Ely (Records Division) (Ex. 4).

- Documents 1217 and 1219 have unlogged handwritten notes from two unidentified people. (Exs. 2, 4). Reviewing the log, a reader would think the notes were either from the author or the recipient. However, upon viewing the document, it is clear that the notes were written by other persons.

The privilege log does not indicate that the documents were cc'd to the above mentioned people. It also does not indicate that Documents 1219 and 1217 were distributed, and that handwritten notes were later added that were not part of the original distribution. The log does not indicate that Documents 1219 and 1217 contain handwriting from two different people, which is evident when reviewing the documents. The log does not indicate who authored the notes, who the notes were sent to, the dates when the notes were added, or the subject matter of the notes. The log does not identify the privilege claimed for withholding the handwritten notes. Plaintiff should

not be required to speculate as to the "who, what, where, when and why" of the notes, or their very existence.[2]

After reviewing these newly disclosed documents, Plaintiff became painfully aware of the scope of the deficiencies in Town Defendants' privilege log. The existence of these deficiencies in all three documents leads Plaintiff to conclude that similar deficiencies exist in other portions of the log, if not the entire log.[3] This belief was bolstered at a recent court conference when counsel for the Individual Defendants, Judah Serfaty (speaking for the Town Defendants), stated "I don't know of any requirement that says you have to identify every single cc. . . I don't know that they're required to identify every single Town department that's cc'd on it." (Transcript "Tr.," April 21, 2016, p. 14, Ex. 5).  The Court properly expressed skepticism in response to the comment, which is contradicted by the plain language of the Local Rules.[4]

## III.    AS TO THE TIME PERIOD COVERED, THE PRIVILEGE LOG IS DEFICIENT

The Defendants' existing privilege log covers the time period of September 14, 1988 through February 26, 1999. (Ex. 1). This log is deficient because it fails to (a) identify authors, recipients and titles, (b) does not identify persons cc'd on communications, (c) is missing dates, (d) does not properly log handwritten notes and marginalia, and (e) provides skeletal descriptions of the documents' content. Each is discussed below.

---

[2] Additionally, the Town identified a number of different versions and/or copies of these documents as follows: 1219 (301, 600, 818, 833, 853 and 857); 1217 (310, 602 and 816); and 1213 (311, 601, 817 and 1250) (Ex. 1). Plaintiff has not been provided proper logging information re the handwriting that appears on these documents.

[3] While many deficiencies were previously apparent, the extent of the deficiencies was not previously known. Notably, we had no way of knowing that these documents were made available to additional people in various Town Departments.

[4] Local Rule 26.2(a) requires a litigant to log any "other recipients" of documents which are claimed to be privileged.

## A. Authors and Recipients

Local Rule 26.2(a)(2)(A) requires a party seeking to claim privilege to identify the authors, and all recipients of documents. A privilege log is insufficient to the extent it fails to provide the "identities, titles, and roles of the authors, [and] recipients [of] communications." Go v. Rockefeller Univ., 280 F.R.D. 165, 175 (S.D.N.Y. 2012) (emphasis added); see also Bell v. Pfizer. Inc., 2006 U.S. Dist. LEXIS 62611 at *5 (S.D.N.Y. Aug 31, 2006) (defendant shall provide a more detailed privilege log including the identities, titles, and roles of the author, and recipients). In the absence of properly logged authors and recipients, a litigant is unable to determine if claimed privileged documents were created and sent to an attorney by person(s) seeking legal advice (or were created by an attorney providing legal advice, distributing same only to person(s) needing to know the legal advice). The use of claimed privileged documents for any purpose unrelated to the seeking of legal advice are not privileged and effectuate a waiver. See In re John Doe Corp., 675 F.2d 482, 488 (2d Cir. 1982); In re Horowitz, 482 F.2d 72, 81 (2d Cir. 1973) (corporate decision to use materials for purposes unrelated to legal advice operates as a waiver). Conversely, the "mere fact a communication is made directly to an attorney, or an attorney is copied in on a memorandum does not mean that the communication is necessarily privileged." ABB Kent-Taylor, Inc. v. Stallings & Co., 172 F.R.D. 53, 57-58 (W.D.N.Y. 1996) (citing United States Postal Service v. Phelps Dodge Refining Corp., 852 F. Supp. 156, 160 (E.D.N.Y. 1994) (stating there is no privilege for corporate counsel who is giving, or corporate employees who are seeking, predominately business advice as opposed to legal advice). The following entries on Defendants' privilege log do not properly identify the authors/recipients of the documents:

- Documents 001-03 do not contain the name of the author, recipient or their title, and whether these persons were attorneys.

