UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
HOWARD NORTON,

                      Plaintiff,

        -against-

TOWN OF ISLIP, COUNTY OF SUFFOLK,
JOANNE HUML, *individually and in her*
*official capacity as a Town of Islip Assistant*
*Town Attorney and Director of the Division*
*of Law Enforcement of the Town of Islip*
*Office of the Town Attorney,*
RONALD P. STABILE, JR., *individually*
*and in his official capacity as Investigator*
*for the Town of Islip Office of the*
*Town Attorney,*

                      Defendants.
-----------------------------------------------------------------X

**MEMORANDUM AND ORDER**
CV 04-3079 (PKC) (SIL)

**LOCKE, Magistrate Judge:**

      Presently before the Court is Plaintiff Howard Norton's ("Norton" or "Plaintiff") Motion to Compel a "proper and complete privilege log" against Defendants Town of Islip (the "Town"), Joanne Huml ("Huml"), and Ronald P. Stabile, Jr. ("Stabile" and collectively "Defendants").[1] *See* Plaintiff's Memorandum of Law in Support of His Motion Regarding the Sufficientcy [*sic*] of Town Defendants' Privilege Log ("Pl.'s Mem. Law"), DE [248], 1. Specifically, Plaintiff moves to compel a revised privilege log for documents dated September 14, 1988 through February 26, 1999, for which Defendants have provided a privilege log ("Privilege Log") that was created in a predecessor case, *Norton v. Town of Islip* et al., 98-CV-6745 ("*Norton I*"), and a

---

[1] Plaintiff does not seek relief against Defendant the County of Suffolk.

privilege log for documents dated between February 27, 1999 through April 23, 2003, for which Defendants served no privilege log. *See generally id*. Defendants oppose the motion in its entirety, arguing that the *Norton I* log is sufficient as is, and, in any event, this Court has already deemed the underlying documents privileged, and Plaintiff previously waived his right to a privilege log. *See generally* Town Defendants' Opposition to Plaintiff's Motion Concerning Privilege Logs ("Def.'s Mem. Law"), DE [249]. For the reasons set forth herein, Norton's Motion to Compel is **GRANTED**. On or before **April 8, 2017** Defendants shall produce a privilege log for both time periods consistent with the instructions set forth herein. Failure to do so may result in waiver of the asserted privileges. A status conference is set for **May 8, 2017 at 10:00 A.M.** in Courtroom 820 of the Central Islip courthouse.

## I.    BACKGROUND

This action (hereinafter referred to as "*Norton II*") is part of a series of civil rights lawsuits commenced by Norton against the Town and various Town officials. The Court does not delve into the complex history of the *Norton* litigations—a chronicle which now spans almost twenty years—as familiarity with the underlying facts is presumed. Nonetheless, for the sake of clarity, the following facts are relevant to the current motion.

In 1997, the Town commenced a criminal action against Plaintiff relating to his use of real property as a two-family dwelling in violation of the last issued certificate of occupancy for that parcel of land. *See* Memorandum and Order

("3/27/2009 Mem. and Order"), DE [104], 3-4.[2]  One year later in 1998, Norton commenced *Norton I*, a Section 1983 action in relation to that prosecution.  *Id.* at 5. As part of discovery in *Norton I*, the Privilege Log was created for documents dated September 14, 1988 through February 26, 1999.  In 2000, the Honorable E. Thomas Boyle, Magistrate Judge, conducted an in-camera review of the documents listed on the Privilege Log and issued a one-page Order finding that all but a handful of the documents are protected by the attorney-client privilege and/or work-product doctrine.  *See* 98-CV-6745, Order ("8/22/2000 Order"), DE [42].  This Order was affirmed by District Judge Garaufis.  *See* 98-CV-6745, DE [67].  Thereafter, in January 2003, Judge Garaufis issued a judgment for Plaintiff holding that the Town had denied him procedural due process, and that the certificate of occupancy that formed the basis of the criminal action was not the last validly issued certificate of occupancy.  *See* 3/27/2009 Mem. and Order at 6.  However, despite Plaintiff's request, the Town did not withdraw the criminal action against Plaintiff at that time, and the criminal matter was not dismissed until April 23, 2003.  *Id.*

In 2004, Norton commenced this malicious prosecution and abuse of process action, largely in connection with the Town's continuance of the criminal case despite the Court's decision in *Norton I*.  Discovery was halted early on and subsequently stayed for many years due to motions to disqualify counsel and for summary judgment.  The stay was lifted in 2012.  *See* DE [149].  Relevant for the purposes of

