UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
HOWARD NORTON,

                       Plaintiff,

            -against-

TOWN OF ISLIP, COUNTY OF SUFFOLK,
JOANNE HUML, *individually and in her
official capacity as a Town of Islip Assistant
Town Attorney and Director of the Division
of Law Enforcement of the Town of Islip
Office of the Town Attorney,*
RONALD P. STABILE, JR., *individually
and in his official capacity as Investigator
for the Town of Islip Office of the
Town Attorney,*

                    Defendants.
------------------------------------------------------------X

**MEMORANDUM AND
ORDER**
CV 04-3079 (PKC) (SIL)

**STEVEN I. LOCKE, United States Magistrate Judge:**

Presently before the Court are Plaintiff Howard Norton's ("Norton" or "Plaintiff") and Defendants' Town of Islip (the "Town"), Joanne Huml ("Huml"), and Ronald P. Stabile, Jr. ("Stabile") (collectively the "Town Defendants") cross-motions to compel discovery. *See* Plaintiff's Omnibus Motion to Compel, DE [267]; the Town Defendants' Memorandum of Opposition and Notice of Joint Cross Motion ("Defs.' Opp."), DE [268]. For the reasons below, Norton's motion to compel is granted in part and denied in part. Specifically, Plaintiff's motion is granted insofar as the Town Defendants are directed to provide supplemental interrogatory responses and produce witnesses for limited continued depositions. However, Norton's request for an additional on-site inspection of documents is denied. Further,

on or before **November 14, 2018**, the Town Defendants shall produce revised privilege logs consistent with the instructions set forth herein. The failure to adequately comply with this Order may result in waiver of the asserted privileges. Defendant County of Suffolk (the "County") is directed to verify its interrogatory responses and provide supplemental responses and documents on or before **November 14, 2018,** and produce a witness for a limited deposition as detailed below.

The Town Defendants' motion to compel is also granted in part and denied in part. Plaintiff is directed to produce a privilege log on or before **November 14, 2018** and responses to certain contention interrogatories, both as detailed herein. A status conference is set for **November 28, 2018 at 11:00 A.M.** in Courtroom 820 of the Central Islip courthouse at which time the Court will enter an amended scheduling order consistent with the parties' remaining discovery obligations.

## I. RELEVANT BACKGROUND

This action (referred to here as "*Norton II*") is one in a series of civil rights lawsuits commenced by Norton against the Town, the County of Suffolk and various Town officials. The Court does not delve into the complex and long-running saga of the *Norton* litigations as familiarity with the underlying facts is presumed. Nonetheless, the following facts are relevant to the current motions.

In 1997, the Town commenced a criminal action against Plaintiff relating to his use of real property as a two-family dwelling allegedly violating the last issued certificate of occupancy. *See* Memorandum and Order ("3/27/2009 Mem. and Order"),

DE [104], 3-4.  One year later, Norton commenced a Section 1983 action relating to that prosecution ("*Norton I*").  *Id.* at 5.  As part of discovery in *Norton I*, a privilege log was created for documents dated September 14, 1988 through February 26, 1999.

In 2000, the Honorable E. Thomas Boyle, Magistrate Judge, conducted an in-camera review of the documents listed on the above privilege log and found that all but a handful of the documents are protected by the attorney-client privilege and/or work-product doctrine.  *See* 98-CV-6745, Order ("8/22/2000 Order"), DE [42].  Magistrate Judge Boyle's finding was subsequently affirmed by the then-assigned District Judge Nicholas G. Garaufis.  *See* 98-CV-6745, DE [67].

In January 2003, Judge Garaufis issued a judgment in *Norton I* for Plaintiff holding that the Town had denied him procedural due process, and that the certificate of occupancy that formed the basis of the criminal action was not the last validly issued certificate of occupancy.  *See* 3/27/2009 Mem. and Order at 6.  The Town, however, did not initially withdraw the criminal action against Norton, and the criminal matter was not dismissed until April 23, 2003.  *Id.*

In 2004, Norton commenced this malicious prosecution action (*Norton II*), largely over the Town's continuance of the criminal case despite the Court's decision in *Norton I*.  Discovery was halted early on and subsequently stayed until 2012.  *See* DE [149].  After initial dispositive motion practice, Plaintiff's federal claims against the individual Town Defendants were dismissed on either absolute or qualified immunity grounds.  But Norton's state-law malicious prosecution cause of action

against the individual Town Defendants and his *Monell* claims against the Town and County remain.

Discovery resumed, and in 2013, Counsel for both parties entered into a Privilege Log Stipulation (the "Stipulation"), agreeing that documents subject to either work product protection or the attorney-client privilege need not be logged as it would be "unduly burdensome." *See* Serfaty Decl. at Ex. A ("Privilege Log Stipulation"), DE [249-2]. The Stipulation also states, however, that a privilege log is unnecessary for those documents "unless requested by either party in writing identifying the documents to be logged." *Id.*

On September 12, 2014, the Court denied without prejudice the Town Defendants' motion to compel responses to interrogatories concluding that the subject requests were contention interrogatories to be answered at the end of discovery.[1] *See* Minute Entry dated September 12, 2014, DE [200].

On April 17, 2015, Plaintiff moved to compel the Town Defendants to disclose three documents, which had been previously deemed privileged by Judge Boyle. *See* Motion for Discovery re Waiver or Loss of Privilege ("4/17/2015 Letter Motion"), DE [210]. The Court conducted an in-camera review of the three documents, and, although agreeing with Judge Boyle that the documents were privileged, found that the privilege had been waived because the documents were shown to other Town officials who were not on a "need to know" basis, as well as potentially the public.

