# EXHIBIT 9



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
HOWARD NORTON,

                       Plaintiff,

                                    CV 04-3079 (PKC)(WDW)
   - against -

                                    PLAINTIFF'S FIRST REQUEST
TOWN OF ISLIP, et al.,                    FOR THE PRODUCTION OF
                                    DOCUMENTS TO
               Defendants.           TOWN OF ISLIP
------------------------------------------------------------------X

       PLEASE TAKE NOTICE, that pursuant to Rule 26(b) and Rule 34 of the Federal Rules

of Civil Procedure, and Local Civil Rules 26.2 and 26.3, Plaintiff HOWARD NORTON

(hereafter referred to as "Plaintiff" or "Norton"), by his attorneys Leeds Brown Law, P.C.,

hereby request that Defendant Town of Islip produce the documents identified below at the law

offices of Leeds Brown Law, P.C.. Answers to these document requests must be served by

August 5, 2013.

## INSTRUCTIONS

1.     The following document requests incorporate by reference the required disclosures set

        forth in Rule 26(a), to the extent You have not already made such disclosures.

2.     This document request is to be answered by You to the extent all the documents and

        information that are or may be available to You, or any person, employee, agent,

        expert, accountant or attorney who has acted or is now acting on Your behalf.

3.     Each document request shall be accorded a separate answer. Each answer shall first set

        forth verbatim the request to which it is responsive. Moreover, each document produced

1

with respect to the Town's proposed or actual Determination regarding the Premises Legal Nonconforming Use.

35. All documents that constitute or reflect notice to any owner of the Premises that the Premises' certificate of occupancy or compliance was or will be modified to include the Revoking Notations.

36. All documents that concern or discuss the placement of the following notations ("Revoking Notations") on any document related to Plaintiff or the Premises:

> *Fire to Structure 26 Mar 84 Premises vacated Repair Fire Damage Permit Required Prior to Reoccupancy
>
> *Rental permit for two-family DENIED 23 Mar 88 Non-conforming use of two-family lost due to non-use in excess of one consecutive year and failure to apply for repair permits. Denial sustained by SCS court 27 Feb 89. Withdrawal from Court of Appeals 23 Mar 90.

37. Provide a date and time (within the time period to produce) to inspect the true and original version of all certificates of occupancy or compliance for the Premises (including the back side(s), the front side(s) and the certification(s)).

38. Provide a date and time (within the time period to produce) to inspect any templates (or what is referred to as the cardboard copy on file) for the creation of a certificate of occupancy or compliance for the Premises

39. Provide a date and time (within the time period to produce) to inspect all documents regarding the Premises stored on microfiche (by or from the following: Town's Department of Building and Engineering; Town Department of Building and Engineering Building Division; Town Department of Planning and Development, Town Department of Planning, Development Building Division, Town Public Safety Department and Town

10

Public Safety Department Division of Code Enforcement, Town Attorney's office or Town Attorney's office Code Enforcement Division.

40. Provide a date and time (within the time period to produce) to inspect the complete files on the Premises, including any and all file and jacket notations contained on or in such files that were or is currently in the possession of the Town Department of Building and Engineering; Town Department of Building and Engineering Building Division; Town Department of Planning and Development, Town Department of Planning, Development Building Division, Town Public Safety Department, Town Public Safety Department Division of Code Enforcement, Town Attorney's office or Town Attorney's office Code Enforcement Division files.

41. All documents concerning or reflecting the issuance of an accusatory instrument accusing Plaintiff of violating § 68-40 of the Code.

42. The entire document that constitutes the last-issued certificate of occupancy for the Premises.

43. All notebooks, journal entries, or logbooks reflecting the issuance of any version of the certificate of occupancy or compliance for the Premises held by the Town Department of Building and Engineering; Town Department of Building and Engineering Building Division; Town Department of Planning and Development, Town Department of Planning, Development Building Division, Town Public Safety Department, Town Public Safety Department Division of Code Enforcement, Town Attorney's office or Town Attorney's office Code Enforcement Division.

44. All documents dated March 27, 1990, from Hertha C. Trotto, Assistant Town Attorney to C. John DeSalvo, Assistant Town Attorney, concerning the Premises.

11