• Document 013 does not contain the name of the author or title information. This entry only contains the first name of the recipient but not the recipient's last name or title. The log does not indicate whether the author or recipient was an attorney.

• Document 041 does not contain the name of the author, recipient or whether the author or recipient was an attorney.

• Documents 050-53 are "unsigned", do not contain the name or title of the author, or whether the author was an attorney.

• Document 077 identifies the recipient of the document with handwritten notes on it is as an unnamed Supreme Court motion clerk. This begs the question, how is the document privileged if it was sent to the Court?

• Documents 078, 079, 080 and 081 do not contain the name of the author, recipient or title or whether the author or recipient was an attorney.

• Document 185 does not contain the name of the author or recipient, their title or whether an attorney was the author or recipient

• Document 246 does not contain the name of the author or title or whether the author was an attorney.

• Documents 379-82 do not contain the name of the author or recipient or title or whether the author or recipient was an attorney.

• Document 506 does not contain the name of the author, recipient or title or whether the author or recipient was an attorney.

• Documents 548-50 do not contain the name of the author, recipient or title or whether an attorney was the author or recipient of all or any part(s) of the document.

• Documents 794-95 do not contain the author's name, title, or whether the author was an attorney.

(Ex. 1).

Where the Town omits or does not properly identify the authors and recipients of documents (or their titles), Plaintiff is unable to determine if claimed privileged documents were created to solicit an attorney to provide legal advice, or were distributed to person(s) needing to

know the legal advice contained therein. The absence of this information renders Plaintiff unable to argue waiver with precision.

### B. CC'd Individuals

A privilege log is insufficient to the extent it fails to identify persons cc'ed on communications. Local Rule 26.2(a); <u>Rockefeller Univ.,</u> 280 F.R.D. at 175 (S.D.N.Y. 2012); <u>see also</u> <u>Pfizer. Inc</u>., 2006 U.S. Dist. LEXIS 62611 at *5 (directing defendant to provide a more detailed privilege log including the identities, titles, and roles of the author, recipients and individuals cc'd on the communications). We need this information to assist us in assessing whether waiver occurred by sharing the documents with individual who did not need the information. Dissemination of documents to individuals who do not have a need to know legal advice operates as a waiver. <u>See</u> <u>Robbins & Myers, Inc. v. J.M. Huber Corp.</u>, 274 F.R.D. 63, 94 (W.D.N.Y. 2011) ("disseminating information to all employees" who were directly involved with the Public Safety Notice, amounted to an *ipse dixit* insufficient to satisfy the burden to demonstrate non-waiver). Thus, who the documents have been shared is a log requirement for the very purpose of determining if a waiver has occurred.

As discussed above, Plaintiff recently discovered that Documents 1213, 1217 and 1219 were shared with a number of recipients who were not identified on the Towns privilege log. Thus, Plaintiff has reasonable cause to believe that other (possibly all) logged documents may have been shared with individuals not identified on the log. To the extent that the log does not identify all persons with whom the documents were shared, the log must be corrected.

### C. Dates

The Town failed to provide the dates on some of its privilege log entries. Failure to provide the date that a document was created has been described as a "glaring" privilege log deficiency.

Trudeau v. New York State Consumer Prot. Bd., 237 F.R.D. 325, 334, (N.D.N.Y 2006) (discussing

Construction Prods. Research, Inc., 73 F.3d at 474). Missing dates, do not allow Plaintiff to

ascertain whether "an attorney created these documents because of litigation or whether, absent

the threat of future litigation, no comparable communications would have been created." See

Koumoulis v. Indep. Fin. Mktg. Group, 295 F.R.D. 28, 43 (E.D.N.Y. 2013). Here, the Town has

failed to provide complete dates for the following log entries:

- Document 011 references unidentified "photographs," without identifying the subject matter of the photographs, the date of the photographs and who took the photographs.

- Documents 013, 78-81 and 379-82 are undated. Documents 185 and 506 do not identify the year the document was written.

- Documents 049, 077, 321 and 603 do not identify the date the note was added.

- Document 075 does not identify the date the handwritten reply was added

(Ex. 1).