---

[2] Solely for the purposes of background, the Court relies on the facts as recited by the Honorable Nicholas G.  Garaufis's March 27, 2009 Memorandum and Order granting in part and denying in part Defendants' motion for summary judgment, and denying the County of Suffolk's motion for summary judgment.

this motion, on April 17, 2015, Plaintiff moved to compel Defendants to disclose three documents, which had been previously deemed privileged by Judge Boyle. *See* Motion for Discovery re Waiver or Loss of Privilege ("4/17/2015 Letter Motion"), DE [210]. This Court conducted an in-camera review of the three documents, and, although agreeing with Judge Boyle that the documents were privileged, found that the privilege had been waived because the documents were shown to other Town officials who were not on a "need to know" basis, as well as potentially the public. *See* Memorandum and Order ("9/18/2015 Mem. and Order"), DE [221]. Defendants moved for reconsideration, which was denied by this Court, *see* DE [222, 227], and thereafter filed Rule 72 Objections to the Honorable Pamela K. Chen. *See* DE [231]. Judge Chen overruled the objections, adopted this Court's conclusions, and directed Defendants to produce the documents. *See* Electronic Order dated 3/3/2016.

On February 12, 2016, the Court instructed the parties to meet and confer and fully brief a final motion to compel on any outstanding discovery issues by June 1, 2016. *See* Minute Order ("2/12/16 Minute Order"), DE [237]. Plaintiff thereafter requested a modification of the scheduling order for the purpose of moving to compel Defendants to produce a more complete privilege log. *See* April 5, 2016 Letter Motion ("4/5/16 Letter Motion"), DE [239]. Norton argued, in part, that he has "a number of reasons to believe waiver has occurred," including the Court's recent ruling that privilege on three documents had been waived. *Id.* Defendants opposed the application, and the Court held oral argument on April 21, 2016. *See* April 8, 2016 Letter Opposition ("4/8/16 Letter"), DE [240]; Minute Order ("4/21/2016 Minute

Order"), DE [244].  At oral argument, the Court granted Plaintiff's motion to move

for a privilege log, and this motion followed.  *See* 4/21/2016 Minute Order.  Norton

now seeks an order compelling Defendants to cure deficiencies in the Privilege Log

and produce a log for the withheld documents dated February 27, 1999 through April

23, 2003 (the date that the criminal action was dismissed).

## II.    LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 26(b)(5)(A), a

party who withholds documents on the account of privilege must "describe the nature

of the documents, communications, or tangible things not produced or disclosed—and

do so in a manner that, without revealing information itself privileged or protected,

will enable other parties to assess the claim."  Fed. R. Civ. P. 26(b)(5)(A).  Consistent

with the Federal Rule, courts typically require that parties provide a detailed

privilege log for all correspondence withheld.  *See Trudeau v. N.Y. State Consumer

Prot. Bd.*, 237 F.R.D. 325, 334 (N.D.N.Y. 2006) ("In this respect, and in order to

evaluate and facilitate the determination of whether a privilege exists, courts

generally require compliance with this statutory mandate [of Fed. R. Civ. P. 26(b)(5)]

that an adequately detailed privilege log be provided.").  Fed. R. Civ. P. 26 is further

supplemented by Local Civil Rule 26.2, which requires that a party withholding

documents on the grounds of privilege set forth:  "(i) the type of document, *e.g.*, letter

or memorandum; (ii) the general subject matter of the document; (iii) the date of the

document; and (iv) the author of the document, the addressees of the document, and

any other recipients, and, where not apparent, the relationship of the author,

addressees, and recipients to each other . . . ." Local Civil Rule 26.2(a)(2)(A); *see also Go v. Rockefeller Univ.*, 280 F.R.D. 165, 174 (S.D.N.Y. 2012) (citing Fed. R. Civ. P. 26(b)(5) and Local Civil Rule 26.2 in analyzing the sufficiency of a privilege log).

Compliance with "the requirements of the Federal and Local Rules," however, "is insufficient, standing alone . . . ." *Favors v. Cuomo*, 285 F.R.D. 187, 221 (E.D.N.Y. 2012). In assessing the adequacy of a privilege log, Courts must also ask whether it "suffice[s] to establish each element of the privilege or immunity that is claimed." *A.I.A. Holdings, S.A. v. Lehman Bros.*, No. 97CIV4978, 2000 WL 1538003, at *2 (S.D.N.Y. Oct. 17, 2000) (quoting *Golden Trade, S.r.L. v. Lee Apparel Co.,* 90 Civ. 6291, 1992 WL 367070, at *5 (S.D.N.Y. Nov. 20, 1992)); *see also Bowne of N.Y. City, Inc. v. AmBase Corp.*, 150 F.R.D. 465, 474 (S.D.N.Y. 1993) (explaining that a privilege log should "identify each document and the individuals who were parties to the communications, providing sufficient detail to permit a judgment as to whether the document is at least potentially protected from disclosure"). Moreover, the burden of establishing the elements of the purported privilege rests on the party asserting the protection from disclosure. *See Favors*, 285 F.R.D. at 221 (E.D.N.Y. 2012) ("[T]he proponent of the privilege bears the burden of establishing, for each document, those facts that are essential elements of the claimed privilege or privileges.") (internal quotation marks omitted).