---

[1] On March 21, 2005, this action was reassigned from Magistrate Judge Boyle to Magistrate Judge William Wall. *See* Electronic Order dated March 21, 2005. On July 31, 2014, this action was then reassigned from Magistrate Judge Wall to this Court. *See* Electronic Order dated July 31, 2014.

*See* Memorandum and Order ("9/18/2015 Mem. and Order"), DE [221]. As a result, the Town Defendants were directed to produce the documents. *See* Electronic Order dated 3/3/2016. The Town Defendants moved for reconsideration, which was denied by this Court, *see* DE [222, 227], and later filed Rule 72 Objections to this Court's decision in front of the presently-assigned District Judge Pamela K. Chen. *See* DE [231]. Judge Chen adopted this Court's findings and directed the Town Defendants to produce the documents. *See* Electronic Order dated 3/3/2016. Norton later formally demanded that documents subject to either work product protection or the attorney-client privilege be memorialized in a privilege log on December 9, 2015. *See* Declaration of Rick Ostrove ("Ostrove Decl."), DE [248-1], at Ex. 6, at 9.

Plaintiff then moved to compel the Town Defendants to cure deficiencies in the *Norton I* privilege log for withheld documents dated September 14, 1988 through February 26, 1999 and produce a log for withheld documents dated February 27, 1999 through April 23, 2003 (the date that the criminal action was dismissed). *See* April 5, 2016 Letter Motion ("4/5/16 Letter Motion"), DE [239]. Norton argued, in part, that he has "a number of reasons to believe waiver has occurred," including the Court's prior ruling that privilege on three documents had been waived. *Id.*

On March 9, 2017, the Court granted Norton's motion to compel. *See* Memorandum and Order ("3/9/2017 Mem. and Order"), DE [256]. The Court directed the Town Defendants to produce privilege logs for withheld documents for both above periods. *See id.* The Court directed that the revised logs should detail where each document was kept, include all individuals who had access to the

documents and when that access was provided. *See id.* Further, the Court instructed that the logs must outline for each document and handwritten note: (1) the date of creation; (2) the identity of each person who created and received the document, including those copied on it, and the title of each individual; (3) a more elaborate description, without revealing the substance of the communications, about the basis of the privilege(s); (4) the subject matter of the document; (5) the privilege(s) being asserted; (6) where the document was kept; and (7) each person who has been given access to each of the document's locations and the date that access was provided. *See id.* On April 7, 2017, in response to the March 9, 2017 Order, the Town Defendants provided Norton with both a privilege log for withheld documents dated February 27, 1999 through April 23, 2003 (the "Town of Islip's Privilege Log") and a supplemental *Norton I* privilege log for withheld documents dated September 14, 1988 through February 26, 1999 (the "Town of Islip's Supplemental *Norton I* privilege log").

On November 27, 2017, Plaintiff filed this motion to compel. *See* Plaintiff's Omnibus Motion to Compel, DE [267]. Norton argues that the Town Defendants have violated the March 9, 2017 Order, and thus privilege has been waived because:

> (a) The logs fail to properly set forth which individuals had access to the privileged documents;
> (b) Individuals lacking a need-to-know had access to the documents;
> (c) The logs fail to identify the author, date of creation or subject matter of the of certain documents;
> (d) The logs excluded certain documents from the Town's prosecution file; and
> (e) The assertion of a good faith defense to Plaintiff's state-law malicious prosecution claims results in a waiver of privilege.

*See* Plaintiff's Memorandum of Law in Support ("Pl.'s Mem."), DE [267-67]. Plaintiff

also seeks an order compelling the Town Defendants to:

> (a) Provide complete responses to Plaintiff's interrogatories;
> (b) Produce former zoning inspector Creglin Olmeda's personal notes regarding his inspection of Plaintiff's property;
> (c) Provide access for an on-site inspection of the Town offices; and
> (d) Produce a 30(b)(6) witness on behalf of the Town, Stabile and Huml for continued depositions.

*See id.*

Norton further seeks additional documents and responses to his discovery

requests from the County. *See id.* Specifically, Plaintiff seeks the following

documents:

> (a) **Document Request No. 39**: Any Suffolk County District Attorney's Office criminal action training related documents for County or Town personnel, including, but not limited to manuals, policies, memorandum, guidance material, and the like.
>
> (b) **Document Request No. 40**: Any Suffolk County District Attorney's Office criminal action related documents for County or Town supervisory personnel, including, but not limited to manuals, Policies, memorandum, guidance material, and the like.

Norton also seeks to compel the County to provide verified responses to his

April 19, 2016 Interrogatories as well as supplemental responses to:

> (a) **Interrogatory No. 7**: State whether the County has a system. for processing Complaints concerning State Court criminal prosecutions by Suffolk County towns and villages, and if so, describe the process in specific factual detail.
>
> (b) **Interrogatory No. 14**: State whether [the County has] know[ledge of] the process for the review of accusatory instruments issued in the Town or Islip Office of the Town Attorney and the Town Attorney's office Code Enforcement Division, and if so, include the names of any specific persons who would review such accusatory instruments, including the identity of any manuals, memorandum training and guidance material

7

reflecting State Court Policies, State Policies, County Policies or Town Policies and any like material concerning the extent of State Court review of Accusatory instruments prior to arraignment of defendants.