Without complete dates, Plaintiff is hindered in determining if these documents were

created in anticipation of litigation. Moreover, without the full dates, Plaintiff is unable to place a

large number of documents in their proper context.

### D. Handwritten Notes

Where documents are sent to/made available to (or cc'ed to) undisclosed recipients and

contain a discourse of handwritten notes, the privilege log must indicate the author of the notes.

Koumoulis, 295 F.R.D. at 48-49 ("[d]efendants should amend their privilege log to identify who

wrote these notes"). For privilege purposes, each set of notes or marginalia must be analyzed

separately from the materials underlying it. In re Rivastigmine Patent Litig. 237 F.R.D. 69, 84

(S.D.N.Y. 2006) (stating that to the extent an author or recipient of handwritten notes was not

identified, the inquiry necessarily ended and communications must be disclosed). Thus, handwritten notes added to original documents create new documents, which must be logged with the same specificity required by Local Rule 26.2. We cannot know which documents have handwriting that was not logged. But, for some instances where notes were indicated in the log, they were not properly logged:

- Document 41 contains handwritten notes but the log does not indicate whether the notes were written by the principal author, the recipient or by an undisclosed third person reviewing the documents for purposes unrelated to legal advice.

- Document 49 does not contain the name of the recipient or title, does not state the date of note, the subject matter of the note or the purpose of the note.

- Document 77 identifies the recipient of the document with handwritten notes on it is as an unnamed Supreme Court motion clerk, but states no privileged purpose for the note.

- Documents 301, 600, 818, 833, 853 and 857 do not identify all recipients' names or title information, the name and title of who authored the handwritten notes, who the notes were shared with, when the notes were added, what the subject matter of the notes is, whether an attorney was the author or recipient of all or any part(s) of the handwritten notes on each of the documents.

- Documents 310, 602 and 816 do not identify all recipients' name or title information, the name and title of who authored the handwritten notes, who the notes were shared with, when the notes were added, what the subject matter of the notes is, whether an attorney was the author or recipient of all or any part(s) of the handwritten notes on each of the documents.

- Entries for Documents 311, 817 and 1250 do not identify all recipients' names or title information, the name and title of who authored the handwritten notes, who the notes were shared with, when the notes were added, what the subject matter of the notes is, whether an attorney was the author or recipient of all or any part(s) of the handwritten notes on each of the documents. Also, the documents in part concern unspecified "Law Enforcement" which does provide enough information to ascertain if legal advice was given.

- Documents 379-82 are undated, do not identify the author or recipients' name or title information. Additionally, these entries contain no information indicating that an attorney was the author or recipient of all or any part(s) of the handwritten notes on the document(s).

- Document 601 does not identify all recipients' names or title information. Additionally, the document concerns unspecified "Law Enforcement" which does not provide enough

9

information to ascertain whether legal advice was given.

- Document 603 contains a request by Town Department of Building and Engineering that the Town Department of the Town Attorney send directly to Joan Ely of the Town Building Department results of Article 78 proceedings. The name and title of who authored the handwritten notes, who the note was provided to, when the note was added are not listed.

(Ex. 1).

Without further description of the handwritten notes, the identity of the persons with whom the documents were shared, and the subject matter of those notes, Plaintiff cannot fully understand what privileges apply or what waiver(s) occurred. Specifically, Plaintiff is not able to ascertain if these documents were cc'd to or shared with personnel who did not need to know the contents for purposes of legal advice. The failure to properly log handwritten notes separately is the equivalent of failing to log documents.

### E. Skeletal Descriptions

Document descriptions contained on the Defendants' log do not provide enough information to ascertain if attorney-client or work product privilege applies. Skeletal and cryptic descriptions of a document's "subject" are insufficient to ascertain whether a privilege applies. ABB Kent-Taylor, Inc., 172 F.R.D. at 58 (citing Construction Products Research, Inc., 73 F.3d at 473-474) ("Cryptic descriptions and conclusory invocation of the . . . privilege does not provide enough detail to allow [Plaintiff] to discern whether to challenge non-disclosure."); Bowne, Inc. v. AmBase Corp., 150 F.R.D. 465, 474 (S.D.N.Y. 1993). In Bowne, Inc., the court found a privilege log, which may have been sufficient for objections to FRCP Rule 34 disclosures, did not contain the required specificity in the context of a motion to compel production under FRCP Rule 37, despite listing the date, author, addressees, other recipients, the type of document, and providing a very skeletal description of subject and the type of privilege claimed. 150 F.R.D. at

10

474 ("[n]othing on the log informs us whether the document contains legal advice or was prepared to elicit legal advice from others."). Similarly, in Vaccariello v. XM Satellite Radio, Inc., 2010 U.S. Dist. LEXIS 83519, at * 5 (S.D.N.Y. August 16, 2010), the court found a privilege log containing "the names of the recipients of the documents, but not the relationship among the author, addressees and recipients," deficient and commanded defendant to provide information showing the relationship of the author, recipients, and addressees to each other.