Here, Defendants assert that the documents are withheld on the grounds of attorney-client privilege, attorney work product protection, and/or deliberative process privilege. The attorney–client privilege protects from disclosure "confidential

communications made for the purpose of obtaining legal advice." *McGrath v. Nassau Cty. Health Care Corp.*, 204 F.R.D. 240, 243 (E.D.N.Y. 2001) (internal quotation omitted). The party opposing disclosure "has the burden of establishing privilege by showing, '(1) a communication between client and counsel that (2) was intended to be and was in fact kept confidential, and (3) was made for the purpose of obtaining or providing legal advice.'" *Jacob v. Duane Reade, Inc.*, No. 11 Civ. 160, 2012 WL 651536, at *2 (S.D.N.Y. Feb. 28, 2012) (quoting *In re Cty. of Erie*, 473 F.3d 413, 419 (2d Cir. 2007)).

The work-product doctrine protects from disclosure "documents prepared 'in anticipation of litigation or for trial by or for [a] party or by or for that . . . party's representative.'" *Ruotolo v. City of New York*, No. 03 Civ. 5045, 2005 WL 823015, at *1 (S.D.N.Y. Apr. 7, 2005) (quoting Fed. R. Civ. P. 26(b)(3)). The Second Circuit construes the phrase "in anticipation of litigation" to mean that, "in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained *because of* the prospect of litigation." *United States v. Adlman*, 134 F.3d 1194, 1202 (2d Cir. 1998) (emphasis in original) (citations omitted).

Finally, the deliberative process privilege "protects advisory opinions, recommendations, proposals, suggestions, and draft and subjective documents that reflect personal opinions [of officials] rather than those of a governmental agency." *Alleyne v. N.Y. State Educ. Dep't*, 248 F.R.D. 383, 387 (N.D.N.Y. 2008); *see also Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8-9, 121 S. Ct. 1060,

1065 (2001) ("The deliberative process privilege rests on the obvious realization that officials will not communicate candidly among themselves if each remark is a potential item of discovery and front page news, and its object is to enhance the quality of agency decisions . . . by protecting open and frank discussion among those who make them within the Government . . . ."). (internal quotation marks and citations omitted). It applies to documents that are: "(1) an inter-agency or intra-agency document; (2) predecisional; and (3) deliberative." *Tigue v. U.S. Dep't of Justice*, 312 F.3d 70, 76 (2d Cir. 2002) (internal quotation marks omitted).

## III.    DISCUSSION

Keeping these standards in mind, and for the reasons set forth below, the Court grants Norton's Motion to Compel.

### A.  <u>Documents Dated From September 14, 1988 to February 26, 1999</u>

Initially, the Court turns to the Privilege Log which covers documents withheld dated September 14, 1988 through February 26, 1999, and for which Defendants assert the attorney-client privilege and/or work product doctrine.[3]  Plaintiff argues that this log is deficient as it fails to identify authors, recipients, titles, and persons copied on communications, is missing dates, does not properly log handwritten notes, and provides "skeletal descriptions" of the documents. *See* Pl.'s Mem. Law at 4. In opposition, Defendants produced an amended privilege log ("Amended Privilege Log"), identifying the officials copied on the correspondence, *see* Declaration of Judah Serfaty ("Serfaty Decl."), DE [249-1], at Ex. C, Town of Islip's Supplemental *Norton I*

---

[3] Defendants do not assert the deliberative process privilege for this set of documents withheld.

Privilege Log ("Amended Privilege Log"), which Norton still challenges as inadequate. *See* Plaintiff's Reply Memorandum of Law in Further Support of His Motion Regarding the Sufficientcy [*sic*] of Town Defendants' Privilege Log ("Pl.'s Reply Mem."), DE [250], 12-13. Analyzing the Amended Privilege Log, the Court finds that a revised log must be produced.