(c) **Interrogatory No. 15**: State and describe in specific factual details all actions [the County] took concerning Plaintiffs criminal prosecution.

(d) **Interrogatory No. 16**: State whether You know the type of certificate of occupancy or certificate of compliance records which the Town of Islip used and uses to commence and to continue criminal court proceedings and the process and procedure the Town has used and uses in obtaining such records; and if so identify and describe the same.

(e) **Interrogatory No. 22**: Describe all manuals, State Law, County Code, Town Code, State Policy, State Court Policy, County Policy, Town Policy, process and procedure, memorandum, training and guidance material, and the like by which Suffolk County District Attorney's office personnel receive and record Complaints regarding private property.

*See* Pl.'s Mem. at 30-38. Norton further demands "all Town, Town Code § 68-40 prosecution/court related documents." *See id.* at 32. The County has responded to the above by alternately: (i) objecting based on the requests being overbroad, unduly burdensome, not relevant, and that the relevant timeframe is not sufficiently defined; or (ii) claiming that the documents are not in their possession. *See id.* at 30-38. Finally, Plaintiff demands a further deposition of the County's 30(b)(6) witness. *See id.* at 34-35.

The Town Defendants oppose Norton's motion and cross-move seeking a privilege log of documents in Norton's possession that have been withheld based on privilege and responses to contention interrogatories. *See* the Town Defendants'

Memorandum of Opposition and Notice of Joint Cross Motion, DE [268]. Specifically, the Town Defendants seek responses to the following:

(a) **Contention Interrogatory No. 1:** Identify, specify and describe in detail all of the bases on which plaintiff claims defendant Sherman engaged in bad faith or acted with malice against plaintiff, including, but not limited to, by identifying, specifying and describing in detail all actions undertaken personally by defendant Sherman about which plaintiff complains in this action.

(b) **Contention Interrogatory No. 2:** Identify, specify and describe in detail all of the bases on which plaintiff claims defendant Stabile engaged in bad faith or acted with malice against plaintiff, including, but not limited to, by identifying, specifying and describing in detail all actions undertaken personally by defendant Stabile about which plaintiff complains in this action.

(c) **Contention Interrogatory No. 3:** Identify, specify and describe in detail all of the bases on which plaintiff claims defendant Huml engaged in bad faith or acted with malice against plaintiff, including, but not limited to, by identifying, specifying and describing in detail all actions undertaken personally by defendant Huml about which plaintiff complains in this action.

(d) **Contention Interrogatory No. 4:** Identify, specify and describe in detail all of the bases on which plaintiff claims defendant Town engaged in bad faith or acted with malice against plaintiff, including, but not limited to, by identifying, specifying and describing in detail all actions undertaken by any persons by or on behalf of the Town. [*sic*] defendant Sherman about which plaintiff complains in this action.

(e) **Contention Interrogatory No. 5:** Identify, specify and describe in detail all of the bases on which plaintiff claims that any other defendant engaged in bad faith or acted with malice against plaintiff, including, but not limited to, by identifying, specifying and describing in detail all actions undertaken personally by such defendant about which plaintiff complains.

(f) **Contention Interrogatory No. 6:** For each individual who is named as a defendant, identify, specify and describe in detail all of the bases on which plaintiff claims there is a continuing need for the declaratory judgment which is sought against them.

The County has not submitted any papers in opposition to Plaintiff's motion to compel

or in support of the Town Defendants' cross-motion.

## II.    LEGAL STANDARDS

A. <u>General Discovery Standards and Document Demands</u>

Pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 26:

> Parties may obtain discovery regarding any nonprivileged matter that
> is relevant to any party's claim or defense and proportional to the needs
> of the case, considering the importance of the issues at stake in the
> action, the amount in controversy, the parties' relative access to relevant
> information, the parties' resources, the importance of the discovery in
> resolving the issues, and whether the burden or expense of the proposed
> discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

Information "is relevant if:  (a) it has any tendency to make a fact more or less

probable than it would be without the evidence; and (b) the fact is of consequence in

determining the action."  *Vaigasi v. Solow Mgmt. Corp.*, No. 11 Civ. 5088, 2016 WL

616386, at *11 (S.D.N.Y. Feb. 16, 2016) (quoting Fed. R. Evid. 401).  Further, Federal

Rule 34 requires a party to produce all responsive documents within the scope of Rule

26 within its "possession, custody, or control."  *See* Fed. R. Civ. P. 34(a) ("A party may

serve on any other party a request within the scope of Rule 26(b) . . . to produce and

permit the requesting party or its representative to inspect, copy, test, or sample the

following items in the responding party's possession, custody, or control . . . .").

Finally, it is well-established that "[m]otions to compel are left to the court's sound

discretion."  *Mirra v. Jordan*, No. 13-CV-5519, 2016 WL 889683, at *2 (S.D.N.Y. Feb.

23, 2016); *see also Liberty Mut. Ins. Co. v. Kohler Co.*, No. 08-CV-867, 2010 WL

1930270, at *2 (E.D.N.Y. May 11, 2010) ("[A] motion to compel is entrusted to the sound discretion of the district court.").