Here, the Town's privilege log entries contain the following skeletal or conclusory "subjects" or "categories:"

- Document 010 contains the description "Legal Enforcement Proceedings", and Document 506 contains the description "Law Enforcement Proceeding", neither of which provides sufficient information to ascertain whether legal advice was given.

- Documents 013, 107-09, 110-12, 379-82 and 601 all contain the description "Law Enforcement" which does not provide sufficient information to ascertain whether legal advice was given.

- Documents 056, 069, and 605 concern a "[p]rivileged [m]emo from Hertha Trotto, Esq." but do not specify the subject matter.

- Documents 116-117 and 598-599 concern "Litigation" but do not provide enough information to ascertain if legal advice was given.

- Document 185 concerns "Litigation Papers," but does not contain enough information to ascertain whether legal advice was given.

- Documents 016, 017, 033, 034, 035, 044, 045, 046-047, 78, 79, 80, 81, 311, 817, 855, 1086 and 1250 in part concern unspecified "Law Enforcement" which does provide enough information to ascertain if legal advice was given.

- Document 1212 concerns a "Discussion with Hertha Trotto," but does not specify the subject matter or provide sufficient information to ascertain whether legal advice was given.

(Ex. 1).

Like the privilege logs in Bowne, Inc. and Vaccariello, Town Defendant's log identifies the

11

type of document, provides a skeletal description of subject, and provides insufficient information to ascertain whether the document was prepared for legal advice, especially given the other deficiencies therein. The conclusory subjects/categories "Litigation Papers", "Litigation", "Law Enforcement", "Law Enforcement Proceeding" and "Legal Enforcement Proceedings" could easily contain documents which were prepared for business related purposes as opposed to seeking legal advice. Additionally, not every "litigation paper" is protected by privilege. Without further descriptions, Plaintiff is prejudiced and unable to properly understand whether the designation of privilege was appropriate or whether waiver occurred.

In sum, Plaintiff has identified numerous deficiencies in Town Defendant's log which prejudice his ability to present a complete argument regarding Town Defendants' claimed privileges.

## IV.   DEFENDANTS' PRIVILEGE LOG DOES NOT COVER THE ENTIRE TIME PERIOD

Defendants' privilege log does not include any of the documents Plaintiff requested from February 27, 1999 through July 20, 2004 (the day before the <u>Norton II</u> litigation started). We requested these documents by letters dated, December 9, 2015, February 8 and March 18, 2016 and March 21, 2016. (Exs. 6-9). Defendants have refused to provide a log for this time frame.

Without a complete privilege log, a litigant is forced to guess at the universe of withheld documents and whether they are truly protected by any claimed privilege. See <u>Foster v. City of New York</u>, 2016 U.S. Dist. LEXIS 14594, *527 (S.D.N.Y. Feb. 5, 2016) (stating absence of a proper log places Plaintiff "in the precarious situation of requiring plaintiffs to file a motion to compel production of certain documents when plaintiffs do not even know that such documents exist, because defendant has never identified them.")

The gravamen of Plaintiff's Federal and New York State malicious prosecution claims allege that the Town of Islip "unlawfully instituted and continued the criminal prosecution" of Plaintiff. (Am. Compl. ¶ 118, Ex. 10). The criminal prosecution was not dismissed until April 23, 2003. Thus, any claimed legal advice or work product created through that date is relevant as to whether continuation of the prosecution through that date was malicious or undertaken in good faith. As an example, on January 2, 2003, Judge Garaufis found that the Town of Islip had denied Plaintiff his rights to procedural due process when it issued a revised C/O[5] for his dwelling. Norton v. Town of Islip, 239 F. Supp. 2d 264, 273 (E.D.N.Y. 2003). Yet, Defendants continued the prosecution. Id. Presumably, there should be privileged documents related to this decision and how it affected the chances of success in a criminal prosecution. Yet, none in this time frame are logged. Plaintiff should not be forced to guess at the universe of documents withheld during the time when decisions were being made to continue the criminal prosecution. Nor should Plaintiff have to guess about who has seen or had access to these documents, as a proper privilege log would reveal this information.