      1.  <u>The Sufficiency of the Amended Privilege Log</u>

The Court has thoroughly reviewed the Amended Privilege Log and its deficiencies are immediately glaring. To start, numerous entries fail to identify any date. *See* Amended Privilege Log entries 013, 078, 079, 080, 081; *see also Exp.-Imp. Bank of the U.S. v. Asia Pulp & Paper Co.*, 232 F.R.D. 103, 111 (S.D.N.Y. 2005) (privilege log inadequate, in part, where some entries were undated). Moreover, the log does not identify the sender, recipient, or their respective titles, on certain documents. *See* Amended Privilege Log entries 001, 002, 013, 041, 050-053, 077, 078, 079, 080, 081, 185, 246, 378-382, 506, 548-550, 794-795; *see also Go*, 280 F.R.D. at 175 ("However, the privilege log is insufficient the extent it fails to identify the identities, titles, and roles of the authors, recipients, and those CC'ed on these communications.") (internal quotation marks omitted); *Trudeau*, 237 F.R.D. at 334 (finding a privilege log deficient where "there are no descriptions as to the identities of the sender and recipient of the documents . . . ."). Certain of these entries list the sender or recipient as "unsigned," "illegible," or "unknown"—begging the question whether the privilege has been waived—and some entries fail to identify whether an attorney created or received the document. *See, e.g.*, Amended Privilege Log entries

041 (only information provided is that it is handwritten notes with phone message dated 12/2/88 regarding "Norton Article 78 Litigation"); 78, 79, 80, 81 (only information listed is that the documents are handwritten notes regarding "Norton Litigation; Law Enforcement"). Although the Court recognizes that a document may be privileged even if an attorney is not on the correspondence, nothing on the log indicates whether these documents were prepared for the purposes of obtaining legal advice or in anticipation of litigation, and thus there is no explanation as to why they should be considered privileged. *See, e.g.*, *Koumoulis v. Indep. Fin. Mktg. Grp., Inc.*, 295 F.R.D. 28, 43 (E.D.N.Y. 2013) ("Most of the documents on their privilege log were sent from a non-attorney—usually Ms. Mellon or Ms. Bakke—and there is no explanation offered for why their writings should be considered attorney work product.").

The descriptions and subject matter of the documents provide no greater insight into whether the documents are privileged. Defendants list the subject matter of a majority of the documents as either "Norton Litigation," "Law Enforcement," "Norton Article 78 Litigation," and "Litigation." Although the Court does not doubt that they are about these topics in some way, the log fails to explain whether they were created for the purposes of obtaining legal advice, contain legal advice, sought out legal advice, or were prepared in anticipation of litigation. Other descriptions contain no reference to the litigation at all, describing the subject matter solely as "Privilege Memo from Hertha Trotto, Esq." or simply "Hertha Trotto." *See* Amended Privilege Log entries 056, 069, 605, 1212. As a whole, "Defendants' privilege log

provides insufficient information as to the third factor required for finding that the attorney-client privilege applies: whether the communications' predominant purpose was to obtain or provide legal advice." *Koumoulis*, 295 F.R.D. at 43; *see also Bowne of N.Y. City, Inc.*, 150 F.R.D. at 474–75 (finding privilege log inadequate where "[n]othing on the log informs us whether the document contains legal advice or was prepared to elicit legal advice from others"). It is similarly so for Defendants' work-product assertion, as the log does not indicate that the documents were created in anticipation of litigation.

The references to "handwritten notes" on the Privilege Log are similarly inadequate. In certain instances, Defendants log a document and indicate that it contains "handwritten notes," but fail to identify who wrote the note, when it was written, or what the note is regarding. *See* Amended Privilege Log entries 035, 049, 055, 077, 603, 816. Information surrounding these handwritten notes is particularly important here, as the Court already found that the privileges as to three documents were waived due to revealing them to individuals who did not need to know their contents. Without a proper log of the information for each handwritten note, Plaintiff is unable to accurately assess whether the privileges apply. *See Koumoulis*, 295 F.R.D. at 48–49 (instructing the defendants to amend their privilege log to identify who wrote handwritten notes on documents).

Finally, a handful of entries are almost entirely blank. *See, e.g.*, Amended Privilege Log entries 078-081 (undated documents with no recipient or sender described solely as "[h]andwritten notes" about "Norton Article 78 Litigation; Law

Enforcement"); 379-382 (undated documents with no recipient or sender described solely as "[h]andwritten notes and dates" about "Law Enforcement – People v Howard Norton"). For these entries, the "dearth of information within the Logs is so incomplete that the listings therein are the functional equivalent of no listing at all." *Trudea*, 237 F.R.D. at 334 (citing *A.I.A. Holdings,* 2000 WL 1538003, at *3) (alterations omitted).

Accordingly, for the reasons set forth above, the Court finds that the Amended Privilege Log is inadequate.