B. Interrogatories

Federal Rule of Civil Procedure 33 permits a party to serve no more than 25 written interrogatories, including discrete subparts. Fed. R. Civ. P. 33(a)(1). An interrogatory may relate to any matter that may be inquired into under Federal Rule of Civil Procedure 26(b)(1). The general aim of this discovery device is to "expeditiously narrow the scope of the litigation, reduce the element of surprise, serve as admissions for trial, and in a significant matter avoid unnecessary discovery and minimize expense." *Trueman v. New York State Canal Corp.*, No. 09-cv-049, 2010 WL 681341, at *2 (N.D.N.Y. Feb. 24, 2010). To that end, the responding party is required to answer each interrogatory "separately and fully under oath." Fed. R. Civ. P. 33(b)(3). Thus, the Rule explicitly requires the responding parties to "provide the best answer they can based upon information within their possession." *Trueman*, 2010 WL 681341, at *2 (citing Fed. R. Civ. P. 33(b)(3)).

To ensure that each interrogatory is answered "separately" and "fully," *see* Fed. R. Civ. P. 33(b)(3), the responding party is required "to make an inquiry and obtain information to answer the interrogatories which would include obtaining the information to fully and completely answer the interrogatories . . . ." *Edebali v. Bankers Standard Ins. Co.*, No. 14-cv-7095, 2016 WL 4621077, at *2 (E.D.N.Y. Sept. 6, 2016) (internal citations omitted). Where a party, despite conducting a diligent inquiry, is nevertheless unable to provide a responsive answer, any efforts used should be set forth in detail to ensure a sufficient response is

interposed. *Id.* Further, "an answer to an interrogatory must be completed within itself and, it should be in a form that may be used at trial." *Id.* As a result, [r]eference to depositions, other answers to the interrogatories, other document production, the complaint itself, or any other documents are improper and thus unresponsive." *Trueman*, 2010 WL 681341, at *3.

"An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact." Fed. R. Civ. P. 33(a)(2). Grounds for objections to interrogatories must be stated with specificity. Fed. R. Civ. P. 33(b)(4). If examining documents from which the answer to an interrogatory may be ascertained would be no more burdensome to one party than the other, the responding party may answer by specifying the records that contain the answer. *See* Fed. R. Civ. P. 33(d). To effectively resist responding to an interrogatory, a party must show "specifically how, despite the broad and liberal construction afforded [by] the federal discovery rules, each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive, . . . by submitting affidavits or offering evidence revealing the nature of the burden." *Pegoraro v. Marrero*, 281 F.R.D. 122, 128 (S.D.N.Y. 2012).

C. <u>Assertions of Privilege</u>

Pursuant to Federal Rule of Civil Procedure 26(b)(5)(A), a party who withholds documents on the account of privilege must "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A). Consistent with the Federal

Rule, courts typically require that parties provide a detailed privilege log for all documents withheld. *See Trudeau v. N.Y. State Consumer Prot. Bd.*, 237 F.R.D. 325, 334 (N.D.N.Y. 2006) ("In this respect, and in order to evaluate and facilitate the determination of whether a privilege exists, courts generally require compliance with this statutory mandate [of Fed. R. Civ. P. 26(b)(5)] that an adequately detailed privilege log be provided."). Fed. R. Civ. P. 26 is further supplemented by Local Civil Rule 26.2, which requires that a party withholding documents on the grounds of privilege set forth: "(i) the type of document, *e.g.*, letter or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) the author of the document, the addressees of the document, and any other recipients, and, where not apparent, the relationship of the author, addressees, and recipients to each other . . . ." Local Civil Rule 26.2(a)(2)(A); *see also Go v. Rockefeller Univ.*, 280 F.R.D. 165, 174 (S.D.N.Y. 2012) (citing Fed. R. Civ. P. 26(b)(5) and Local Civil Rule 26.2 in analyzing the sufficiency of a privilege log).

Compliance with "the requirements of the Federal and Local Rules," however, "is insufficient, standing alone . . . ." *Favors v. Cuomo*, 285 F.R.D. 187, 221 (E.D.N.Y. 2012). In assessing the adequacy of a privilege log, Courts must also ask whether it "suffice[s] to establish each element of the privilege or immunity that is claimed." *A.I.A. Holdings, S.A. v. Lehman Bros.*, No. 97CIV4978, 2000 WL 1538003, at *2 (S.D.N.Y. Oct. 17, 2000) (quoting *Golden Trade, S.r.L. v. Lee Apparel Co.,* 90 Civ. 6291, 1992 WL 367070, at *5 (S.D.N.Y. Nov. 20, 1992)); *see also Bowne of N.Y. City, Inc. v. AmBase Corp.*, 150 F.R.D. 465, 474 (S.D.N.Y. 1993) (explaining that a privilege

log should "identify each document and the individuals who were parties to the communications, providing sufficient detail to permit a judgment as to whether the document is at least potentially protected from disclosure"). Moreover, the burden of establishing the elements of the purported privilege rests on the party asserting the protection from disclosure. *See Favors*, 285 F.R.D. at 221 ("[T]he proponent of the privilege bears the burden of establishing, for each document, those facts that are essential elements of the claimed privilege or privileges.") (internal quotation marks omitted).

The Town Defendants assert that the documents are withheld on the grounds of attorney-client privilege, attorney work product protection, and/or deliberative process privilege. The attorney–client privilege protects from disclosure "confidential communications made for the purpose of obtaining legal advice." *McGrath v. Nassau Cty. Health Care Corp.*, 204 F.R.D. 240, 243 (E.D.N.Y. 2001) (internal quotation omitted). The party opposing disclosure "has the burden of establishing privilege by showing, '(1) a communication between client and counsel that (2) was intended to be and was in fact kept confidential, and (3) was made for the purpose of obtaining or providing legal advice.'" *Jacob v. Duane Reade, Inc.*, No. 11 Civ. 160, 2012 WL 651536, at *2 (S.D.N.Y. Feb. 28, 2012) (quoting *In re Cty. of Erie*, 473 F.3d 413, 419 (2d Cir. 2007)).