## V.   THE NEED FOR A PROPER PRIVILEGE WAS AND IS HEIGHTENED BY COUNSEL'S REPRESENTATIONS REGARDING TOWN PRACTICES OF SHARING DOCUMENTS WITH STAFF THAT DID NOT NEED PRIVILEGED INFORMATION

As discussed above, Judge Chen upheld this Court's findings at the Rule 72(a) oral argument, and compelled the disclosure of three documents. In their briefing and during the oral argument, the Town admitted that it had a practice (during the relevant time period and through at least through March 3, 2016), of allowing any of its personnel seeking information concerning the

---

[5] During Norton I and this proceeding, witnesses and counsel have inartfully called the unofficial, cardboard, "Building Certificate" the "C/O." We continue to do so in this brief for convenience.

"legal status" of a property, unimpeded access to Town privileged information and/or documents.

The Town Defendants argued:

> [a]s to the Building Assessor's office, the Town further pointed out that any Town department or Town personnel dealing with plaintiff's property and property rights–which irrefutably includes not only the Building Department, but also the Tax Assessor, who likewise has a reasonable basis to know and understand a property's legal status, including with reference to taxation thereon–has a legitimate reason to know about the property's legal status such that no claim of waiver of privilege could be claimed if the privileged documents were made available to any Town department or personnel . . .

(Town Defendants' Motion for Reconsideration, ECF No., 222, Ex. 11, p. 2).

Similarly, the town claimed that:

> all Town staff and employees in positions pertaining to a property's legal status and property rights, including the Town's Assessor's Office–may be 'reasonably' called upon at any time to address issues concerning the proper legal status of a particular property within the Town's jurisdiction, and would have a reasonable basis and need to know about privileged documents and memos which address the legal status of a property.

(Town Defendants' Joint Rule 72(a) Objections, Ex. 12, p. 13). The Town Defendants further stated "documents at issue in this case–which concern the litigated [past tense] legal status of plaintiff's property . . . is therefore something that should be reasonably made available and accessible to all Town employees in departments involved in property matters . . ." (Ex. 12, p. 12). At oral argument Mr. Serfaty stated, our "position is everybody who had, who is on official duty on something related to the rights and uses of the property who also happens to be represented by the same town attorney has a reasonable need to know about the rights and uses of the property. They need to know the history." (Tr. March 3, 2016, Ex. 13, p. 11). Town Attorney Michael Walsh further confirmed the policy was applicable to building inspectors, law enforcement, other departments, and low level clerks by stating "there's a myriad of different reasons why any

14

personnel in the Town of Islip might need access to that file [containing privileged documents]"

(Ex. 13, p. 29). Judge Chen informed the Town:

> [y]ou can't claim that all the people in the department who are officials, whatever that means, have a need to know. That is what you did before Judge Locke and I think he certainly gave you ample opportunity to amplify the record and explain who are the people that need to know. . . You can't say broadly everybody gets the benefit of the privilege if they work for the building department. That's not how the privilege works.

(Ex. 13, pp. 13-14).

Judge Chen's decision, the Town Defendant's representations in arguing the prior motion, and receipt of the three documents provide Plaintiff with solid ground to believe that other lower ranking "staff and employees in positions pertaining to a property's legal status and property rights" were cc'd and had access to the documents claimed to be privileged. Having made such broad sweeping admissions, it will be the Town's burden to demonstrate what privilege(s) existed and that a waiver did not occur by granting low ranking employees or others (with no need to know the contents of a legal communication) access to the logged and/unlogged documents. This issue will be litigated in a motion to compel, but to fully advance these arguments, we require a complete privilege log, which includes all allegedly privileged documents, including handwritten information and all of the persons that the documents were shared with, in addition to curing all of the other deficiencies noted herein.

## VI.    THE PARTIES' STIPULATION DOES NOT PRECLUDE PLAINTIFF FROM REQUESTING A PROPER LOG

The Town claims that a stipulation bars Plaintiff from asking for a proper and complete privilege log. (Stipulation, Ex. 14). The stipulation states, *inter alia*:

> IT IS HEREBY AGREED between the undersigned parties that any attorney-client privileged communications or work product documents prepared in connection with the following litigations or counsels'

15

communications with their own respective clients concerning this action, any prosecutions of Plaintiff, the federal action in *Norton v. Town of Islip et a/.,* No. 98-CV-06745, any FOIL requests or litigation including the Article 78 litigation (Index No. 19018-03) are not required to be logged pursuant to Fed. R. of Civ. P. 26(b)(5) **<u>unless requested by either party in writing identifying the documents to be logged</u>.**

(Ex. 14) (emphasis added).