2. <u>Defendants' Objections</u>

Defendants hardly address whether the Amended Privilege Log is sufficient, but rather argue that a log is unnecessary due to prior privilege determinations by the Court and because Norton waived his right to a log via a stipulation. The Court disagrees.

Defendants' initially assert that prior findings of privilege, particularly Judge Boyle's August 22, 2000 Order and this Court's September 18, 2015 Order declining to revisit Judge Boyle's determination, as well as both Judge Garaufis's and Judge Chen's affirmations of those orders, preclude this motion. There is no dispute that Judge Boyle held that the documents that embody the Amended Privilege Log are privileged,[4] and that this Court declined to revisit that determination fifteen years later. *See* 8/22/2000 Order; 9/18/2015 Mem. and Order. However, it is possible that,

---

[4] Although Judge Boyle's Order does not state whether he reviewed every document on the Amended Privilege Log, Defendants assert that Judge Boyle reviewed "all of the logged documents," which Plaintiff does not dispute. *See* Def.'s Mem. Law at 8.

during the seventeen years after Judge Boyle's Order, the documents have been shown to other individuals and thus the asserted privileges have been waived. Indeed, this was the case as to three documents the Court ordered be produced on September 18, 2015. *See* 9/18/2015 Mem. and Order. An accurate privilege log may reveal such instances of waiver, and, to the extent that it might, Plaintiff is entitled to that information.[5] *See Bowne of N.Y. City, Inc.*, 150 F.R.D. at 474–75 (finding a log insufficient where it did not identify "whether the document was intended to be kept confidential and whether it was in fact so held").

Moreover, Defendants' argument that Norton waived his right to a privilege log in a stipulation is unavailing. Counsel for both parties entered into a Privilege Log Stipulation (the "Stipulation"), agreeing that documents subject to either work product protection or the attorney-client privilege need not be logged as it would be "unduly burdensome."[6] *See* Serfaty Decl. at Ex. A ("Privilege Log Stipulation"), DE [249-2]. The Stipulation also states, however, that a privilege log is not necessary for those documents "unless requested by either party in writing identifying the documents to be logged." *Id.* Plaintiff formally demanded that these documents be memorialized in a privilege log, both by way of a letter to Defendants

---

[5] Defendants argue that waiver regarding the applicability of documents would not be apparent on a privilege log. *See* Def.'s Mem. Law at 3. Again, the Court disagrees. At the very least, the log indicates that certain documents contain handwritten notes, demonstrating that they were shown to other individuals after their creation. As set forth above, there is little information on the log regarding the context of these handwritten notes, and further information may reveal a potential waiver.

[6] Although the Privilege Log Stipulation submitted by Defendants is only signed by attorney Edward M. Ross, Plaintiff does not dispute that the parties are bound by the document.

on December 9, 2015, and by filing this motion. *See* Declaration of Rick Ostrove ("Ostrove Decl."), DE [248-1], at Ex. 6 ("December 9, 2015 Letter"), at 9. Accordingly, Norton exercised his right, as allowed under the Stipulation, to demand a privilege log. Further, this determination does not "chill" parties from entering into discovery stipulations as Defendants suggest, *see* Def.'s Mem. Law at 5, but rather upholds the plain meaning of the parties' agreement as written.[7]

As such, the Court rejects Defendants' arguments lodged against Plaintiff as to the *Norton I* Amended Privilege Log.

### 3. Remedy

At the outset, and despite Plaintiff's advocating, the Court declines to deem all privileges waived. A finding of waiver is inappropriate where there is a reasonable dispute as to the privileges asserted, and, in light of the Court's request that this motion be fully briefed, it cannot be said that there is no appreciable disagreement between parties. *See Trudeau*, 237 F.R.D. at 335 (finding preclusion "too austere a remedy when the deficiencies can be readily rectified at this juncture" specifically where the Court could "appreciate . . . the disputation on the privilege").

Instead, Defendants are directed to promulgate a revised privilege log, which, considering the recent waiver, must include all individuals who had access to the

---

[7] Defendants also place weight on the "whereas" clauses in the Stipulation, arguing that they are binding concessions on behalf of Plaintiff as they identify the production of privileged communications as "unduly burdensome" and that "litigation documents and counsel's communications with their own respective clients are voluminous and are clearly protected by attorney-client or attorney work product privileges." *See* Def.'s Mem. Law at 10; Stipulation. These clauses, however, do not contradict the express carve out in the Stipulation that either party may "in writing identify[] the documents to be logged." *See* Stipulation. Moreover, insomuch as Defendants are asserting that Plaintiff admitted that production of a log is "unduly burdensome," this concern is addressed in Section III.C along with other discovery considerations.