The work-product doctrine protects from disclosure "documents prepared 'in anticipation of litigation or for trial by or for [a] party or by or for that . . . party's representative.'" *Ruotolo v. City of New York*, No. 03 Civ. 5045, 2005 WL 823015, at

*1 (S.D.N.Y. Apr. 7, 2005) (quoting Fed. R. Civ. P. 26(b)(3)). The Second Circuit construes the phrase "in anticipation of litigation" to mean that, "in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained *because of* the prospect of litigation." *United States v. Adlman*, 134 F.3d 1194, 1202 (2d Cir. 1998) (emphasis in original) (citations omitted).

Finally, the deliberative process privilege "protects advisory opinions, recommendations, proposals, suggestions, and draft and subjective documents that reflect personal opinions [of officials] rather than those of a governmental agency." *Alleyne v. N.Y. State Educ. Dep't*, 248 F.R.D. 383, 387 (N.D.N.Y. 2008); *see also Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8-9, 121 S. Ct. 1060, 1065 (2001) ("The deliberative process privilege rests on the obvious realization that officials will not communicate candidly among themselves if each remark is a potential item of discovery and front page news, and its object is to enhance the quality of agency decisions . . . by protecting open and frank discussion among those who make them within the Government . . . ."). (internal quotation marks and citations omitted). It applies to documents that are: "(1) an inter-agency or intra-agency document; (2) predecisional; and (3) deliberative." *Tigue v. U.S. Dep't of Justice*, 312 F.3d 70, 76 (2d Cir. 2002) (internal quotation marks omitted).

## III. DISCUSSION

Applying the above standards, and for the reasons below, Norton's motion to compel is granted in part and denied in part and the Town Defendants' motion to

compel is granted in part and denied in part. The Court considers each motion in turn.

A. <u>Norton's Motion to Compel</u>

Plaintiff preliminarily argues that the Town Defendants have waived privilege on a variety of grounds, including failure to comply with the March 9. 2017 Order. Norton also seeks supplementary interrogatory responses as well as a second on-site inspection of the Town Attorney's office and continued depositions of the Town, Stabile and Huml.

## 1. Waiver of Documents Withheld on Privilege grounds

At the onset, the Court concludes that the revised privilege logs do not comply with the March 9, 2017 Order for failure to provide sufficient detail regarding access to the subject documents. However, the revised logs otherwise satisfy the March 9, 2017 Order and waiver based on the assertion of a good faith defense or various purported deficiencies within the logs is inappropriate.

Turning first to access of the documents, the revised privilege logs states that:

> All of the documents logged . . . were obtained from the secure files of the Town Attorney's Office located at the second floor of the Islip Town Hall building at 655 Main Street, Islip [ . . . . ] All communications with Town departments and divisions of departments outside of the Town Attorney's Office . . . are known not to have been in the files of those departments or divisions, and were instead kept in the files of the Town Attorney's Office, since at least 1998 . . . [and] there is no reason to believe that any of the documents to or from departments or divisions outside of the Town Attorney's Office were accessed by or accessible to anyone other than the officials in those offices to whom the documents were addressed . . . .

Town of Islip's Supplemental *Norton I* Privilege Log, DE [267-5], at 1-2; *see also* Town of Islip's Privilege Log, DE [267-6].

The revised privilege logs fail to adequately state details of who was provided access to the subject documents and when this access was granted. Instead, the Town Defendants have summarily stated that "there is no reason to believe" that the privileged documents were accessed by anyone other than those individuals and offices to whom they were addressed. In other words, the declaration supplies the court only with the Town Defendants' conclusion that the documents were distributed on a need to know basis rather than providing evidence that would support the Court reaching that outcome, such as what steps were taken to assure that confidentiality was maintained.

Considering the Town Defendants' previous waiver was due to access of privileged documents to individuals who did not "need to know," the Court is unable to credit the Town Defendants' conclusion about access of the subject documents absent personal knowledge, a chain of custody or more information on the policies and procedures about access that were in place. And because of the deficiencies identified above, the Court is, once again, unable to determine whether privilege has been waived by improper access granted to individuals without a need to know.

That said, the privilege logs otherwise satisfy the March 9, 2017 Order. Plaintiff argues that the revised logs are deficient in that some documents from the prosecution file are omitted and that certain entries fail to identify properly the creation date of some documents, as well as their author or subject matter. The Court disagrees. As set forth in the Town's privilege log, the contents of the prosecution file were logged in the Town of Islip's Supplemental Norton I Privilege Log and the Town

Defendants certify that the entirety of the prosecution file has either been disclosed or logged. *See* Defs.' Opp. at 27-28. Further, the other at-issue entries, while perhaps otherwise deficient about the date of creation or author, sufficiently reveal that the documents were created in anticipation of litigation or to obtain legal advice as to invoke the work product and/or attorney-client privileges.[2] *See, e.g.*, Supplemental Norton I Privilege Log, Nos. 50-53 (failing to identify a specific author but stating that the document was created by the Building Division's administrative staff regarding Plaintiff's 1988 Article 78 proceeding).