The stipulation does not contain any limitation preventing Plaintiff from requesting that certain documents be logged. The purpose of the agreement was to remove the initial burden of logging documents – with the caveat that should an issue arise (such as a belief that documents have been improperly withheld), that the parties could request that documents be logged. On December 9, 2015, Plaintiff complied the requirements of the stipulation by requesting in writing that the "Town (as per its agreement with Plaintiff dated 9/3/2013) . . . provide him with a privilege log." (Ex. 6, p.9). Plaintiff limited[6] his request seeking a log for: (a) documents prepared in connection with the <u>Norton I</u> legal action (limited to the time period from February 27, 1999 up to and including July 20, 2004); and (b) documents prepared in connection with the criminal action commenced and continued under Suffolk County Fifth District Court Docket # ISTO 539-97. Thus, Plaintiff complied with the requirements of the stipulation by requesting "in writing the documents to be logged."

The stipulation does not bar the Plaintiff from requiring the Town to log documents which should have been logged, or make corrections which should have been made. <u>See</u> <u>Hinterberger v. Catholic Health Sys</u>., 284 F.R.D. 94, 106 (W.D.N.Y. 2012). In <u>Hinterberger</u>, the parties entered into a stipulation establishing a sampling method for discovery of documents, but the Court there

---

[6] At the last conference, Mr. Serfaty incorrectly represented to the Court that our request was for a "privilege log with respect to everything. Every single communication . . ." (Ex. 5, p. 12).

held the agreement was insufficient to bar requests for additional responses, absent privilege or a protective order, under F.R.C.P. 33(a) and 34(a). Id. The Hinterberger Court credited the Defendants' suggestion that Plaintiff merely sought to suppress adverse responses, stating:

> Use of a sample is a practical method to address potentially voluminous discovery issues. Manual for Complex Litigation, Fourth, § 21.14 (2009). Such practical and cost-effective techniques to do so, however, cannot override the general and salutary objective of federal civil litigation and the exercise of available discovery devices to search and **obtain the true facts of the case.**

Id. (emphasis added)

Like Hinterberger, the Norton II parties devised a stipulation looking to limit upfront costs and the initial burden of logging claimed privileged communications, but specifically left the "door ajar," providing that to the extent that a party determined logging reasonably necessary, the party could in writing request more logging (which the Plaintiff did (Exs. 6-9)). The stipulation allows for a party to correct inadvertent failures to "designate any document or information as privilege or work-product . . . that the producing party reasonably believes should be so designated." (Ex. 14). Therefore, the stipulation expressly acknowledges that corrections and additions to the log can be made/requested to be made.

Town Defendants understand that the stipulation permits additional requests for logging. On July 1, 2014, we requested additional logging. (Email B. Arbeit to Mr. Serfaty 7/1/14, 9:32 p.m., Ex. 15). Mr. Serfaty, by email dated July 2, 2014, complied with Plaintiff's request to log additional documents, did not argue that Plaintiff was not entitled to additional logging, and thereby implicitly acknowledged Plaintiff's right to request additions to the log. (Email Mr. Serfaty to B. Arbeit 7/2/14, 3:27 p.m., Ex. 15).

Third, FRCP Rule 26(e) states, "[a] party who has made a disclosure under Rule 26(a) -- or who has responded to . . . [a] request for production . . . must supplement or correct its disclosure

or response: (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." FRCP Rule 26(e).

Plaintiff has provided the Town Defendants several opportunities to amend, correct and/or edit its privilege log – the Town Defendants simply have failed to do so in accordance with the dictates of FRCP Rule 26(e). Moreover, since the Town was ordered to produce the three memos in Norton II, it should have realized that its responses were incomplete and incorrect (failure to log notes and recipients), and that corrective information had not otherwise been made known to the other parties to this litigation during the discovery process or in writing, e.g. (dates of notes, subject matter of the notes, recipients). Indeed, despite the dictates of FRCP Rule 26(e), the Town Defendants failed to correct privilege log deficiencies (provide a proper and complete log), and Plaintiff's requests for them to do so have been rejected.