documents and when that access was provided. *See Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Servicecenter of Haverstraw, Inc.*, No. 02 CIV. 0504, 2003 WL 22110281, at *3 (S.D.N.Y. Sept. 10, 2003) ("Accordingly, allegations of privilege are to be compiled into a privilege log, which identifies the date of the documents, who drafted the documents, the nature of the substance of the documents and each person who has been given access to or a copy of the documents, and the date on which any such access or copy was provided.") (internal quotation marks omitted). In addition, the Court directs Defendants to identify where each of the documents were kept and who had access to that location. For the sake of clarity, the revised privilege log must outline for each document *and* handwritten note: (1) the date of creation; (2) the identity of each person who created and received the document, including those copied on it, and the title of each individual; (3) a more elaborate description, without revealing the substance of the communications, as to the basis of the privilege(s); (4) the subject matter of the document; (5) the privilege(s) being asserted; (6) where the document was kept; and (7) each person who has been given access to each of the document's locations and the date that access was provided.

Finally, to the extent this information is not readily apparent on the face of the document, Defendants may submit an affidavit by counsel setting forth "sufficient detail to permit a judgment as to whether the document is protected from disclosure." *Saliga v. Chemtura Corp.*, No. 3:12CV832, 2013 WL 6247219, at *1 (D. Conn. Nov. 26, 2013); *see also In re Circle K Corp.*, 199 B.R. 92, 99 (Bankr. S.D.N.Y. 1996), *aff'd,* No. 96 CIV. 5801, 1997 WL 31197 (S.D.N.Y. Jan. 28, 1997) (finding that an affidavit

by counsel "supplie[d] the missing information" in a privilege log regarding whether documents were prepared in anticipation of litigation); *Bowne of N.Y. City, Inc.*, 150 F.R.D. at 474 (explaining that an affidavit may be used to fill in information in a log including "the relationship between the individuals listed in the log and the litigating parties, the maintenance of confidentiality and the reasons for any disclosures of the document to individuals not normally within the privileged relationship . . . .").

## B. Documents Dated February 27, 1999 to August 23, 2003

Norton also seeks a privilege log for documents dated February 27, 1999 through August 23, 2003, the day the prosecution was dismissed. Defendants object to this request, and, in the alternative, offer a categorical privilege log which they claim is sufficient.[8] *See* Serfaty Decl. at Ex. D, Defendant Torn of Islip's Privilege Log ("Categorical Privilege Log"). Defendants claim that the withheld documents from within this time period are protected by the attorney-client privilege, work product doctrine, and/or the deliberative process privilege. For the reasons set forth herein, Norton's motion is also granted as to the documents dated within this time period.

### 1. Defendants' Objections

As it is undisputed that Defendants have not produced a privilege log, the Court turns directly to Defendants' objections. Initially, they claim that the

---

[8] A categorical privilege log is one where common documents are grouped into different classes, rather than logging each document on an individual basis, and is permitted by the Local Civil Rules. *See* Local Civil Rule 26.2(c) ("[W]hen asserting privilege on the same basis with respect to multiple documents, it is presumptively proper to provide the information required by this rule by group or category."); *see also Chevron Corp. v. Salazar*, No. 11 CIV. 3718, 2011 WL 4388326, at *1 (S.D.N.Y. Sept. 20, 2011) (categorical log which "described groups of documents withheld on grounds of attorney-client privilege or work product immunity").

Stipulation also bars a privilege log for this second set of documents. *See* Def.'s Mem. Law at 14-16. The Court disagrees for the same reasons set forth above, as on March 18, 2016, Norton notified the Town Attorney in writing that he was "never provided with a privilege log for certain time periods, specifically from the date of the last document identified on the *Norton I* privilege log until the commencement of *Norton II*." *See* Ostrove Decl. at Ex. 8 ("3/8/2016 Letter"), 4. This notification, along with the filing of the instant motion, is a sufficient demand that all documents dated within the relevant time period be logged as permitted under the Stipulation.[9]

Similarly, Defendants argue that Norton waived his right via a statement by his former counsel. In May 2014, former counsel for Plaintiff conducted an on-site inspection of documents, including the prosecutor file, at the Town Attorney's office. *See* Def.'s Mem. Law at 16-17. Prior to the inspection, Defendants wrote an e-mail to Plaintiff's counsel stating that "you have agreed not to include the Town Attorney prosecutor file in this request (because that file is highly likely to contain privileged materials, it is too difficult and time consuming to separate it out again, and the Town has already produced a copy of the responsive non-privileged materials and a