Norton's argument that the Town Defendants have waived privilege based on the assertion of a good faith defense over Plaintiff's state-law malicious prosecution claim also lacks merit. As set forth above, Norton's remaining claim against Huml and Stabile is a state-law malicious prosecution claim. Unlike the federal standard for qualified immunity, which requires "objectively reasonable reliance on existing law, . . . the New York standard [ . . . ] has both objective and subjective components." *Lore v. City of Syracuse*, 670 F.3d 127, 166 (2d Cir. 2012) (internal citation omitted). "The objective component distinguishes between official acts that are 'discretionary'

---

[2] The Court is not persuaded by Plaintiff's arguments that the Town Defendants lack standing to assert privilege over the Town's prosecution file. *See* Plaintiff's Memorandum in Support, DE [267-67], at 16, n.26. It is well settled that the New York State legislature has delegated to local municipalities the ability to enforce certain land use regulations. *See, e.g.*, N.Y. Town Law § 268 (granting the proper local authorities of the town the power to "institute any appropriate action or proceedings to prevent" unlawful actions with respect to local land use). Here, the underlying criminal proceeding was initiated and prosecuted by the Town Attorney's Office pursuant to such a delegation of authority. *See* Town Code § 68-40. Accordingly, Plaintiff's argument that the Town Defendants lack standing to assert the work product privilege over the prosecution file is without merit. *See People v. Czakja*, 11 N.Y.2d 253, 254, 228 N.Y.S.2d 809, 810 (1962) ("It is no longer open to question that petty crimes or offenses of this nature may be prosecuted in courts of special sessions by administrative officers and attorneys other than the District Attorney."); *see also* 1963 N.Y. Op. Att'y Gen. No. 122 (Apr. 24, 1963) (affirming the same).

and those that are 'ministerial' . . . making [qualified] immunity available only with respect to those that are discretionary." *Id.* "The subjective component makes qualified immunity entirely unavailable if there are 'undisturbed findings of bad faith.'" *Id.*

Here, the at-issue pre-prosecution documents have been produced and the Town has certified that the logs contain no privileged communications by or to Huml or Stabile or accessed or seen by either of them. Huml and Stabile have also testified to the same. *See* Stabile Deposition, DE [268-13], at 11-15; 74-79; 97-99; 113-114; Stabile Declaration dated February 14, 2013, DE [268-15], ¶¶ 3-5; *see also* Huml Declaration dated February 26, 2013, DE [268-19], ¶¶ 3-8; Huml Deposition, DE [268-20], at 151:17-152:17. Plaintiff thus fails to establish that the assertion of a good faith defense by Huml or Stabile will implicate any documents withheld on the basis of privilege and therefore a finding of waiver is not warranted.[3]

The Court also concludes that waiver of privilege based on the Town Defendants' failure to comply with the March 9, 2017 Order would be too austere a

---

[3] Norton also argues that the Town can be held liable under a theory of *respondeat superior* for the state law malicious prosecution claims brought against the individual Defendants, and therefore, Stabile and Huml's good faith defense is also the Town's defense. As a result, "Plaintiff is entitled to discover the totality of the legal advice available and received by all [D]efendants." *See* Plaintiff's Reply Memorandum of Law, DE [270-34], at 21. This argument misses the mark. As set forth above, neither Stabile nor Huml claim reliance on privileged communications or documents in asserting a good faith defense, and therefore, there is no waiver. *See* Defs.' Opp. at 30-32. As a result, as the Town's culpability for Norton's state law malicious prosecution claim is premised entirely on Stabile and Huml's liability, the individual Defendants' good faith defense does not waive privilege as to any of the Defendants. Plaintiff's reliance on *Foster v. City of New York*, No. 14-cv-4142, 2016 WL 524639, at *1 (S.D.N.Y. Feb. 5, 2016) and *Johnson v. J. Walter Thompson U.S.A., LLC*, No. 16-cv-1805, 2017 WL 3432301, at *1 (S.D.N.Y. Aug. 9, 2017) is similarly misplaced. Both of the above cases involve corporate defendants or municipal entities directly alleged of wrongdoing and invoking a good faith defense on their own behalf. Here, the Town itself is not invoking the good faith defense and its liability is derivative of the alleged wrongdoing of the individual Defendants.

remedy at this point of the litigation. *See Export–Import Bank of United States v. Asia Pulp & Paper Co., Ltd.*, 232 F.R.D. 103, 111 (S.D.N.Y.2005) (although finding the privilege log inadequate, the court directed that a new privilege log be promulgated). As a result, the Town Defendants are directed to serve revised privilege logs accompanied with affidavits from an individual or individuals with knowledge setting forth where each document was kept, including all individuals who had access to the documents and when that access was provided on or before November 14, 2018. For the sake of clarity, the Court is directing the Town Defendants to explain who had access, not just who actually accessed the documents at issue and what was done to maintain confidentiality.[4]

### 2. Plaintiff's Outstanding Requests for Additional Interrogatory Responses, Continued Depositions and an Additional On-Site Inspection

The Court next turns to Norton's outstanding requests for additional interrogatory responses, continued depositions of the Town, Stabile and Huml and a further on-site inspection of the Town Attorney's file. Initially, contrary to the Town Defendants' argument, the Court concludes that Plaintiff's discovery demands are proportional to the needs of the case. *See* Defs.' Opp. at 17-22; Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case.").