## VII.   NORTON I DECISIONS DO NOT PRECLUDE PLAINTIFF FROM CHALLENGING THE LOG FOR DEFICIENCIES

The Town Defendants claim that decisions in Norton I preclude Plaintiff from seeking corrections to the privilege logs. First, Judge Boyle and Judge Garaufis never ruled on the adequacy of the Norton I privilege log. Judge Boyle conducted an *in camera* review of the documents to assess privilege. Accordingly, there was no reason for him to review the log. Moreover, Plaintiff did not ask Judge Boyle to review the log for sufficiency. Similarly, when this Court reviewed Documents 1213, 1217 and 1219, Plaintiff did not ask and the Court did not review the privilege log. Thus, the log was never reviewed for sufficiency. There was no reason for this Court, Judge Boyle or Judge Garaufis to review the log, nor was there any request for the court to

do so. No court decisions indicate that the log was reviewed for sufficiency. Thus, the issue was not "necessarily decided" and indeed it was not decided at all.[7]

Moreover, to the extent that Judge Boyle and Judge Garaufis made any decision adverse to Plaintiff, said decisions are not entitled to any preclusive effect in Norton II. Determinations which are unnecessary to support a final, valid judgment are not entitled to preclusive effect. See NML Capital, Ltd. v. Banco Central de la Republica Argentina, 652 F.3d 172, 185 (2d Cir. 2011); see also Gelb v. Royal Globe Ins. Co., 798 F.2d 38, 44 (2d Cir. 1986) (citing United States v. Cheung Kin Ping, 555 F.2d 1069, 1076 (2d Cir. 1977)) ("a winning party may not appeal issues determined adversely to it by the trial court and, as a consequence, is not barred from litigating such issues [in a subsequent litigation]"). As Plaintiff was the prevailing party in Norton I, he did not have the opportunity to challenge adverse rulings and is not barred from litigating the issue here.

## VIII.   REQUESTED REMEDIES

Failure to comply with privilege log requirements may result in a finding that the claimed privilege has been waived. McNamee, 2014 U.S. Dist. LEXIS 46338 at *10 (stating that withholding privileged materials without including the material on a privilege log may be viewed as a waiver of the privilege or protection); In re Rivastigmine Patent Litig. 237 F.R.D. at 84) (to the extent an author or recipient of handwritten notes was not identified, the inquiry necessarily ended and communications must be disclosed). Where a party fails to supply critical elements on its privilege log, the indexing is the equivalent of no listing at all. A.I.A. Holdings, S.A. v. Lehman Bros., 2000 U.S. Dist. LEXIS 15141, *10 (S.D.N.Y. Oct. 12, 2000) (the consequence should be

---

[7] For an issue to have a collateral estoppel effect, it must be necessarily decided. An issue that is "necessarily decided" must have been both "actually decided" and "necessary to support a valid and final judgment on the merits." Beechwood Restorative Care Ctr. v. Leeds, 436 F.3d 147, 153 (2d Cir. 2006).

the same as if there had been a total failure to list the tape on the index of documents withheld on the ground of privilege-finding waiver); see also Aurora Loan Servs. v. Posner, 499 F. Supp. 2d 475, 479, (S.D.N.Y. 2007). Alternatively, the Court, in its discretion, can order the withholding party to provide a more complete privilege log. See e.g. Pfizer. Inc., 2006 U.S. Dist. LEXIS 62611 at *19 (defendant shall provide a more detailed privilege log including the identities, titles, and roles of the author, and recipients).

Here, Town Defendants have provided the Plaintiff with a privilege log which contains numerous glaring deficiencies and fails to identify the complete universe of relevant documents. Thus, Plaintiff requests that Town Defendant's be deemed to have waived privilege by virtue of their failure to provide a proper privilege log or alternatively Plaintiff requests that Town Defendants be compelled to provide an accurate and complete privilege log.

## CONCLUSION

For all of the foregoing reasons, the Court should find that Defendants have waived their right to claim privilege, or in the alternative be compelled to promptly provide an accurate and complete privilege log.


Dated: Carle Place, New York
       May 4, 2016

                                        Respectfully submitted,
                                        LEEDS BROWN LAW, P.C.


                                        _____/s/_____
                                        RICK OSTROVE
                                        JONATHAN C. MESSINA

cc: All Counsel of Record (via ECF)

20