---

[9] Defendants also claim that the Stipulation only applies to documents where the parties dispute the asserted privilege. *See* Def.'s Mem. Law at 16 ("[E]ven plaintiff's counsel acknowledged that the Stipulation's limited 'carve out' applied as to a specific document as to which plaintiff was individually 'disputing' the privilege.") They point to a conversation held on the record at the deposition of Defendant Ronald P. Stabile, Jr. between Plaintiff's counsel and Serfaty, where Plaintiff's counsel requested a privilege log for a document, Serfaty invoked the Stipulation, and Norton's counsel explained that the Stipulation applies "[u]nless we're disputing the privilege of the communication . . . ." *See* Serfaty Decl. at Ex. K ("Stabile Dep."), at 10. However, nowhere in the Stipulation does it state that either party may request a privilege log only if there is a dispute, and, in any event, Plaintiff does appear to dispute whether the documents are privileged. *See* Pl.'s Mem. Law at 12-13 (explaining how, without any information regarding the documents, Norton cannot decipher whether the documents are privileged).

privilege log of the prosecutor file.)." *See* Serfaty Decl. at Ex. J ("May 12, 2014 E-mail"). Plaintiff's counsel confirmed, indicating via e-mail that "[y]ou are correct that we have agreed not to include the Town Attorney prosecutor file in this request." *Id.* Norton's counsel's statement, however, only references the request as to the on-site inspection, and, in any event, nothing in this limited communication operates as a waiver of a privilege log for documents dated over a four-year span.

Defendants also argue that a log is unnecessary because all the documents are "core litigation documents," labelling Plaintiff's request "outrageous." *See* Def.'s Mem. Law at 12. Defendants' argument misses the mark. Even if the documents are core litigation materials, the Federal Rules require parties to describe documents withheld on grounds of privilege to "enable other parties to assess the claim." *See* Fed. R. Civ. P. 26(b)(5)(A)(ii). To that end, Courts have ordered the production of a privilege log despite that the correspondence likely consisted of privileged materials. *See City of N.Y. v. Fedex Ground Package Sys., Inc.*, No. 13 CIV. 9173, 2016 WL 1718261, at *4 (S.D.N.Y. Apr. 27, 2016) (upholding an order directing plaintiff to produce a privilege log for "internal law-office communications" that appeared inherently privileged); *Lopez v. City of N.Y.*, No. 05-CV-3624, 2007 WL 869590, at *3 (E.D.N.Y. Mar. 20, 2007) (finding a privilege log necessary even where the documents were protected by the work product privilege). As such, Norton's request is hardly "outrageous."

Moreover, Defendants reliance on *S.E.C. v. Thrasher* is unpersuasive. There, the Court found a privilege log unnecessary where the plaintiff requested

communications between defense counsel regarding the lawsuit, as they were "very probably" protected "by the attorney-client privilege." 1996 WL 125661, at *1 (S.D.N.Y. 1996). In reaching this conclusion, the Court weighed the defendant's argument that the files are "extremely voluminous" and that a log might "reveal some aspects of his litigation strategy," against the plaintiff's failure to "explain what benefit it will gain from a detailed document-by-document log." *Id.* at *1-*2. Here, however, Defendants have not established the amount of documents they would need to review, and Plaintiff has offered appropriate justifications for the log. *See* Pl.'s Mem. Law at 13 ("Plaintiff should not be forced to guess at the universe of documents withheld during the time when decisions were being made to continue the criminal prosecution. Nor should Plaintiff have to guess about who has seen or had access to these documents . . . ."). Accordingly, *Thrasher* does not warrant an order absolving Defendants of their obligation to promulgate a privilege log. Rather, Plaintiff's request is reasonable. *See Davis v. Hunt Leibert Jacobson P.C.*, No. 3:12CV1102, 2016 WL 3349629, at *3 (D. Conn. June 10, 2016) ("The purpose of preparing the privilege log is to enable the Court and the parties to make an intelligent decision as to whether a privilege exists . . . .") (internal quotation marks and alterations omitted).

As such, the Court is not persuaded by Defendants' objections that no log should be produced for February 27, 1999 through August 23, 2003.[10]

---

[10] Defendants also argue that discovery of these documents is unnecessary, as Plaintiff's "'at issue' waiver argument is meritless" and because he already has access to numerous documents from *Norton I*. *See* Def.'s Mem. Law at 19-20. These issues are better addressed, should Defendants choose to raise them, in opposition to Norton's forthcoming motion to compel.