---

[4] Specifically, the Court seeks additional information regarding the introductory sections the Town Defendants' privilege logs which speak to the storage and access of the privileged documents. *See* Town of Islip's Supplemental *Norton I* Privilege Log, DE [267-5], at 1-2; Town of Islip's Privilege Log, DE [267-6], at 1-2. These are the sections that should be revised.

"Proportionality focuses on the marginal utility of the discovery sought." *Vaigasi v. Solow Mgmt. Corp.*, No. 11-cv-5088, 2016 WL 616386, at *14 (S.D.N.Y. Feb. 16, 2016). Thus, "[p]roportionality and relevance are 'conjoined' concepts; the greater the relevance of the information in issue, the less likely its discovery will be found to be disproportionate." *Id.*

Here, additional discovery is proportional to the needs of the case. Considering the continued viability of Norton's *Monell* claims, additional disclosure concerning the "interlocking relationship between two tiers of government—the Town and the County—over local prosecutions" is highly relevant and of significant utility to Plaintiff. *Norton v. Town of Islip*, No. 04-cv-3079, 2009 WL 804702, at *27 (E.D.N.Y. Mar. 27, 2009), *rev'd in part*, 378 F. App'x 85 (2d Cir. 2010). Therefore, the current requests are appropriate.[5]

### i. Request for Additional Interrogatory Responses

Norton is entitled to a revised response from the Town Defendants as to his interrogatories. Initially, Plaintiff propounded certain interrogatories and the Town Defendants subsequently responded. Norton then sought clarification of the Town's responses to the interrogatories by inquiring whether the responses apply equally to certificates of compliance. The Town Defendants objected on the basis that the

---

[5] The Court notes that the Town Defendants make much of the length of the ongoing litigation in the context of their proportionately argument. While this case is no doubt old, the length of the litigation is attributable to a number of events including extensive motion practice, numerous appeals, and a lengthy stay, none of which is more attributable to one side or the other. Accordingly, under these circumstances, the Court does not consider the length of the litigation in deciding the parties' cross-motions.

request was not a clarification but rather an altogether new query that exceeds the number of allowable interrogatory requests under Fed. R. Civ. P. 33.

The Court disagrees. As the original interrogatories seek information for both certificates of occupancy and certificates of compliance, Plaintiff's later request directed at certificate of compliance acts to clarify the Town Defendants' response. Therefore, it can hardly be said to constitute an entirely new query.

The Court also directs that the Town Defendants provide a supplemental response to Interrogatory No. 14—which concerns Huml's training and supervision as a "Special Assistant District Attorney" for the County—because in its current form the Town Defendants' response improperly refers to her deposition testimony. *See Trueman*, 2010 WL 681341, at *3 ("Reference to depositions . . . or any other documents are improper and thus unresponsive."). Accordingly, the Town Defendants are directed to provide a response about whether their answers to Interrogatories Nos. 16, 17, 20, 21, 22, 23 and 25 apply equally to certificates of compliance as well provide a supplemental response to Interrogatory No. 14.[6]

### ii. *Continued Deposition of the Town, Stabile and Huml*

Norton's request for continued limited depositions of the Town, Stabile and Huml is also granted. Under Rule 30(a)(2)(B), courts "frequently permit a deposition to be reopened where the witness was inhibited from providing full information at the first deposition" or "where new information comes to light triggering questions

---

[6] The Town Defendants have certified that they have produced all documents in their possession authored by non-party Olmeda. *See* Defs.' Opp. at 35. To the extent that Plaintiff seeks further relief, the Court notes that Plaintiff has preserved his right to file a spoliation motion for the purported destruction of Olmeda's personal notes.

that the discovering party would not have thought to ask at the first deposition." *Keck v. Union Bank of Switzerland*, 1997 WL 411931, at *1 (S.D.N.Y. July 22, 1997). "Courts will typically re-open a deposition where there is new information on which a witness should be questioned." *Official Comm. of Unsecured Creditors of Exeter Holdings, Ltd. v. Haltman*, No. 13-cv-5475, 2016 WL 1180194, at *3 (E.D.N.Y. Mar. 25, 2016). Where the deposition is re-opened because of newly discovered information, the questioning of the witness is limited to the newly produced information. *See Vincent v. Mortman*, No. 04-cv-491, 2006 WL 726680, at *1 (D. Conn. Mar. 17, 2006).

Plaintiff has shown that he has received thousands of documents since the depositions of the Town, Huml and Stabile, including the three claimed privileged documents from the Building Department. Norton is therefore entitled to question Huml and Stabile as well as the Town's 30(b)(6) witness about the newly received documents as well as the prior waiver. *See Ganci v. U.S. Limousine Serv., Ltd.*, No. 10-cv-3027, 2011 WL 4407461, at *2 (E.D.N.Y. Sept. 21, 2011) (reopening deposition for limited questioning about topics learned after the first deposition). Further, the Town Defendants do not dispute that the 30(b)(6) witness was unprepared to answer questions related to the period of 1990 to 2001. *See* Pl.'s Mem. at 38. Consequently, questioning concerning relevant topics during those years is appropriate. As a result, Norton's request for continued depositions of the Town, Stabile and Huml is granted. Accordingly, each witness shall be produced for three additional hours for the purpose of answering questions regarding documents exchanged after the witnesses' initial

deposition and the Town's 30(b)(6) witness shall answer questions as to the Town's policies and practices during the period of 1990 to 2001.