2. Categorical Privilege Log

In the alternative, Defendants argue that a categorical log is sufficient for these withheld documents, submitting a three-page Categorical Privilege Log with their opposition. *See* Categorical Privilege Log. Both the Federal and Local Rules permit categorical privilege logs. *See Auto. Club of N.Y., Inc. v. Port Auth. of N.Y. & New Jersey*, 297 F.R.D. 55, 59 (S.D.N.Y. 2013) ("Fed.R.Civ.P. 26 applies with the same force to a categorical log as it does to a traditional log that lists each document individually."); Local Civil Rule 26.2(c) (allowing parties to log documents categorically "when asserting privilege on the same basis with respect to multiple documents"). Similar to the standard governing individualized logs, "a categorical privilege log is adequate if it provides information about the nature of the withheld documents sufficient to enable the receiving party to make an intelligent determination about the validity of the assertion of the privilege." *Auto. Club of N.Y., Inc.*, 297 F.R.D. at 59; *see also Orbit One Commc'ns, Inc. v. Numerex Corp.*, 255 F.R.D. 98, 109 (S.D.N.Y. 2008) (categorical privilege log must include information to "justify its assertion of privilege with regard to each category, and the description of each category must provide sufficient information for [defendant] to assess any potential objections to the assertions of attorney-client privilege."). In determining whether a categorical log is appropriate, Courts consider whether its justification is "directly proportional to the number of documents withheld." *See Auto. Club of N.Y., Inc.*, 297 F.R.D. at 60; *see, e.g., In re Imperial Corp. of Am.*, 174 F.R.D. 475, 478 (S.D. Cal. 1997)

(allowing a categorical privilege log where the documents ranges in the "hundreds of thousands, if not millions").

Here, Defendants have failed to identify the universe of documents that exist for the time period from February 27, 1999 to April 23, 2003, and therefore the Court is unable to determine whether a categorical privilege log is appropriate in light of the needs of this case. *See Assured Guar. Mun. Corp. v. UBS Real Estate Sec. Inc.*, No. 12 CIV. 1579, 2013 WL 1195545, at *9 (S.D.N.Y. Mar. 25, 2013) ("[C]ourts in this district have endorsed a categorical approach in providing a privilege log to reduce [burden and expense.]").  Moreover, the substance of the Categorical Privilege Log is deficient.  Specifically, although the log touches upon legal matters by listing subject matter of documents as "[d]rafts of legal papers" and "scheduling and preparation of deposition," there are also vague references to "notes," "memoranda," and "correspondence and other communications."  *See* Categorical Privilege Log.  The entries in the log fail to provide enough information to permit Norton to make an intelligent assessment of whether the documents were created for the purposes of obtaining legal advice, in anticipation of litigation, or, as part of a protected deliberative process (which is asserted only for this log) "reflect[ing] the personal opinions of their authors, rather than the stated policy of the agency."  *See Auto. Club of New York*, 297 F.R.D. at 61.

Accordingly, and particularly as Defendants fail to inform the Court as to the universe of documents, the Court rejects Defendants' request that their categorical privilege log be accepted as sufficient. *See id.* at 60 (finding that "an assessment of a

categorical privilege log should also include a determination of whether a categorical log is appropriate"). Rather, they are instructed to produce an individualized log consistent with the directives for the Amended Privilege Log set forth above.

### C. Discovery Principles

Finally, Defendants argue that the Court should exercise its discretion in denying Norton's motion in light of Fed. R. Civ. P. 26(b)(2)(C), which allows the court to limit discovery if it is unreasonably cumulative, burdensome, and not proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(2)(C); Def.'s Mem. Law at 5. The Court is cognizant that the parties in this action have spent significant time and resources litigating this matter. The importance of a privilege log, however, cannot be understated, as "[a]n invocation of a claim of privilege without producing an accompanying privilege log can be an unfair discovery tactic that increases delay in the resolution of lawsuits, fosters excessive motion practice, increases the costs of litigation, and greatly increases the work of the court." *See Horace Mann Ins. Co. v. Nationwide Mut. Ins. Co.*, 240 F.R.D. 44, 47 (D. Conn. 2007). And, considering the recently discovered instances of waiver, a thorough privilege log that allows Norton to analyze the merits of the privileges asserted is necessary to bring discovery in this matter to a close.

## IV. CONCLUSION

For the reasons set forth above, on or before **April 8, 2017**, Defendants are to produce a document-by-document privilege log for both relevant time periods consistent with the instructions set forth in this Memorandum and Order. Failure to

do so may result in a waiver of the privileges claimed.  A status conference is set for

**May 8, 2017 at 10:00 A.M.**, at which time the Court will set a briefing schedule for

Plaintiff's final motion to compel.

Dated:      Central Islip, New York      **SO ORDERED:**
               March 9, 2017


  s/ Steven I. Locke
STEVEN I. LOCKE
United States Magistrate Judge