### *iii. Additional On-Site Inspection of the Town's Office and Files*

Plaintiff's request for a second on-site inspection of the Town Law Enforcement and Town Attorney's Office is denied. In 2013, Norton conducted an on-site inspection at various Town departments and divisions outside of the Town Attorney's Office. Plaintiff now seeks to inspect the Town's documents "on-site where they are/were maintained and the manner in which they are/were organized" to develop an anticipated spoliation motion. *See* Pl.'s Mem. at 27. However, Norton fails to articulate why such an inspection is necessary to the filing of his anticipated motion. Further, an on-site inspection will require the physical separation of a significant number of privileged and non-privileged documents. Accordingly, the Court concludes that such a request would be unduly burdensome and Plaintiff's request for a second on-site inspection is denied.[7]

### 3. The County's Purported Outstanding Discovery Issues

The County has not submitted opposition to Norton's motion to compel, and the Court concludes that Plaintiff is entitled to supplementary responses to Interrogatories Nos. 7, 14, 15, 16 and 22 and Document Demands Nos. 3, 4, 24, 39 and 40. The Court also grants Norton's request for a continued deposition of the County's 30(b)(6) witness for a period of five hours for questioning limited to documents exchanged after the initial examination.

---

[7] Such an application is premature in any event given that the Court has not concluded that the Town Defendants have waived any privilege which might support a second inspection.

B. <u>The Town Defendants' Motion to Compel</u>

The Town Defendants seek to compel Plaintiff "to provide a privilege log for all documents which plaintiff refused to produce in response to the Town Defendants' discovery demands on the ground of privilege and stating in such log all persons who had access to such documents" and responses to its contention interrogatories. *See* The Town Defendants' Memorandum of Opposition and Notice of Joint Cross Motion, DE [268]. Plaintiff opposes both requests.

## 1. The Town Defendants' Request for the Privilege Log

Norton argues that the Town Defendants request for a privilege log is untimely and intended solely to harass. The argument is undermined by the chronology of events in this litigation. The March 9, 2017 Order affirmed the continued ability of the 2013 Stipulation to allow any party to demand the production of a privilege log for all withheld documents. *See* 3/9/17 Order at 17. Seventeen days later, on March 26, 2017, the Town Defendants demanded that Plaintiff produce a privilege log for all withheld documents in his possession. *See* March 26, 2017 Demand Letter, DE [268-29]. Considering the March 9, 2017 Order, the Town Defendants' demand, which followed shortly thereafter, cannot be considered untimely. Further, the Town Defendants' are entitled to a privilege log for any documents withheld pursuant to Fed. R. Civ. P. 26(b)(5)(A). Additionally, privileged communications between Plaintiff and his counsel may inform the Town Defendants of Norton's actual knowledge of the disputed notations regarding his certificate of occupancy, which is relevant to his remaining malicious prosecution claim. As a result, the Court is unable to conclude that the demand is intended to harass. Accordingly, Plaintiff is directed to provide a

privilege log of all withheld documents which should contain all the information required for the Town Defendants' privilege log.

## 2. The Town Defendants' Contention Interrogatories

Finally, the Town Defendants seek responses to contention interrogatories propounded earlier in discovery. *See* DE [200]. Plaintiff opposes and argues that answers to Contention Interrogatories Nos. 2, 3 and 4 are inappropriate as they improperly seek information about the individual Town Defendants' affirmative defense. Plaintiff also maintains that he should not be required to respond to Contention Interrogatories Nos. 1, 5 and 6 because they concern Sherman who is no longer a defendant, there are no claims of bad faith or malice against any other individuals or entities, and that Plaintiff has no declaratory claims against any individual defendant, respectively. In response, the Town Defendants withdraw Contention Interrogatory No. 6.

Plaintiff need not respond to Contention Interrogatories Nos. 2, 3 and 4 as they improperly inquire as to the basis of the Town's affirmative "good faith" defense to Plaintiff's state law malicious prosecution cause of action and is not an element of Plaintiff's claim. *See In re Facebook, Inc.*, No. 12-cv-2389, 2016 WL 5080152, at *4 (S.D.N.Y. July 7, 2016) ("these contention interrogatories therefore amount to a collection of information akin to defendants' affirmative defense. It would be inappropriate to require plaintiffs to devise a theory for an element which is not required for their *prima facie* case"). But Norton has failed to cite any case law or Federal Rule of Civil Procedure as to establish that he need not respond to Contention

Interrogatories Nos. 1 and 5. Accordingly, the Court directs that Plaintiff respond to the Town Defendants' Contention Interrogatories Nos. 1 and 5.

## IV. CONCLUSION

For the reasons set forth above, Norton's Motion to Compel is granted in part and denied in part and the Town Defendants' motion is granted in part and denied in part. On or before **November 14, 2018**, the Town Defendants shall produce revised privilege logs for both time periods consistent with the instructions set forth above. The failure of the Town Defendants to properly comply with this Order may result in waiver of the asserted privileges. On or before that same date, Norton is also directed to produce a privilege log for all documents withheld based on privilege consistent with the requirements for the Town Defendants' privilege logs. A status conference is set for **November 28, 2018 at 11:00 A.M.** in Courtroom 820 of the Central Islip courthouse at which time the Court will enter an amended scheduling order consistent with the parties' discovery obligations as discussed above.


Dated:      Central Islip, New York          **SO ORDERED:**
            September 27, 2018




             s/ Steven I. Locke
            STEVEN I. LOCKE
            United States Magistrate Judge